IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOANNE AUGST-JOHNSON, NANCY REEVES, DEBRA SHAW, JAN TYLER, CHERYL GUISTINIANO, and LAURIE BLACKBURN,**<br><br>**Plaintiffs**<br>v.<br><br>**MORGAN STANLEY DW, INC.**<br>2000 West Chester Avenue<br>Purchase, New York 10577<br><br>**Defendant.** | CIVIL ACTION NO.  1:06-cv-01142 (RWR)<br><br>ELECTRONICALLY FILED |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT MORGAN STANLEY DW, INC.**

Defendant Morgan Stanley DW, Inc. ("Defendant" or "Morgan Stanley"), by and through its attorneys, Morgan Lewis & Bockius LLP, hereby responds to the Complaint of Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Guistiniano, and Laurie Blackburn (collectively, "Plaintiffs") in accordance with the numbered paragraphs thereof as follows:

**INTRODUCTION**

1. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied.  Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to any terms and conditions of employment.

## PARTIES

2.     Except to admit that Plaintiff Augst-Johnson is a female, Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph. Defendant admits the allegations set forth in the second sentence of this paragraph, except to state that Plaintiff Augst-Johnson was employed from December 3, 1999 until January 3, 2006.

3.     Except to admit that Plaintiff Reeves is a female, Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph. Defendant admits the allegations set forth in the second sentence of this paragraph, except to state that Plaintiff Reeves was employed from July 27, 1987 until July 9, 2004 and that Plaintiff was a Financial Advisor Trainee through December 1, 1987.

4.     Except to admit that Plaintiff Shaw is a female, Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph. Defendant admits the allegations set forth in the second sentence of this paragraph, except to state that Plaintiff Shaw was employed from February 15, 1991 until January 7, 2005 and that Plaintiff formerly was employed by Morgan Stanley in a non-exempt position from May 1, 1985 until August 30, 1985.

5.     Except to admit that Plaintiff Tyler is a female, Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph. Defendant admits the allegations set forth in the second sentence of this paragraph, except to state that Plaintiff Tyler was employed from

October 20, 1986 until August 15, 2005 and that Plaintiff was a Financial Advisor Trainee through March 1, 1987.

6. Except to admit that Plaintiff Guistiniano is a female, Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph. Defendant admits the allegations set forth in the second sentence of this paragraph, except to state that Plaintiff Guistiniano was employed from July 21, 1999 until August 15, 2005.

7. Except to admit that Plaintiff Blackburn is a female, Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph. Defendant admits the allegations set forth in the second sentence of this paragraph, except to state that Plaintiff Blackburn was employed from April 15, 1996 until August 15, 2005 and that Plaintiff was a Financial Advisor Trainee through August 16, 1996.

8. Admitted.

**JURISDICTION**

9. Except to admit that Plaintiffs purport to bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and, with respect to Plaintiffs Reeves, Tyler and Shaw, under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), Defendant states that the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. Defendant admits that Plaintiffs have each filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant states that the allegation regarding whether Plaintiffs "filed timely charges" is a conclusion of law to which no responsive pleading is required and, therefore, the allegation is denied. The remaining allegations of this paragraph purport to characterize documents that speak for themselves and, therefore, no responsive pleading is required. To the extent the allegations are inconsistent with, or different from the actual written documents, the allegations are denied.

11. Except to admit that Plaintiffs have each requested and/or received notices of right to sue from the EEOC and other administrative agencies, Defendant states that the remaining allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied.

**FACTS**

12. Denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to compensation, promotion, business opportunities, training and mentoring, account assignments, participation in partnership arrangements, or other terms and conditions of employment.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## CLASS ACTION ALLEGATIONS

18. Defendant admits that Plaintiffs purport to represent, pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), a nationwide class consisting of "All women employed by Morgan Stanley as financial advisors at any time between August 5, 2003 and the present." Defendant specifically denies that certification of such a class is appropriate.

19. Defendants admit that the class, as defined by Plaintiffs, would exceed 3,000 women. Defendant states that the remaining allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied.

20. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to any terms and conditions of employment.

21. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to any terms and conditions of employment.

22. Except to admit that Plaintiffs are represented by counsel experienced in litigating major class actions in the field of employment discrimination, Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph. Morgan Stanley reserves the right to challenge Plaintiffs' allegations regarding their adequacy to represent the putative class.

23. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to any terms and conditions of employment.

24. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to any terms and conditions of employment.

## COUNT I
## CLASS CLAIMS (GENDER)

25. Defendant incorporates its responses to Paragraphs 1-24 as if fully set forth herein.

26. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied.

27. Denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to compensation, promotion, business opportunities, training and mentoring, account assignments, participation in partnership arrangements, or other terms and conditions of employment.

28. Denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to compensation, promotion, business opportunities, training and mentoring, account assignments, participation in partnership arrangements, or other terms and conditions of employment.

29. Denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to compensation, promotion, business opportunities, training and mentoring, account assignments, participation in partnership arrangements, or other terms and conditions of employment, or that any of its practices have had an adverse impact of denying female Financial Advisors equal career advancement and other employment opportunities on account of their gender.

30. Denied. Morgan Stanley specifically denies that it discriminated against the named plaintiffs or that it has engaged in a pattern, practice and policy of discriminating against female Financial Advisors with respect to compensation, promotion, business opportunities, training and mentoring, account assignments, participation in partnership arrangements, or other terms and conditions of employment. Morgan Stanley denies that

Plaintiffs and members of the putative class have suffered damages or are threatened with any future injury or loss of any nature.

## COUNT II

### INDIVIDUAL CLAIMS OF TYLER, GUISTINIANO AND BLACKBURN (GENDER)

31. Defendant incorporates its responses to Paragraphs 1-17 as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied. Morgan Stanley specifically denies that it discriminated against Plaintiffs Tyler, Guistiniano or Blackburn, and that Plaintiffs have suffered damages.

## COUNT III

### INDIVIDUAL CLAIMS OF REEVES, TYLER, AND SHAW (AGE)

35. Defendant incorporates its responses to Paragraphs 1-17 and 32 as if fully set forth herein.

36. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied.

37. Denied.

38. Denied.

39. Denied. Morgan Stanley specifically denies that it discriminated against Plaintiffs Reeves, Tyler, or Shaw, and that Plaintiffs have suffered damages.

Defendant denies that Plaintiffs are entitled to any of the damages or relief requested by them in the "Prayer for Relief" following Paragraph 39 of the Complaint, subparagraphs 1 through 10 included. Defendant denies any of the allegations set forth in the Complaint to the extent not specifically denied or admitted herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims are barred, in whole or in part, to the extent that they, or any of them, did not exhaust administrative remedies.

2. Plaintiffs' claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charges of discrimination Plaintiffs filed with the Equal Employment Opportunity Commission or state/local agencies, as applicable.

3. Any injury caused to Plaintiffs was due in whole or in part to Plaintiffs' own actions, inaction, and/or the negligence or acts of third parties.

4. All of Defendant's actions toward Plaintiffs were taken based upon legitimate, non-discriminatory reasons

5. Plaintiffs' claims are barred, in whole or in part, because Morgan Stanley exercised reasonable care to prevent and promptly correct any improper conduct, and Plaintiff unreasonably failed to avail themselves of the preventative and corrective opportunities provided by Morgan Stanley.

6. To the extent Plaintiffs can prove or establish a *prima facie* claim of gender discrimination based on disparate impact, which Defendant denies, Defendant's actions with respect to Plaintiffs were job-related and consistent with business necessity.

7. Plaintiffs cannot recover punitive damages because, at all relevant times, Morgan Stanley made a good-faith effort to comply with all applicable discrimination statutes.

9

8. Plaintiffs' request for relief is barred or diminished to the extent that Plaintiffs have failed to mitigate damages, if any.

9. Plaintiffs' damages are barred in whole or in part by the doctrine of after-acquired evidence.

10. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, laches, estoppel, waiver or other equitable defenses.

## RESERVATION OF RIGHTS

To the extent not set forth herein, Morgan Stanley reserves the right to assert additional defenses that become available or apparent during discovery and to amend its Answer accordingly.

**WHEREFORE**, Morgan Stanley respectfully requests that the Court dismiss the Complaint and enter judgment in its favor, together with the costs of this action, including reasonable attorneys' fees.

Respectfully submitted,

Dated: November 13, 2006

    s/ Grace E. Speights
Grace E. Speights (D.C. Bar # 392091)
Mark S. Dichter, *Pro Hac Vice*
Kenneth J. Turnbull, *Pro Hac Vice*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
202.739.3000

Counsel for Defendant Morgan Stanley DW Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 13th day of November, 2006, a true and correct copy of the foregoing Answer and Affirmative Defenses was filed electronically and was served via e-mail and First-Class U.S. mail upon the following:

Cyrus Mehri
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
Email: cmehri@findjustice.com

Steven M. Sprenger
SPRENGER & LANG, PLLC
1400 I Street, NW
Suite 500
Washington, DC 20005
Email: ssprenger@sprengerlang.com

Mara R. Thompson
SPRENGER & LANG, PLLC
310 Fourth Avenue, South
Suite 600
Minneapolis, MN 55415
 mthompson@sprengerlang.com

Christopher M. Moody
and Whitney Warner
MOODY & WARNER, P.C.
4169 Montgomery Boulevard, NE
Albuquerque, NM 87109
Email: moody@nmlaborlaw.com; warner@nmlaborlaw.com

                                                __s/ Grace E. Speights_____
                                                  Grace E. Speights