IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOANNE AUGST-JOHNSON, NANCY REEVES, DEBRA SHAW, JAN TYLER, CHERYL GUISTINIANO, and LAURIE BLACKBURN,<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY DW INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:06-cv-01142 (RWR/DAR)<br><br>CLASS ACTION |

**JOINT EMERGENCY APPLICATION FOR AN INJUNCTION**

I. **INTRODUCTION**

In an effort to resolve this class action, the parties have engaged in a confidential mediation utilizing an experienced class action mediator. The parties provided regular reports on the status of the mediation to United States Magistrate Judge Deborah A. Robinson. To facilitate the mediation and settlement discussions, the parties entered into confidentiality agreements. The mediation and settlement discussions have resulted in a settlement about to be memorialized in a formal settlement agreement and a motion for preliminary approval of the class settlement.

Vonna Husby ("Husby"), a plaintiff in an individual sex discrimination case pending against Morgan Stanley DW Inc. ("Morgan Stanley" or "Defendant"), obtained a court order from an Alaska State Court compelling Morgan Stanley to produce, no later than April 9, 2007, an index of documents and "information" exchanged during the confidential mediation in this case. All the parties to the mediation, including Morgan Stanley, should be enjoined from

producing such an index, or otherwise disclosing what was exchanged or communicated during the mediation, because of the confidentiality agreements and the mediation privilege.

During the mediation and settlement discussions, the parties exchanged information with the expectation that the information exchanged would be subject to the privileges surrounding settlement talks and mediation. Strong public policy considerations favor allowing parties to negotiate settlements free from intrusions into the process. As an example of this strong public policy, Local Civil Rule 84.9 specifically protects information exchanged under the U.S. District Court's mediation program from being produced in discovery. The information requested by Husby is particularly intrusive since it asks for a list of what Plaintiffs' counsel obtained from Morgan Stanley in the confidential settlement process, which is a *per se* window into the work product of the Plaintiffs in this action. The parties would likely suffer irreparable harm if the confidential information, which includes attorney work product, is disclosed to a third party.

There is a strong public policy in favor of open communication during mediation without fear of disclosure. The parties will suffer hardship from disclosure because future settlement communications will be guarded and less effective. Accordingly, the parties respectfully request that the Court grant this emergency application and enter an Order enjoining the parties from disclosing what was discussed and exchanged during the mediation and settlement discussions because to do so would violate the parties' mediation confidentiality agreements and would run afoul of the principles articulated in Local Civil Rule 84.9.

## II. STATEMENT OF FACTS

### A. In Conjunction With Their Settlement Negotiations and Mediation, The Parties Entered Into Confidentiality Agreements.

In connection with the settlement negotiations and mediation, the parties signed a Confidentiality Agreement agreeing that:

> . . . all communications or information exchanged during the
> Settlement Discussions, including but not limited to computer
> generated reports and databases, facts, positions, settlement offers,
> or settlement terms shall constitute 'Confidential Information' . . .

(Declaration of Mark S. Dichter ("Dichter Decl.") ¶ 2, Exh. A, ¶ 1.) Under Paragraph 2 of the Confidentiality Agreement, the parties further agreed that:

> ... **[a]ll Confidential Information will be kept strictly
> confidential and will be used solely for purposes of the
> Settlement Discussions. Confidential information shall not be
> disclosed to any person other than** [individuals involved with the
> mediation].

(*Id.* ¶ 2, Exh. A, ¶ 2.)

To facilitate their settlement discussions, the parties engaged the services of a prominent mediator, Hunter Hughes, Esq., to assist with the discussions. (*Id.* ¶ 3.) In connection with the mediation, the parties in this action entered into a Mediation Agreement which states that "[n]otes and any other materials generated during the conference by the Mediator, the parties, or otherwise in connection with the mediation shall be confidential and will not be subpoenaed by any party." (*Id.* ¶ 4, Exh. B, p.2.)

### B. Plaintiff Husby Seeks Discovery of the Index of All Documents and Information Exchanged In the Settlement Discussions and Mediation In This Case.

In a separate matter unconnected to this action, Plaintiff Husby filed an individual action against Morgan Stanley in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-05-7823 CI on May 12, 2005. (Dichter Decl. ¶ 5.) Husby did not conduct any discovery in her Alaska State Court case until January 18, 2007 (over 1 1/2 years after she filed her case), on which date she served three (3) Interrogatories and three (3) Requests for Production of Documents on Morgan Stanley. (Dichter Decl. ¶ 6.) Husby's First Request for Production of Documents states as follows:

> REQUEST FOR PRODUCTION NO. 1: Reference is made to that litigation referred to *Joanne August [sic] et al v. Morgan Stanley DW, Inc.*, Case No. 06-G-01142-RWR (D.D.C.), United States District Court For The District of Columbia, as referred to by Morgan Stanley in its Joint Case Management Report, filed in *Jaffe v. Morgan Stanley DW, Inc.*, United States District Court for the Northern District of California, Case No. 3:06-cv-03903-TEH at Docket 43, page 3 and the statements "***Throughout the settlement discussions in the D.C. Action, the parties have exchanged voluminous data and information and have made significant progress towards settlement***" and "***…there has been an extensive exchange of information in the DC action over the past 18 months***" please produce an index to all documents and information exchanged in that litigation as referenced in these statements.

(Dichter Decl. ¶ 6, Exh. C, p. 5, emphasis added.). Morgan Stanley objected to this request.

On February 27, 2007, in response to Morgan Stanley's objections, Husby filed a motion to compel production of the documents sought in Document Request No. 1. (*Id.* ¶ 8). Morgan Stanley opposed Husby's motion. (*Id.*) The Alaska State Court, however, granted Husby's motion to compel, requiring Morgan Stanley to produce an index of the documents and information exchanged during the settlement negotiations and mediation in this case by April 9, 2007. (*Id.* ¶ 8, Exh. D, p. 2.)

### C. The Parties in This Case are at a Critical Stage in Their Mediation and Settlement Negotiations.

As reported to the Court on February 25, 2007, the parties reached a settlement of this case and are in the process of negotiating the formal settlement papers. Disclosure of the information and documents exchanged during those ongoing settlement negotiations and mediation would cause substantial irreparable harm.

### III. ARGUMENT

#### A. Mediation Privilege and Confidentiality Agreements Should Preclude The Disclosure of What Was Discussed or Exchanged During The Confidential Settlement Negotiations and Mediation In This Case.

The "mediation privilege," a well-established doctrine in the federal courts, prohibits the

disclosure of any information exchanged in the context of a mediation. *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1179 (C.D. Cal. 1998) (stating that almost every state and the District of Columbia have adopted a mediation privilege of one type or another). As an example of this principle, Local Civil Rule 84.9 of this Court protects information exchanged during a court mediation from being disclosed. It provides that:

> (1) The Court hereby prohibits the mediator, all counsel and parties and any other persons attending the mediation from disclosing any written or oral communications made in connection with or during any mediation session.
>
> *   *   *
>
> (3) Information acquired through mediation shall not be used for any purpose, including impeachment, in any pending or future proceeding in this ***or any other court or forum*** . . .

LCvR 84.9 (emphasis added).

Furthermore, courts in this district have adopted Local Civil Rule 84.9 as a type of mediation privilege to emphasize the importance of maintaining the confidentiality of mediation communications. *See Franklin-Mason v. Dalton*, No. 96-2505, 2006 U.S. Dist. LEXIS 11389, at *8, n.5 (D.D.C. Mar. 21, 2006) (stating that Local Rule 84.9 provides for confidential negotiations during mediation); *Pleasants v. Allbaugh*, No. 00-3094, 2004 U.S. Dist. LEXIS 29448, at *31 (D.D.C. Aug. 30, 2004) (noting that Local Rule 84.9 establishes the confidentiality of mediation sessions).

The *Folb* case is particularly instructive here. Similar to the circumstances in the instant case, the plaintiff in the *Folb* case sought a confidential mediation brief and other confidential mediation information from an unrelated suit to which she was not a party. 16 F.Supp.2d at 1167. The parties to the mediation at issue in the *Folb* case had signed a contract agreeing to maintain the confidentiality of the mediation, which further parallels the circumstances of this

case. *Id.* at 1166. The *Folb* court applied the mediation privilege prohibiting the disclosure of the confidential mediation-related information because of the need for "confidence and trust" during mediation so that the process is effective. *Id.* at 1176, 1180. The same analysis should apply here given the similar facts.

Given that the mediation privilege and the Local Rules of this Court prohibit a party from disclosing confidential mediation-related information to any third party or in any other court or proceeding, this Court should enjoin the parties from disclosing what was discussed or exchanged during the mediation and settlement discussions to any party and, specifically, from having to produce the index sought by Husby in her state court action. Husby's document request does not ask for any documents or information specific to her claim. Rather, it is limited to a request for an **identification** of the confidential information disclosed during a private mediation, which is protected by the mediation privilege. Accordingly, this Court should apply the mediation privilege and the principles of Local Civil Rule 84.9 to maintain the confidentiality of what was exchanged during the mediation and settlement discussions.

### B.     The Parties Are Threatened With Immediate Irreparable Harm.

The parties will suffer irreparable harm in this case for several reasons. First, unless Morgan Stanley is enjoined from producing confidential information in the Alaska State Court action on April 9, 2007, the parties' confidentiality and mediation agreements will be abrogated and counsel will suffer disclosure of their confidential, attorney work product. Such a result would be in direct conflict with the purposes of rules like Local Civil Rule 84.9, which are intended to shelter mediations from discovery and would have a chilling effect on future mediation discussions since parties to mediations could not negotiate knowing that the information they share during mediation is protected. For example, in this case, Plaintiffs'

counsel made particularized requests for data, documents, and facts from Morgan Stanley during the mediation and settlement discussions which contain their thoughts and impressions about key information in the case. Additionally, the information the parties' counsel communicated and exchanged during the mediation also contains their thoughts and impressions (*i.e.*, work product) about their respective position in the case. The disclosure of this work product would result in intangible damages that are impossible to quantify. The parties would not have an adequate remedy at law for such damages. Indeed, the parties acknowledged this issue when they signed the confidentiality agreement before the mediation. Moreover, any disclosure of confidential information is irreversible once it occurs. Finally, the parties could waive any protections under the confidentiality agreement if forced to disclose information protected by the agreement. *Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003) (stating that knowing disclosure to a third party almost invariably surrenders any privilege or confidentiality with respect to the "world at large"). Accordingly, any disclosure of confidential information pursuant to the confidentiality agreement between the parties constitutes irreparable harm, and is improper.

The parties have invested considerable efforts in the settlement of this case. To require the disclosure at any time of an index of what was exchanged during those settlement negotiations and mediation would be highly detrimental to the process and results, particularly before the settlement has been approved by the Court.

### C. The Public Interest Weighs in Favor of Issuing an Injunction.

The public interest favors issuing the injunction here because confidential information exchanged in a mediation should be protected. The production of the index at issue interferes with the mediation process in this case because it undercuts the public policy favoring full confidential disclosure of information during mediation. Successful mediation between the

parties requires open communication in order to resolve a dispute. In a decision by the Second Circuit, the court elucidated this point:

> [i]f participants cannot rely on the confidential treatment of everything that transpires during [mediation] sessions then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, noncommital manner more suitable to poker players in a high-stakes poker game than adversaries attempting to arrive at a just resolution of a civil dispute. This atmosphere if allowed to exist would surely destroy the effectiveness of a program which has led to settlements and withdrawals of some appeals and to the simplification of issues in other appeals, thereby expediting cases at a time when the judicial resources of this Court are sorely taxed.

*Lake Utopia Paper Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928 (2d Cir. 1979).

Here, Husby seeks to obtain an index of documents and "information" disclosed during a mediation proceeding that is subject to the strict confidentiality agreements. By requiring Morgan Stanley to produce such an index, the Alaska State Court is requiring Morgan Stanley to violate the terms of its confidentiality and mediation agreements. This undermines the strong public policy underlying such agreements. Furthermore, the order violates the public policy supporting the full protection of information shared during a mediation session without concern for outside interference. It is likely that the parties in this case will be less inclined to openly communicate during future mediation sessions or settlement discussions if their confidential communications and information are disclosed. Such conduct will decrease the success of mediation proceedings. Ultimately, the increase of unsuccessful mediations will increase the burden on the courts. Accordingly, public policy favors the protection of the confidential information at issue in this case.

### D. The Parties Will Suffer Hardship if the Request for Injunction is Denied.

This case has not yet been resolved and is close to a resolution. The parties have expended considerable time, money, and effort to engage in settlement negotiations and

mediation. Given the resources the parties have invested thus far in the case, they cannot risk that the other party may be less forthcoming during future negotiations for fear of disclosure. An injunction against the disclosure of an index of the documents and information exchanged during the confidential settlement negotiations and mediation would not preclude Husby from seeking in her case any information and documents to which she is entitled in discovery in her case, irrespective of whether such information and documents were exchanged in the mediation.

## IV.  CONCLUSION

This Court should enjoin the parties from disclosing what documents and information were discussed or exchanged during the mediation and settlement negotiations in this case to an unrelated third party. The parties signed a strict confidentiality agreement in which they agreed to maintain the confidentiality of documents and information exchanged during the mediation of this action. The documents and information exchanged during the settlement discussions mediation were for the sole purpose of facilitating the resolution of this case. The parties would not have participated in such settlement discussions and mediation of this case unless both sides agreed to confidentiality. The mediation privilege is recognized by Local Civil Rule 84.9 and it precludes the disclosure of what was discussed or exchanged during mediation. Nothing in the requested order would preclude Ms. Husby from seeking in her case any information and documents to which she is entitled in discovery in her case, irrespective of whether such information and documents were exchanged in the parties' settlement discussions or mediation in this case. Accordingly, the parties respectfully request that this Court enjoin them from disclosing what documents and information were discussed or exchanged during their settlement negotiations and mediation in this action.

Respectfully submitted,

*[signed] Cyrus Mehri (with permission GES)*

Cyrus Mehri (D.C. Bar #4209070)
Sandi Ferrell (D.C. Bar #491677)
Mehri & Skalet, PLLC
1240 Connecticut Ave., Suite 300
Washington, D.C. 20036
202.822.5100

*Counsel for Plaintiffs*

*[signed] Grace E. Speights*

Grace E. Speights (D.C. Bar # 392091)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, DC 20004
202.739.5000

Mark S. Dichter, Esq. (*Pro Hac Vice*)
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103

*Counsel for Defendant Morgan Stanley DW Inc.*