## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOANNE AUGST-JOHNSON, NANCY REEVES, DEBRA SHAW, JAN TYLER, CHERYL GUISTINIANO, and LAURIE BLACKBURN,** | **CIVIL ACTION NO. 1:06-cv-01142 (RWR/DAR)** |
| **On behalf of themselves and all others similarly situated,** | **CLASS ACTION** |
| **Plaintiffs,** | |
| v. | |
| **MORGAN STANLEY DW INC.,** | |
| **Defendant.** | |

### DECLARATION OF CYRUS MEHRI IN SUPPORT OF THE
### PARTIES' JOINT EMERGENCY APPLICATION FOR AN INJUNCTION

I, CYRUS MEHRI, declare as follows:

1.    I am an attorney at the law firm of Mehri & Skalet, PLLC, counsel to the Plaintiffs in the above-captioned action. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.    Starting in early 2005, my firm began investigating claims of gender discrimination in the brokerage operations side of Morgan Stanley. Two other firms joined our effort -- Sprenger + Lang and Moody & Warner. Starting in April 2005, the parties engaged in confidential settlement negotiations. During the last two years, we vigorously negotiated what ultimately became comprehensive settlement terms. In June of 2006, we filed the complaint in this action on behalf of the named plaintiffs and a class of female brokers at Morgan Stanley. The parties entered into a memorandum of understanding in February of this year and expect to

1

execute a settlement agreement in the near future which will be presented to the Court for review.

3.    The negotiations were protracted and complex, and ultimately necessitated the involvement of a preeminent mediator, Hunter Hughes, Esq.

4.    Earlier this week, I learned that the Defendant in this action, Morgan Stanley DW Inc. ("Morgan Stanley"), was ordered by a state court in Alaska to produce a detailed list of the information exchanged in the confidential settlement talks and mediation in this action. This implicates the mediation privilege and Local Civil Rule 84.9, which are designed to promote and foster settlement talks free from intrusion by outside parties. If Morgan Stanley is compelled to produce such information it could have a detrimental impact in future class actions designed to root out discrimination in the workplace. It will be more difficult for parties to amicably resolve matters and achieve significant settlements such as the one contemplated here if third parties can abrogate the confidentiality the mediation/settlement talks. After consulting with our mediator, Hunter Hughes, we have reached the conclusion that the parties in this action must respectfully ask this Court to prevent intrusion into the mediation and settlement talks.

5.    In addition to the local rule and public policy concerns supporting confidential mediation talks, Plaintiffs are concerned that the request, as framed, will implicate work product since it will inevitably result in third parties learning exactly what was requested and obtained by Plaintiffs' counsel.

I declare under penalty of perjury under the laws of the United States and the foregoing is true and correct.

Executed this ___ day of April, 2007

Cyrus Mehri

2