# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOANNE AUGST-JOHNSON, NANCY
REEVES, DEBRA SHAW, JAN TYLER,
CHERYL GUISTINIANO, and LAURIE
BLACKBURN,

**On behalf of themselves and all others
similarly situated,**

        **Plaintiffs,**

        **v.**

MORGAN STANLEY DW INC.,

        **Defendant.**

CIVIL ACTION NO. 1:06-cv-01142
(RWR/DAR)

CLASS ACTION

---

## DECLARATION OF MARK S. DICHTER IN SUPPORT OF THE
## PARTIES' JOINT EMERGENCY APPLICATION FOR AN INJUNCTION

---

I, MARK S. DICHTER, declare as follows:

1.     I am an attorney at the law firm of Morgan, Lewis & Bockius LLP, counsel to Defendant Morgan Stanley DW Inc. ("Morgan Stanley") in the above-captioned action. I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.

2.     In connection with the parties' settlement negotiations in this action, the parties signed a Confidentiality Agreement in which they agreed that all information exchanged during their settlement discussions was confidential. Attached hereto as Exhibit A is a true and correct copy of the Confidentiality Agreement between the parties in this action.

3.     To facilitate their settlement negotiations, the parties engaged the services of a prominent mediator, Hunter Hughes, to assist with the negotiations.

4.    In connection with mediation, the parties in this action entered into a Mediation Agreement in which the parties further agreed that any notes or other materials generated during the mediation would be kept confidential. Attached hereto as Exhibit B is a true and correct copy of the Mediation Agreement between the parties in this action.

5.    On May 12, 2005, in a separate matter unconnected to this action, Plaintiff Vonna Husby ("Husby") filed an individual action against Morgan Stanley DW Inc. in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-05-7823 CI.

6.    Husby did not conduct any discovery in her Alaska State Court case until January 18, 2007, on which date she served three Interrogatories and three Requests for Production of Documents on Morgan Stanley. Attached hereto as Exhibit C is a true and correct copy of Husby's discovery requests.

7.    Morgan Stanley objected to Husby's document requests, including Document Request No. 1.

8.    On February 27, 2007, in response to Morgan Stanley's objections to Document Request No. 1, Husby filed a motion to compel production of the documents sought in Document Request No. 1. Morgan Stanley opposed Husby's motion. The Alaska State Court, however, granted Husby's motion to compel, requiring Morgan Stanley to produce an index of the documents and information exchanged during the settlement negotiations and mediation in this case by April 9, 2007. Attached hereto as Exhibit D is a true and correct copy of the Alaska State Court's Order.


I declare under penalty of perjury under the laws of the United States and the foregoing is true and correct.

Executed this ___6___ day of April, 2007.

Mark S. Dichter

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT FOR SETTLEMENT DISCUSSIONS

This Confidentiality Agreement ("Agreement") is made and entered into by and between Morgan Stanley ("Morgan Stanley") and attorneys for "Claimants" Joanne Augst-Johnson, Nancy Reeves, Debbie Shaw, Cheryl Guistiniano, and Jan Tyler and "Claimants' Counsel" Mehri and Skalet, PLLC; Sprenger & Lang, PLLC; and Moody & Warner, PC, collectively referred to herein as the "Parties."

**WHEREAS**, Claimants have filed charges with the Equal Employment Opportunity Commission alleging employment discrimination; and

**WHEREAS**, Claimants and Morgan Stanley have agreed to discuss possible resolution of Claimants' claims ("Settlement Discussions"); and

**WHEREAS**, in connection with the Settlement Discussions, Claimants' Counsel has requested and Morgan Stanley has agreed to provide certain documents, computer data and information, some of which is considered by Morgan Stanley to be confidential.

**NOW, THEREFORE,** the Parties hereby agree as follows:

1.    The Parties agree that all communications or information exchanged during the Settlement Discussions, including but not limited to computer generated reports and databases, facts, positions, settlement offers, or settlement terms shall constitute "Confidential Information" for purposes of this Agreement.  The Parties agree that no Party shall unilaterally disclose the fact that Settlement Discussions are taking place to anyone other than their clients, experts and consultants, but a Party may make such other disclosure upon mutual agreement of the Parties.

2.    All Confidential Information will be kept strictly confidential and will be used solely for purposes of the Settlement Discussions.  Confidential Information shall not be disclosed to any person other than:

a.    Claimants' Counsel and clerks, paralegals, secretaries or other employees of such Counsel assigned to assist Claimants' Counsel in "Settlement Discussions;

b.    Individuals specially retained as consultants or experts in connection with evaluating the feasibility and desirability of settlement of the Charges, including employees of such consultants or experts, except that no Confidential Information shall be disclosed to any specially retained consultant or expert until he or she executes the attached Agreement to Abide by Confidentiality Agreement;

c.    Mediators chosen by the Parties to facilitate settlement of the Charges and who agree to be subject to the terms of this Agreement; and

d.    Entities retained by Claimants' Counsel to provide document management services.

3.    Morgan Stanley agrees that Claimants' Counsel may share general conclusions and observations about aggregate data (but not the actual aggregate data) and non-individualized documents, including those concerning company policy, with Claimants as necessary and as part of the Settlement Discussions so long as each individual Claimant executes the attached Agreement to Abide by Confidentiality Agreement and Claimants' Counsel provides advance notice to Morgan Stanley of their intent to share such non-individualized data and/or documents with Claimants.

4.    Claimants' Counsel agree that they shall not use documents or data provided pursuant to this Agreement to solicit or attempt to solicit clients or putative class members, support new or amended charges, complaints or other actions or to support an argument for class certification.

5.      Any Party's production of any information, documents or data under the terms of this Confidentiality Agreement does not waive said producing Party's rights to object to production of that same information, documents or data in litigation in this or any other matter. This Agreement will not limit any Party's ability or right to obtain or seek to obtain information (documents, computer data, compilations, etc.) that has been designated as Confidential Information pursuant to this Agreement in the course of any litigation if that information is otherwise discoverable under applicable law.  This Agreement will not operate to bar any discovery in any litigation and shall not govern the confidentiality or use of any such discovery obtained in that litigation.  Notwithstanding the foregoing, in any argument for discovery or disclosure of information in any proceeding, Claimants and Claimants' Counsel agree they will not cite or refer to the fact that Confidential Information was provided under the terms of this Agreement. The confidentiality or use of such later discovered information shall be governed only by the terms of any protective order or other agreement, if any, and if applicable, in any such litigation or law that would otherwise be applicable.

6.      Nothing in this Agreement shall be deemed a limit or waiver of the attorney-client privilege, work product privilege, or any other relevant privilege.

7.      Inadvertent disclosure of any privileged or confidential information or document during the Settlement Discussions shall not waive the privileged or confidential nature of the information or documents or the rights or obligations of the Parties.

8.      Upon the termination of the Settlement Discussions, all Confidential Information provided to Claimants' Counsel, as well as all copies thereof, shall be returned to Morgan Stanley within ten (10) calendar days.  If the Settlement Discussions result in a settlement, all Confidential Information provided to Claimants' Counsel, as well as all copies thereof, shall be

returned to Morgan Stanley within ten (10) calendar days of the date a settlement agreement is fully executed, without regard to whether such settlement has been approved by a court. Any documents or material created by Claimants' Counsel or their consulting experts which contain, refer to, or are based upon Confidential Information will be destroyed within ten (10) calendar days of the termination of the Settlement Discussions or execution of a Settlement Agreement and Claimants' Counsel shall so certify that destruction in writing to Morgan Stanley.

9.      Nothing contained in this Agreement shall affect or restrict the rights of any Party with respect to its own Confidential Information or to information which is properly obtained or developed independently of the settlement proceedings governed by this Agreement.

10.      The Parties agree that any breach or threatened breach of this Agreement shall be subject to an expedited injunctive proceeding before JAMS in New York, New York, and the Parties submit to the jurisdiction of such forum for such purposes.

11.      This Agreement may be signed in counterparts.

**ON BEHALF OF CLAIMANTS:**

MEHRI & SKALET, PLLC

By: _____    2/2/06
                                _____
                                Date

SPRENGER & LANG, PLLC

By: _____    2/2/06
                                _____
                                Date

MOODY & WARNER, PC

By: _____    1/11/06
                                _____
                                Date

**ON BEHALF OF MORGAN STANLEY**

MORGAN, LEWIS & BOCKIUS, LLP

By: _____    2/2/06
                                _____
                                Date

**EXHIBIT A**

**AGREEMENT TO ABIDE BY CONFIDENTIALITY AGREEMENT**

I have read the Confidentiality Agreement dated February ___, 2006, and I fully understand the Confidentiality Agreement and its terms. I understand that under the terms of that Agreement, I am being provided with Confidential Information. I agree to be bound to the confidentiality obligations and requirements set forth in the Confidentiality Agreement to the same extent as Claimants' Counsel, including without limitation the obligation not to use, disclose or discuss the fact that negotiations are occurring between the parties or any information that is disclosed during such negotiations.

_____
Signature

_____
Printed Name

_____
Date

Page 6 of 6

# EXHIBIT B

## MEDIATION AGREEMENT

The undersigned parties agree voluntarily for a non-binding mediation before Hunter

R. Hughes and Rogers & Hardin LLP (jointly the "Mediator") in Philadelphia, PA,

concerning all disputes, claims, or demands arising out of or related to Joanne Augst-

Johnson, Nancy Reeves, Debra K. Shaw, Jan Tyler, Cheryl Guistiniano and Laurie

Blackburn v. Morgan Stanley, pending before the Equal Employment Opportunity

Commission, EEOC Nos. 265-2004-02074 (Augst-Johnson), 320-2005-01007 (Reeves), 320-

2005-02776 (Shaw), 320-2005-01246 (Tyler), 380-2005-03408 (Guistiniano), no charge

number issued yet for Blackburn.  The mediation will begin at 10:00 a.m. on Tuesday, June

13, 2006, at the offices of Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia,

PA 19103.  The parties understand that the role of the Mediator is to assist the parties in

reaching agreement on such matters.  The parties accept responsibility for any agreement

they reach.

The parties have chosen the Mediator.  The Mediator and the parties and their counsel

confirm that they have no past or present relationship with the Mediator that would influence

the Mediator's impartiality and have disclosed to the other party any relationship with the

Mediator that might reasonably give rise to a claim that the Mediator is impaired or biased as

to any matters that are subject to this mediation.

Counsel for each party shall promptly exchange documents relating to this matter as

agreed upon with each other or the Mediator and all documents that are intended to be

referenced in the mediation and in accordance with the schedule set by Counsel shall provide

the Mediator with copies of cases, documents, and position papers as requested by the Mediator. The Mediator will have complete authority over all mediation procedural matters.

Counsel for each party agrees to have an individual present at the mediation who has settlement authority consistent with the demand(s) in this case. When such an individual having such authority is not available, the other parties shall be notified in advance of the mediation. Subject to approval by the Mediator, other individuals may attend as needed to contribute to the negotiations.

All parties and counsel agree that the mediation and all negotiations and communications related thereto constitute settlement discussions. Further, the Mediator, parties and their counsel shall make no statement of any type or nature, whether written or oral, to the news media or any other third party regarding the mediation, including the fact that mediation is occurring. All statements by the parties, their counsel, and the Mediator relating to the mediation, and any documents created for or during these proceedings, are inadmissible and not discoverable for any purpose, in any pending or subsequent judicial, quasi-judicial, arbitration, or any other proceeding, absent consent of all parties, and absent such consent shall not be disclosed by the Mediator or any party or counsel to the press or otherwise made public. The Mediator will not be subpoenaed or requested to testify by any party or counsel in respect of the mediation without consent of all parties.

Notes and any other materials generated during the conference by the Mediator, the parties, or otherwise in connection with the mediation shall be confidential and will not be subpoenaed by any party. However, evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable as a result of its use in the mediation.

69441                                   2

Cyrus Mehri, Esq.
Email:  cmehri@findjustice.com

**MEHRI & SKALET, PLLC**
1300 – 19TH Street, N.W. – Suite 400
Washington, DC 20036
Telephone:  (202) 822-5100
Facsimile:   (202) 822-4997

**Attorneys for Plaintiffs**
**Joanne Augst-Johnson, Nancy Reeves,**
**and Debra K. Shaw**


Mark S. Dichter, Esq.
Email:  mdichter@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA  19103
Telephone:  (215) 963-5291
Facsimile:   (215) 963-5299

**Attorneys for Defendant**
**Morgan Stanley**


593,035.1

69441                                     4

# EXHIBIT C

4/13

1

2        IN THE SUPERIOR COURT
         FOR THE THIRD JUDICIAL DISTRICT AT ANCHORAGE
                STATE OF ALASKA

3                                              R E C E I V E D

4    VONNA K. HUSBY,              )           JAN 2 2 2007

5              Plaintiff,         )            PERKINS COIE
                                  )             ANCHORAGE
6    vs.                          )
                                  )      Case No.  3AN-05-7823
7    MORGAN STANLEY DW, INC.,     )
     and CLARK RUSH,              )
8                                 )
                                  )
9    Defendants.                  )
                                  )
10   ─────────────────────────────

11

12              PLAINTIFF'S FIRST SET OF
            DISCOVERY REQUESTS TO DEFENDANT
13              MORGAN STANLEY/DW, INC.

14        Pursuant to Alaska R. Civ. P. 33 and 34, Plaintiff, VONNA K. HUSBY, by and

15   through the undersigned counsel, requests that Defendant, MORGAN STANLEY/DW,

16   INC. answer the following interrogatories and requests for production of documents.

17                        INSTRUCTIONS

18        These discovery requests are directed to Defendant and its agents, attorneys,

19

20   shareholders, directors, employees, accountants, consultants, representatives and any and all

21   persons acting for Defendant or on its behalf.

22        In accordance with Alaska R. Civ. P. 33, you are requested to answer under oath

23   the following interrogatories on or before the thirtieth day after service of these

24

25   interrogatories.  In accordance with Alaska R. Civ. P. 34, you are requested to produce and

26

                                      1

permit plaintiff, or someone acting on plaintiff's behalf, to inspect and copy the following documents and things on or before the thirtieth day after service of these requests.

Plaintiff requests that all documents produced in response to the requests for production of documents be identified with relation to the particular request and response to which they are produced.

Defendant may make copies, at plaintiff's expense after first obtaining the written consent of the plaintiff or plaintiff's counsel,  of the documents produced in response to these requests and forward those copies to Plaintiff's counsel, so long as the documents themselves and the request to which they respond are clearly indicated.

If documents or other information responsive to these requests are not timely produced, Plaintiff will request that Defendant be barred from offering any evidence reasonably related to the documents or information not produced.  In the interpretation and construction of any request, the following apply:

(a)    the words "and" and "or" shall be individually interpreted as meaning "and/or" in every instance, and shall not be interpreted disjunctively to exclude any documents otherwise within the scope of any request.

(b)    "including" shall be interpreted as including any items listed, but not limited to said items.

(c)    "related to," "relating to" or "that relates to" shall be interpreted as including, referring, relating, embodying, reflecting, discussing, describing, mentioning, noting, implementing or otherwise pertaining to the item or subject matter set forth in the request.

## DEFINITIONS

2

Baker Brattain
821 N Street, Suite 101
Anchorage, AK 99501
Telephone: 907.277.3232 Facsimile: 907.279.2323

"Document" as used herein is to be interpreted in its broadest sense to mean any kind of written, graphic or recorded material, however produced or reproduced, of any kind or description, whether or not sent or received, including drafts, originals, nonidentical copies and information stored or transmitted electronically, photographically, or otherwise, and including:

(a)     research, studies, surveys, papers, books, accounts, letters, diagrams, pictures, drawings, photographs, correspondence, telegrams, cables, telex messages, facsimile transmissions, electronic mail ("e-mail"), memoranda, notes, notations, work papers, intra-office and interoffice communications, communications to, between and among employees, transcripts, minutes, orders, reports and recordings of telephone or other conversations, or interviews, or of committee meetings, or of other meetings, affidavits, statements, summaries, opinions, indices, analyses, publications, questionnaires, answers to questionnaires, statistical records, lists, logs, tabulations, charts, graphs, sound recordings, data sheets and microfilm, computer disks or tapes;

(b)     communications with representatives of federal, state or local agencies or private entities or individuals, including public or other comments on submissions to government agencies;

(c)     databases, data compilations and summaries, models, reconstructions, simulations, graphs and other presentations, computer enhanced products, and similar items, together with all raw, unprocessed, uninterpreted as well as processed and interpreted data, and documentation sufficient to show the specifications and operating requirements for computer software, hardware, and ancillary equipment; and

(d)     other records kept and things similar to any of the foregoing regardless of author or origin.

"Identify" means

**Baker Brattain**
821 N Street, Suite 101
Anchorage, AK 99501
Telephone: 907.277.3323 Facsimile: 907.279.2323

3

(a)    with respect to persons, the person's full name, position, present or last known business address, telephone number, employer or affiliation, and title;

(b)    with respect to documents, the document's author or creator and subject matter; the location where it was stored; and its custodian's identity.

"You" or "your" refers to MorganStanley/Dw, Inc., former employer of Vonna K. Husby,

## CLAIMS OF PRIVILEGE

If you object to responding to any discovery request, in whole or in part, on the ground of privilege, please respond to the portion of the request to which the claim of privilege does not extend and please state: (1) a description and the date of the allegedly privileged document, communication or thing withheld; (2) the nature of the privilege asserted; (3) the basis for the alleged privilege; (4) the parties to the allegedly privileged relationship; (5) the date on which the relationship giving rise to the alleged privilege was formed; and (6) the identity of all persons who have seen, heard, or received the allegedly privileged document, communication or thing.

These discovery requests are intended to place a continuing obligation upon Defendant to supplement their answers until final disposition of this case, as required by Alaska R. Civ. P. 26(e).

## INTERROGATORIES

1.    Why was Vonna K. Husby terminated from her employment with Morgan Stanley/DW, Inc?

4

Response:

2.    Identify all persons who participated in the decision to terminate her employment with Morgan Stanley/DW, Inc.

Response:

3.    After Vonna K. Husby was terminated, please identify all of Vonna K. Husby's accounts and as to each account state how and to these accounts were distributed to other brokers employed by Morgan Stanley/DW, Inc..

Response:

REQUEST FOR PRODUCTION

1. Reference is made to that litigation referred to *Joanne August et.al. v Morgan Stanley DW, Inc.*, Case No. 06-C-01142-RWR (D.D.C.), United States District Court For The District of Columbia, as referred to by Morgan Stanley in its Joint Case Management Report,filed in *Jaffe v Morgan Stanley DW, Inc.*, United States District Court For The Northern District of California, Case 3:06-cv-03903-TEH at Docket 43, page 3 and the statements *"Throughout the settlement discussions in the D.C. Action, the parties have exchanged voluminous data and information and have made significant progress towards settlement"* and *"...there has been an extensive exchange of information in the DC action over the past 18 month"* please produce an index to all documents and information exchanged in that litigation as referenced in these statements.

RESPONSE:

5

1

2.      Please produce all documents which you contend evidence misconduct,

2

and/or insubordination  and/or misuse of its computer network and relied upon in

3

terminating Vonna K. Husby's employment with Morgan Stanley/DW, Inc.

4

5

RESPONSE:

6

3.      Reference is made to *Joanne August et.al. v Morgan Stanley DW, Inc.*, Case No.

7

06-C-01142-RWR (D.D.C.),  United States District Court For The District of Columbia,

8

AND *Jaffe v Morgan Stanley DW, Inc.*,   United States District Court For The Northern

9

District of California, Case 3:06-cv-03903-THE, and, with reference to those cases, please

10

11

produce copies of all confidentiality agreements which apply to Morgan Stanley/DW, Inc.

12

and an index of any documents being withheld by reason of any such agreement.

13

RESPONSE:

14

January 18, 2007                        BAKER BRATTAIN LLC

15

                                        By:

16

17                                         William F. Brattain II
                                           ABA 7305007
18                                         Attorney for Vonna K. Husby

19

20

21

22

23

24

25

26

**Baker Brattain**
821 N Street, Suite 101
Anchorage, AK 99501
Telephone: 907.277.3432 Facsimile: 907.279.2343

6

# CERTIFICATE OF SERVICE

I, William F. Brattain, hereby certify that a copy of the foregoing pleading was served by mail on   January 18, 2007,  with a courtesy email copy to:

Thomas M. Daniel
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage Alaska 99501

Email Only

Shannon Thorne
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306

Kenneth J. Turnbull
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

William F. Brattain II

Baker Brattain
821 N Street, Suite 101
Anchorage, AK 99501
Telephone: 907.277.3232 Facsimile: 907.279.2323

7

# EXHIBIT D



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Vonna K. Husby,                              )
                            Plaintiff,       )
v.                                           )
                                             )
Morgan Stanley DW, Inc.,                     )
And Clark Rush                               )
                                             )
                            Defendants.      )
_____)

*RECEIVED*

*MAR 3 0 2007*

*PERKINS COIE*
*ANCHORAGE*

Case No.  3AN-05-7823 CI

## ORDER

Plaintiff's Motion to Compel Responses to Discovery Requests is hereby

GRANTED.  Pursuant to Alaska Rules of Civil Procedure, Rule 26.  Defendant,

Morgan Stanley DW, Inc. et. al. shall fully respond to the plaintiff's first set of

discovery requests as set forth in her January 18, 2007 discovery request.

Documents requested shall include but are not limited to an index of all

documents and the information exchanged in the 1) Joanne August et.al. v.

Morgan Stanley DW, Inc., Case No. 06-C-01142 RWR (D.D.C.) and 2) Jaffe v.

Morgan Stanley DW, Inc., United States District Court for the Northern District of

California, Case No. 3:06-C-03903 THE, and all documents the defendant relied

on to terminate the plaintiff Vonna K. Husby's employment.  These documents

shall include but are not limited to any and all documents which support the

plaintiff's misconduct and / or insubordination, including evidence of defendant's

computer systems.  The documents shall not be redacted.

The Court finds that the plaintiff's failure to include a certification with her motion pursuant to ARCP 37(2) (A) is not sufficient enough to deny her full discovery since the meet and confer discussion between counsel occurred on the record.

Except as otherwise directed by this Court the defendant shall provide the aforementioned discovery within ten (10) days from the receipt of this order.

ENTERED this 27th day of March, 2007, in Anchorage, Alaska.

Michael R. Spaan
**Superior Court Judge**

I certify that on 3.89.07
a copy of the above was mailed to each of the
following at their addresses of record:
Wm. Brattain II counsel for the Plaintiff
Perkins Coie LLP Attorney Thomas M. Daniel attorney for Defendants

Carla Poorman
Judicial Assistant