IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOANNE AUGST-JOHNSON, NANCY REEVES, DEBRA SHAW, JAN TYLER, CHERYL GUISTINIANO, and LAURIE BLACKBURN,<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY DW INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:06-cv-01142 (RWR/DAR)<br><br>CLASS ACTION |

**ORDER GRANTING JOINT EMERGENCY
APPLICATION FOR AN INJUNCTION**

After consulting with the mediator, Hunter Hughes, Esq., and with his full support, on April 6, 2007, Plaintiffs and Defendant Morgan Stanley DW Inc. presented a joint emergency application for an injunction seeking to enjoin them from disclosing what documents had been exchanged and discussed in the course of the settlement discussions and mediation in this action and, specifically, from making such a disclosure in an unrelated civil action, *i.e.*, *Husby v. Morgan Stanley DW Inc.*, Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-05-7823 CI.  The parties in this action have participated in confidential mediation proceedings and ongoing settlement discussions under the terms of strict confidentiality agreements.  As a result of the extensive settlement negotiations and mediation, the parties are close to finalizing a settlement of this matter.

For the reasons articulated below, the Court finds that the parties have met the prerequisites for an injunction enjoining them from disclosing what documents and information were discussed or exchanged in their confidential settlement discussions and mediation to any third parties and, specifically, the index sought in the *Husby* litigation.

1. The confidentiality agreements executed by the parties in this action prohibit the parties from disclosing confidential mediation-related information to a third party in any other court or proceeding. In addition, the private mediation that the parties engaged in has had been considered by the parties to be a precursor to Court-sponsored final mediation. As such, both the confidentiality agreements executed by the parties and the principles of Local Civil Rule 84.9 operate to enjoin the parties from disclosing what was discussed or exchanged during their mediation and settlement discussions to any party and, specifically, from having to produce the index sought by Plaintiff Husby in her Alaska State Court action.

2. The parties will suffer irreparable harm in this case unless they are enjoined from disclosing what documents and information were discussed or exchanged in their confidential settlement discussions and mediation. The disclosure of what documents and information were discussed or exchanged reflects the parties' counsels' work product and would reveal their thoughts and impressions. The disclosure of this work product would also result in intangible damages that are impossible to quantify. The parties would not have an adequate remedy at law for such damages. Moreover, any disclosure of confidential information is irreversible once it occurs. Finally, the parties could be deemed to have waived any protections under the confidentiality agreement if forced to disclose information protected by the agreements to a third party.

3. The public interest favors issuing an injunction. First, public policy favors the preservation of written agreements such as the confidentiality agreements entered into by the parties here in the course of their settlement negotiations and mediation. If the parties were compelled to disclose what confidential information and documents were exchanged or discussed during the settlement negotiations and mediation in this case, it will force the parties to violate the terms of their confidentiality agreements and the principles of Local Civil Rule 84.9. Additionally, the confidentiality of what information and documents were exchanged or discussed during settlement discussions and mediation fosters open communication and effective resolution. The disclosure of such information could have a chilling effect on parties' willingness to engage in settlement discussions and mediation. A decrease in the willingness of parties to participate in settlement discussions and mediation would, in turn, result in an increased burden on the courts to handle matters which would have otherwise been resolved.

4. The parties will suffer great hardship if the request for injunction is denied. The parties have invested time, money, and resources in settlement negotiations and mediation thus far. If disclosures were required, future settlement negotiations would be more guarded and less effective. The parties will be less likely to exchange information knowing that what was exchanged may be subject to disclosure to some third party in an unrelated lawsuit. Finally, nothing in this Order would preclude Plaintiff Husby from seeking in her case any information and documents to which she is entitled in discovery in her case, irrespective of whether such information and documents were exchanged in the parties' settlement discussions or mediation in this case.

Accordingly, IT IS HEREBY ORDERED THAT Defendant Morgan Stanley DW Inc. and its employees, agents and counsel, and Plaintiffs and their counsel, ARE HEREBY

ENJOINED from disclosing what information or documents were discussed or exchanged during the mediation and settlement discussions to any party not specified in the parties' confidentiality agreements and, specifically, from producing the index sought by Plaintiff Husby in her state court action, until further order of this Court. Plaintiff Husby shall have until May 7, 2007 to show cause in a written memorandum filed with this Court in this action why this injunction should not be made permanent. The Clerk is directed to mail and fax forthwith a copy of this Order to counsel for Plaintiff Husby: William F. Brattain, II, Esq., Baker Brattain, 821 N Street, Suite 101, Anchorage AK  99501, facsimile 907-279-2323.

So ordered this 6th day of April, 2007.

                                                                         _____/s/_____
                                                                          Richard W. Roberts
                                                                          United States District Judge
                                                                          District of the District of Columbia