IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino and Elizabeth Reinke, <br><br> On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Morgan Stanley & Co. Incorporated, f/k/a Morgan Stanley DW Inc., <br><br> Defendant. | Civil No. 1:06-cv-01142 (RWR/DAR) <br><br> CLASS ACTION <br><br> JURY TRIAL DEMAND |

## AMENDED COMPLAINT

Plaintiffs, for their Amended Complaint against defendant Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc. ("Morgan Stanley"), allege and state as follows:

### Introduction

1.   This case arises out of Morgan Stanley's systemic company-wide discriminatory treatment of its female financial advisors and female registered financial advisor trainees in violation of federal and applicable state civil rights laws. Having satisfied all administrative prerequisites, Plaintiffs now file this Amended Complaint.

72877

## Parties

**A.    Plaintiffs & Class Representatives – Financial Advisors**

2.    Plaintiff Joanne Augst-Johnson is a female resident and citizen of Plymouth, Minnesota. She was employed by Morgan Stanley as a financial advisor in its Wayzata, Minnesota branch from December 1999 through January 2006.

3.    Plaintiff Nancy Reeves is a female resident and citizen of Colorado Springs, Colorado. She was employed by Morgan Stanley as a financial advisor in its Colorado Springs branch from July 1987 through July 2004.

4.    Plaintiff Debra Shaw is a resident and citizen of Hayden, Colorado. She was employed by Morgan Stanley as a financial advisor in its Denver branch from 1991 through January 2005.

5.    Plaintiff Jan Tyler is a female resident and citizen of Denver, Colorado. She was employed by Morgan Stanley as a financial advisor in its Denver branch from October 1996 through August 2005.

6.    Plaintiff Cheryl Giustiniano is a female resident and citizen of Gig Harbor, Washington. She was employed by Morgan Stanley as a financial advisor in its Rancho Bernardo, California and Gig Harbor, Washington branches from July 1999 through August 2005.

7.    Plaintiff Laurie Blackburn is a female resident and citizen of Alexandria, Virginia. She was employed by Morgan Stanley as a financial advisor in its Alexandria branch from April 1996 through August 2005.

72877

8.     Plaintiff Erna Tarantino is a female resident and citizen of Reno, Nevada. She has been employed by Morgan Stanley as a financial advisor in its Reno branch since January 1990.

9.     Plaintiff Elizabeth Reinke is a female resident and citizen of Barrington, Illinois. She was employed by Morgan Stanley as a registered sales assistant in its Barrington branch from 2000 through August 2005, and as a registered financial advisor trainee in its Barrington branch from August 2005 through August 2006.

**B.     Defendant**

10.    Defendant Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc. ("Morgan Stanley") is a Delaware corporation with its principal place of business in Purchase, New York. Since the Complaint was filed in June 2006, Morgan Stanley DW Inc. merged into Morgan Stanley & Co. Incorporated. The Named Plaintiffs and proposed Class Members all work or worked as financial advisors or registered financial advisor trainees in what is now referred to as the Global Wealth Management Group ("GWMG"). Morgan Stanley's GWMG currently maintains a field force of approximately 8,500 financial advisors and has branch offices throughout the United States.

## Jurisdiction

11.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 because this action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* prohibiting gender discrimination in employment, and with respect to three Plaintiffs, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 1621 *et seq.*,

72877

prohibiting age discrimination in employment. This court has pendant jurisdiction over the claims brought pursuant to state and local laws prohibiting both gender and age discrimination in employment.

### Exhaustion of Administrative Remedies

12. Plaintiffs have each filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and applicable state and/or local agencies alleging, among other things, class-wide gender discrimination against Morgan Stanley with respect to the compensation, promotion and termination of financial advisors in violation of Title VII and applicable state and/or local civil rights laws.

13. Plaintiffs have each received notices of right to sue from the EEOC and other administrative agencies upon the expiration of 180 days following the filing of said charges. Accordingly, Plaintiffs have each exhausted all administrative prerequisites for the maintenance of this action.

### Facts

14. Since at least August 5, 2003, Morgan Stanley has systematically denied equal employment opportunities to its female financial advisors and female registered financial advisor trainees. Morgan Stanley has engaged in a pattern and practice of gender discrimination with respect to compensating and promoting women from the positions of financial advisor and/or registered financial advisor trainee to other more prestigious roles or positions such as, for financial advisors, branch/sales management positions, and, for registered financial advisor trainees, the position of financial advisor. Morgan Stanley has also engaged in a pattern and practice of gender discrimination with respect to other terms and conditions of employment of female financial advisors and

72877

registered financial advisor trainees that affect compensation and promotion opportunities including but not limited to: training and mentoring; account assignments; and participation in company-approved "partnership" arrangements with other financial advisors.

15. Female financial advisors and female registered financial advisor trainees have experienced discrimination with respect to training and mentoring.

16. Female financial advisors and female registered financial advisor trainees have experienced discrimination with respect to the assignment of accounts in multiple ways.

17. Female financial advisors and female registered financial advisor trainees have experienced discrimination with respect to participation in company-approved "partnership" arrangements with male financial advisors in several ways.

18. Female financial advisors and female registered financial advisor trainees have also experienced discrimination with respect to career advancement, most notably for female financial advisors in obtaining promotions to branch/sales management positions and for female registered financial advisor trainees in obtaining promotions to the position of financial advisor.

19. Female financial advisors and female registered financial advisor trainees have experienced discrimination with respect to other general terms and conditions of employment including, but not limited to, assignment of office space and sales support staff.

### Class Action Allegations

20. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs Joanne August-Johnson, Nancy Reeves, Debra K. Shaw, Jan Tyler, Cheryl Giustiniano, Laurie

Blackburn, Erna Tarantino and Elizabeth Reinke seek to represent a nation-wide class consisting of:

> All women who were employed as Financial Advisors or Registered Financial Advisor Trainees in the Global Wealth Management Group of Morgan Stanley & Co. Incorporated or its predecessor(s) at any time between August 5, 2003 and the present.

Plaintiffs reserve the right to seek to represent sub-classes of the nation-wide class.

21.   *Numerosity.*  The number of women in the class exceeds 2,000. It would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs through joinder.

22.   *Commonality.*  There are questions of law and fact common to the class. The overarching question of law and fact that is common to all members of the class is whether Morgan Stanley, through the acts and/or omissions of its management and supervisory workforce, has adopted and/or maintained a policy or practice of employment discrimination that is generally applicable to the class. This overarching common issue of law and fact includes numerous subissues of law and fact that are also common to all members of the class. These subissues include, but are not limited to, the following:

- Whether Morgan Stanley's female financial advisors and female registered financial advisor trainees have been promoted at rates that are disproportionately low compared to the rates at which male financial advisors and male registered financial advisor trainees have been promoted;

- Whether Morgan Stanley's female financial advisors and female registered financial advisor trainees have been afforded treatment with respect to numerous aspects of employment (including training, account distribution, and partnership arrangements) that is less favorable than the treatment afforded by Morgan Stanley to their male counterparts;

- Whether the reason that Morgan Stanley has afforded its female financial advisors and female registered financial advisor trainees less favorable treatment than their male counterparts is the acceptance of an stereotype;

- Whether the employment policies or practices of Morgan Stanley that have adversely affected its female financial advisors and female registered financial advisor trainees violate Title VII under either a disparate treatment or a disparate impact theory;

- Whether Morgan Stanley's discriminatory employment practices constitute a "continuing violation"; and,

- Whether Morgan Stanley's discriminatory employment practices are sufficiently egregious to justify the imposition of punitive damages under Title VII.

23.   *Typicality.*   The claims of each of the above-identified class representatives are typical of the claims of all class members because: (a) they have all been subjected to the same company-wide practice of gender discrimination in employment; (b) all of their claims are based upon allegations that they have been adversely affected by that practice of gender discrimination in a similar manner in that they have received less favorable treatment than their male counterparts with respect to numerous aspects of employment; and, (c) their claims are all based on the same legal theory or theories.

24.   *Adequacy of Representation.*   All of the above-identified proposed class representatives are adequate representatives of the class because: (1) they are willing and able to represent the proposed class and have every incentive to pursue this action to a successful conclusion; (2) their interests are not in any way antagonistic to those of the other class members; and (3) they are represented by counsel experienced in litigating major class actions in the field of employment discrimination.

72877

25. *Propriety of Maintenance of Class Action Under Fed. R. Civ. P. 23(b)(2).*

Class action status is appropriate under Fed. R. Civ. P. 23(b)(2) because Morgan Stanley has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate. Such generally applicable grounds consist of the adoption and/or maintenance by Morgan Stanley of a common, company-wide policy or practice of gender discrimination in employment to which each member of the class has been subjected. Declaratory and final injunctive relief would predominate over monetary relief.

26. *Propriety of Maintenance of Class Action Under Fed. Civ. P. 23(b)(3).*

Class action status is also appropriate under Fed. R. Civ. P. 23(b)(3). The common questions of law and fact identified above predominate over questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Inasmuch as all members of the class are geographically dispersed throughout the country and allege that they were subjected to the same company-wide policy or practice of gender discrimination, requiring each class member to pursue her claim individually would entail needless duplication and would waste the resources of both the parties and the judiciary. The financial burden of proving Morgan Stanley engaged in such a pattern or practice of discrimination would also make the prosecution of individual actions virtually impossible for most, if not all, members of the class.

72877

## COUNT I

## EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER -- CLASS CLAIMS FOR RELIEF

27.  Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 26 of this Amended Complaint as though set forth here in full.

28.  Plaintiffs and members of the class are employees of Morgan Stanley within the meaning of 42 U.S.C. § 2000(e) *et seq.*

29.  The discriminatory policies or practices of Morgan Stanley, as set forth in this Count, have denied Plaintiffs and members of the class their right to equal employment opportunity in violation of 42 U.S.C. § 2000(e) *et seq.*

30.  Morgan Stanley has adopted and/or maintained a company-wide policy or practice of gender discrimination by, among other things, denying Plaintiffs and members of the class equal opportunities as described above.

31.  Morgan Stanley has adopted and/or maintained subjective employment practices including, but not limited to, subjective practices for assessing and evaluating the ability and potential of its financial advisors and registered financial advisor trainees that have had the adverse impact of denying female financial advisors and female registered financial advisor trainees equal career advancement and other employment opportunities on account of their gender.

32.  By reason of Morgan Stanley's discriminatory policies or practices as set forth in this Count, Plaintiffs and members of the class have suffered damages including, but not limited to, lost income, lost benefits, embarrassment, emotional distress, humiliation, indignity and a reduced quality of life. Plaintiffs and members of the class

72877

are threatened with further injury and loss which are irreparable in nature and for which they have no adequate remedy at law.

## COUNT II

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER -- INDIVIDUAL CLAIMS FOR RELIEF

33.     Plaintiffs Jan Tyler, Cheryl Giustiniano and Laurie Blackburn restate and reallege the allegations contained in Paragraphs 1 through 19 of this Amended Complaint as though set forth here in full.

34.     Plaintiffs Jan Tyler, Cheryl Giustiniano and Laurie Blackburn experienced gender discrimination with respect to the terminations of their employment pursuant to Morgan Stanley's August 2005 "reduction in force." Upon information and belief, Morgan Stanley did not apply its RIF criteria consistently to male and female financial advisors and, as a result, Plaintiffs were terminated whereas similarly situated male financial advisors were retained.

35.     Morgan Stanley's termination of the employment of Plaintiffs was intentional, malicious, deliberate, willful and oppressive, and was carried out with reckless and callous disregard for their respective rights.

36.     By reason of Morgan Stanley's discriminatory and unlawful employment practices as set forth in this Count, Plaintiffs Jan Tyler, Cheryl Giustiniano and Laurie Blackburn have suffered damage including, but not limited to, lost income, lost benefits, embarrassment, emotional distress, physical injury, humiliation, indignity and a reduced quality of life.

72877

## COUNT III

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE -- INDIVIDUAL CLAIMS FOR RELIEF

37. Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw, who are each age 40 or above, restate and reallege the allegations contained in Paragraphs 1 through 19 and 34 of this Amended Complaint as though set forth here in full.

38. Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw were employees of Morgan Stanley within the meaning of 29 U.S.C. § 630 and other applicable civil rights laws prohibiting discrimination in employment on the basis of age.

39. The adverse employment actions experienced by Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw as described above, as well as the adverse treatment of Plaintiff Debra K. Shaw with respect to the company-imposed terms and conditions of the dissolution of her partnership arrangement, were also motivated by age bias in violation of 29 U.S.C. § 621 *et seq.* and other applicable civil rights laws prohibiting discrimination in employment on the basis of age.

40. Morgan Stanley's discriminatory and unlawful employment practices against Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw on the basis of age were intentional, malicious, deliberate, willful and oppressive, and were carried out with reckless and callous disregard for their respective rights.

41. By reason of Morgan Stanley's discriminatory and unlawful employment practices as set forth in this Count, Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw have suffered damage including, but not limited to, lost income, lost benefits,

72877

embarrassment, emotional distress, physical injury, humiliation, indignity and a reduced quality of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectively pray:

1. That this case be maintained as a class action on behalf of the proposed class; that Plaintiffs be designated as representatives of the class, and that their counsel of record be designated as Class Counsel;

2. That the practices of Defendant complained of herein be determined and adjudged to be in violation of the rights of the Plaintiffs and the members of the class under Title VII, the ADEA and state and local laws prohibiting gender and age discrimination in employment;.

3. That a permanent injunction be issued prohibiting Defendant and its officers, agents, employees and successors from engaging in the employment practices complained of herein;

4. That a permanent mandatory injunction be issued requiring that Defendant adopt employment practices in accord with the requirements of Title VII, the ADEA and state and local laws prohibiting gender and age discrimination in employment;

5. That judgment be entered in favor of Plaintiffs and the members of the class set forth herein, and against Defendant, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiffs and the members of the class;

6. That the Plaintiffs and members of the class be awarded compensatory and punitive damages;

72877

7. That Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw be awarded liquidated damages to the extent allowed by law;

8. That the Plaintiffs and members of the class be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable;

9. That the Plaintiffs and members of the class be awarded costs including, but not limited to, attorneys' fees, experts' fees, and other costs and expenses of this litigation; and

10. That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law.

## Jury Demand

Plaintiffs demand trial by jury on all issues triable of right by jury.

This 24th day of April, 2007.

Respectfully submitted,

/s/ Steven M. Sprenger
_____
Steven M. Sprenger (DC No. 418736)
SPRENGER + LANG, PLLC
1400 Eye Street, N.W.
Suite 500
Washington, DC 20005
(202) 265-8010

Mara R. Thompson (MN No. 196125)*
SPRENGER + LANG, PLLC
310 Fourth Avenue S.
Suite 600
Minneapolis, MN 55415
(612) 871-8910

/s/ Cyrus Mehri (By SMS)
_____
Cyrus Mehri (DC No. 420970)
Steven A. Skalet (DC No. 359804)
Lisa M. Bornstein (DC No. 485933)
Sandi Farrell (DC No. 491677)
MEHRI & SKALET, PLLC
1250 Connecticut Ave, N.W.
Suite 300
Washington, DC 20036
(202)822-5100

Chris Moody (NM No. 1850)*
Whitney Warner (NM No. 10600)*
MOODY & WARNER, P.C.
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
(505)944-0033

*ATTORNEYS FOR PLAINTIFFS*
*AND THE CLASS*

\*      Admitted *Pro Hac Vice*

72877