IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Beth Reinke,<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc.,<br><br>Defendant. | Case No. 1:06-cv-01142 (RWR)<br><br>CLASS ACTION |

**JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiffs and Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley"), by and through their respective counsel and pursuant to Fed. R. Civ. P. 23(e), hereby move the Court for preliminary approval of their proposed Settlement Agreement (attached hereto as Exhibit 1), including all orders necessary to effectuate their proposed class action settlement. In support of their motion, the parties state as follows:

1. Following substantial investigation and pre-litigation disclosure as well as extensive arms-length negotiations, the parties have reached a settlement of all claims asserted on behalf of a class (the "Settlement Class") consisting of:

> All women who were employed as Financial Advisors or Registered Financial Advisor Trainees in the Global Wealth Management Group of Morgan Stanley & Co. Incorporated or its predecessor(s) at any time between August 5, 2003 and the date of preliminary approval.

1

2019403

2. The Settlement Class meets all of the requirements of Fed. R. Civ. P. 23(a), and should be certified under both Fed. R. Civ. P. 23(b)(2) and (b)(3).

3. The Court should appoint Mehri & Skalet, PLLC, Sprenger + Lang, PLLC, and Moody & Warner, PC, as class counsel pursuant Fed. R. Civ. P. 23(g) because such counsel have collectively investigated the claims that are the subject of this action and negotiated the terms of the Settlement Agreement. Moreover, above-named counsel are experienced in handling employment discrimination class actions and will commit the necessary resources to represent the Settlement Class. A copy of the Settlement Agreement, including exhibits thereto, is attached hereto as Exhibit 1.

4. The parties' proposed Settlement Agreement was negotiated at arms' length and in good faith. It is fair, adequate and reasonable in all respects and, therefore, should be given preliminary approval. The Settlement Agreement includes both programmatic and monetary relief.

5. The programmatic relief will apply to the Global Wealth Management Group of Morgan Stanley ("MS-GWMG") and will remain in effect for five years from the date that the Settlement Agreement becomes final. It includes, but is not limited to, the following:

- MS-GWMG will make significant changes to its account distribution policies and procedures, including reducing reliance on historical factors and more heavily weighting criteria which reflect recent performance.
- The parties will appoint two industrial psychologists to serve as experts to develop innovative, meaningful, novel, state of the art programs and to

> make recommendations to improve the attraction, retention, and success of women financial advisors.
>
> - MS-GWMG will hire a Diversity Monitor who will review data and complaints regarding account distributions, monitor management training on EEO policies, and review Human Resources' investigation and resolution of complaints. The Diversity Monitor will provide reports to MS-GWMG and Class Counsel at least twice each year during the term of the Settlement Agreement.

6. The total settlement amount to be paid by Morgan Stanley within 10 days following preliminary approval is $46 million. This amount is inclusive of all payments to Class Members, including Named Plaintiffs, as well as Class Counsel's past and future attorneys' fees and expenses, and the costs of administering the settlement. Morgan Stanley will also be responsible for paying the employer's share of applicable withholding and employment taxes due on individual Class Member awards, which amount shall be calculated in the future.

7. The distribution of the above-described settlement amount will be handled through a qualified settlement fund. The entry of proposed Administrative Order No. 1 (attached as Exhibit D to the Settlement Agreement) is required to establish the qualified settlement fund to receive the settlement funds and invest those funds. Between initial funding of the settlement and the date of disbursements, interest will accrue on the initial principal settlement amount.

8. The parties request that the Court approve their proposed form of Class Notice (attached as Exhibit C to the Settlement Agreement). Pursuant to L. Cv. R.

2019403

23.1(c), the parties propose that the notice required by Rule 23(e)(2) be handled in the manner described in the Settlement Agreement at Section IV.C.

9. It is Class Counsel's opinion that the Settlement is in the public interest and beneficial to the members of the Settlement Class, more so than litigating this case through discovery, motion practice, class certification, and trial, which would be risky, time consuming, and expensive, with no guarantee of success. The settlement provides substantial monetary and non-monetary benefits to the class in a reasonably short time frame, as well as substantial programmatic relief. Class Counsel highly recommends its approval.

10. The parties respectfully refer the Court to their respective memoranda and declarations in support of preliminary approval of their proposed class action settlement agreement.

WHEREFORE, the parties jointly pray that the Court enter the following orders:

(1) An order preliminarily approving the Settlement Agreement, including the parties' proposed forms of class notice, claim form and releases;

(2) An order establishing appropriate dates for (a) the filing and service of Class Member opt-out statements and objections, and (b) the submission of Claim Forms by Class Members; and (c) a settlement hearing;

(3) An order provisionally certifying the Settlement Class pursuant to Fed. R. Civ. P. 23(b(2) and (b)(3), provisionally appointing plaintiffs Augst-Johnson, Reeves, Shaw, Tyler, Giustiniano, Blackburn, Tarantino and Reinke as class representatives, and provisionally appointing attorneys Mehri, Skalet, Bornstein, Farrell, Sprenger, Thompson, Moody, and

2019403

Warner as Class Counsel, and attorneys Mehri and Sprenger as Lead Class Counsel;

(4) An order appointing Tommy Warren as Special Master;

(5) An order enjoining Class Members from prosecuting individual claims in federal or state court to the extent such claims are subsumed within the proposed Settlement unless until such time as those Class Members make an election to opt out of the Settlement;

(6) An order protecting the confidentiality of the documents exchanged by the parties during settlement negotiations;

(7) An order establishing and governing an entity to be known as the MS-GWMG Financial Advisor Sex Discrimination Settlement Fund in the form of Administrative Order No. 1.

2019403

Dated: April 24, 2007

          Respectfully submitted,

/s/ Steven M. Sprenger
Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W.
Suite 500
Washington, DC 20005
(202) 265-8010

Mara R. Thompson (*Pro Hac Vice*)
SPRENGER & LANG, PLLC
310 Fourth Avenue S.
Suite 600
Minneapolis, MN 55415
(612) 871-8910

Cyrus Mehri (DC No. 420970)
Steven A. Skalet (DC No. 359804)
Lisa M. Bornstein (DC No. 485933)
Sandi Farrell (DC No. 491677)
MEHRI & SKALET, PLLC
1250 Connecticut Ave. NW
Suite 300
Washington, DC 20036
(202)822-5100

Christopher M. Moody (*Pro Hac Vice*)
Whitney Warner (*Pro Hac Vice*)
MOODY & WARNER, P.C.
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
(505)944-0033

***Attorneys for Plaintiffs and the Class***

2019403

Dated: April 24, 2007


**/s/ Mark S. Dichter**_____
Mark S. Dichter, Esq.
Email:  mdichter@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Telephone:  (215) 963-5291
Facsimile:   (215) 963-5299

*Attorneys for Defendant*
*Morgan Stanley& Co. Incorporated,*
   *formerly known as Morgan Stanley DW Inc.*

2019403