IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino and Elizabeth Reinke,<br><br>On behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc.,<br><br>        Defendant. | Civil No. 1:06-cv-01142<br> (RWR/DAR)<br><br>CLASS ACTION |

## DECLARATION OF STEVEN M. SPRENGER

I, Steven M. Sprenger, hereby declare and state, as follows:

1. I am over the age of eighteen years. I have personal knowledge of the facts set forth herein, and am competent to testify thereto.

2. I am co-lead counsel for the plaintiffs in the above-referenced action.

Qualifications of Proposed Class Counsel

3. I graduated with high distinction from the University of Iowa College of Law in 1988, and was a member of the Iowa Law Review and Iowa Moot Court Board. Following graduation from law school, I was employed as an associate attorney by Arent Fox Kintner Plotkin & Kahn in Washington, D.C. from 1988 until 1992, and by Shook Hardy & Bacon in Kansas City, Missouri from 1992 until 1993. Thereafter, I founded my own private practice in Kansas City, Missouri focusing on the representation of employees in individual and class employment litigation in federal court. In 2000, I joined Sprenger & Lang, PLLC, and am

2019401

currently a member in the firm's Washington office. I was recently recognized by *Lawdragon Magazine* (Jan./Feb. 2007) as being one of "500 Leading Plaintiffs' Lawyers In America."

4. I currently serve or have previously served as lead class counsel or co-lead class counsel for certified plaintiff classes in *Carlson, et al. v. C.H. Robinson Worldwide, Inc.*, No. 02-3780 (D. Minn.) (Ericksen, J.) (gender discrimination); *Nauman, et al. v. Abbott Laboratories and Hospira, Inc.*, No. 04C7199 (N.D. Ill.) (Gettleman, J.); *Turner v. Torotel, Inc.*, No. 96-0646-CV-W-5 (W.D. Mo.) (Laughrey, J.) (race discrimination), and *Eickhoff v. City of Kansas City, Kansas*, No. 98-2372-KHV (D. Kan.) (Vratil, J.) ("reverse" discrimination). In addition, I have previously served as class counsel for the certified plaintiff class in *Kosen v. American Express Financial Advisors, Inc.*, No. 1:02CV00082 (HHK) (D.D.C.) (Kennedy, J.) (gender discrimination).

5. All of the above-referenced discrimination class actions were brought under Title VII, and resulted in successful recoveries of monetary and programmatic relief for class members as reflected in a court-approved consent decree. In the most recently resolved Title VII class action, Judge Ericksen observed that "[c]lass counsel achieved substantial monetary relief and substantial programmatic relief" and "demonstrated considerable skill and determination throughout [the] litigation." *Carlson v. C.H. Robinson Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 67108, *14 (D. Minn. Sept. 18, 2006).

6. I have previously served as trial counsel in more than ten trials, including as lead trial counsel in five jury trials. In three of those jury trials, I represented plaintiffs bringing claims under Title VII: *Baty v. Willamette Industries, Inc.*, No. 96-2181-JWL (D. Kan.) (Lungstrum, J.) (sexual harassment and retaliation verdict for plaintiff); *Dhyne v. Meiner's Thriftway, Inc.*, No.

96-1298-CV-W-2 (W.D. Mo.) (Gaitan, J.) (sexual harassment verdict for plaintiff), and *Townsend v. Lumbermens Mutual Casualty Co.*, No. 98-2356-JWL/CM (D. Kan.) (Lungstrum, J.; Murghia, J.) (verdict for defendant on race discrimination claims reversed by Tenth Circuit and remanded). Most recently, I served as trial counsel for plaintiffs in *Hill v. Republic of Iraq and Saddam Hussein*, No. 99-3346 (D.D.C.) (Jackson, J.) (judgments for plaintiffs entered by court under Foreign Sovereign Immunities Act after *ex parte* evidentiary hearing and written submissions).

7. Mara R. Thompson, a partner in our firm's Minneapolis office, is also representing the plaintiffs in this action. Ms. Thompson is a 1988 graduate, with honors, from the University of Minnesota law school. She was employed as an associate attorney by Harstad & Rainbow in Minneapolis, MN from 1988 until 1991, and by Gray Plant Mooty from the merger of the Harstad firm into Gray Plant in 1991 until 1994. She joined Sprenger & Lang in 1994. Prior to joining Sprenger & Lang in 1994, Ms. Thompson primarily defended employment discrimination cases. Since joining Sprenger & Lang, Ms. Thompson has spent nearly all of her time prosecuting class action employment discrimination cases.

8. Ms. Thompson currently serves or has served as class counsel for certified plaintiff classes in *Carlson, et al. v. C.H. Robinson Worldwide, Inc.*, No. 02-3780 (D. Minn.) (Ericksen, J.) (gender discrimination); *Kosen v. American Express Financial Advisors, Inc.*, No. 02CV00082 (HHK) (D.D.C.) (Kennedy, J.) (gender discrimination), *Beckmann v. CBS, Inc.*, No. 3-96-1172 (D. Minn.) (Frank, J.) (gender discrimination), *Thornton v. Amtrak*, No. 98CV0890 (D.D.C.) (Sullivan, J.) (race discrimination), *McLaurin v. Amtrak*, No. 98CV2019 (D.D.C.) (Sullivan, J.) (race discrimination), *Franklin v. First Union*, No. 3:99-CV-344 (E. D. Va.) (Williams, J.) (ERISA), *Lucich v. New York Life*, No. 01-Civ-1747 (S.D.N.Y.) (Greisa, J.)

(ERISA), *Gentry v. Nightrider/IKON*, No. 3:96-CV-1121 (N.D. Tex.) (Fish, J.) (race and national origin discrimination), *Aburime v. Northwest Airlines, Inc.*, No. 3-89-402 (D. Minn.) (Alsop, J.) (race discrimination), and *Rogers v. FMC Corp.*, No. 00-cv-5045 (N.D. Ill.) (Gottschall, J.) (race discrimination).

9. Regardless of whether the Court approves the parties' proposed settlement, Sprenger & Lang, along with co-counsel, will continue to devote the necessary resources to protect the interests of the proposed class and to prosecute this case to a speedy and successful resolution, including through trial and appeal.

<u>Brief Summary of Representation To Date</u>

10. During the last two plus years, Sprenger & Lang, PLLC, along with co-counsel, has devoted the personnel and financial resources necessary to, among other things: draft and/or amend plaintiffs' EEOC charges; interview more than 200 potential witnesses, including class members; work with consulting experts to review and analyze defendant's electronic payroll and account transfer data, and formulate programmatic relief proposals; participate in a lengthy mediation process with defendant, which was facilitated by Hunter Hughes, a highly skilled and experienced mediator, and culminated in the execution of the Settlement Agreement; and draft appropriate documents to obtain approval of the parties' proposed class action settlement.

<u>Opinion of Proposed Class Counsel as to "Fairness, Reasonableness and Adequacy" of the Proposed Class Settlement</u>

11. It is my opinion, shared by Mara R. Thompson, other co-counsel and the plaintiffs, that the proposed Settlement Agreement is fair, reasonable and adequate in light of the relief likely to be obtained through continued litigation, and the risks and delays of continued litigation. First, and most importantly, the Settlement Agreement provides for far-reaching, cutting-edge

4

2019401

programmatic relief designed to prospectively eliminate gender discrimination in business opportunities affecting compensation, and promotions attributable to the subjective bias of defendant's management as well as the continuing effects of historical discrimination. Second, the Settlement Agreement provides for substantial monetary relief. The $46 million is among the highest ever negotiated in the settlement of a gender discrimination class action. And while this amount is less than the gross W-2 earnings disparity between defendant's male and female financial advisors, it is substantially more than the earnings disparity between male and female financial advisors that can be traced directly to defendant's policies and practices with respect to account distributions. When weighed against the prospect of 5-10 years of expensive litigation, including the significant risks associated with class certification, summary judgment and proof of damages, the settlement is an outstanding result for the proposed class.

12. The proposed programmatic and monetary relief negotiated in this case compares favorably with the relief obtained in *Kosen, et al. v. American Express Financial Advisors Inc.*, the most analogous case in this District. A true and correct copy of Judge Kennedy's June 16, 2002 Order Approving Consent Decree in the *Kosen* case is attached hereto as Exhibit A. In *Kosen*, plaintiffs similarly alleged sex discrimination with respect to compensation, promotions and other business opportunities on behalf of a nationwide class of female financial advisors. In *Kosen*, the term of the settlement was four years whereas here it is five years. In *Kosen*, the class size was 4,411 and the monetary relief was $31 million dollars. Here, the class size of approximately 2,700 is considerably smaller and the monetary relief of $46 million is considerably greater. Finally, in *Kosen* the Court awarded attorneys' fees and costs of 35% of the common

fund whereas here class counsel is seeking attorneys' fees and costs of less than 30% of the common fund.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of April, 2007 in Washington, D.C.

/s/ Steven M. Sprenger
Steven M. Sprenger
