IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Morgan Stanley & Co., Incorporated, f/k/a Morgan Stanley DW Inc.,<br><br>Defendant. | Case No. 1:06-cv-01142 (RWR)<br><br>CLASS ACTION<br><br>JURY TRIAL DEMAND |

I, Joanne Augst-Johnson, a resident of Plymouth, Minnesota, am a 54-year-old female. I make this declaration freely and truthfully. I have first-hand, personal knowledge of the facts I describe and could testify to these facts. I hereby declare that the following is true and accurate:

1.  I understand that a class action lawsuit alleging employment discrimination has been filed against Morgan Stanley & Co., Incorporated, formerly known as Morgan Stanley DW Inc. ("Morgan Stanley") and that this Declaration may be used by the plaintiffs in connection with this case.

2.  I was a financial advisor with Morgan Stanley or its predecessor Dean Witter from December 1999 until January 2006 when I was forced to leave Morgan Stanley due to discrimination and intolerable working conditions.

73815

3.  In 2004, I filed an EEOC charge against Morgan Stanley asserting individual sex discrimination claims. I received Notice of Right to Sue from the EEOC December 27, 2004 and became a named plaintiff in the original complaint in this case filed with the Court on June 22, 2006.

4.  I believe that Morgan Stanley discriminated against me because of my sex in compensation, promotions, business opportunities and other terms and conditions of my employment.

5.  I understand that Class Counsel is moving for approval of a proposed settlement which would require defendant Morgan Stanley to make certain changes to its policies and practices and to pay forty-six million dollars ($46,000,000) into an interest bearing Settlement Fund within ten days of preliminary approval. After final approval, Morgan Stanley will also be required to fund additional payments for the employer's share of payroll taxes on the Settlement funds distributed to class members. The money in the Settlement Fund will be distributed to the named plaintiffs, eligible class members and Class Counsel for attorneys' fees and costs, and costs for the claims administration process.

6.  I have read the Settlement Agreement and I approve of the proposed settlement. I believe the proposed settlement provides a fair resolution of the claims involved in this matter. I understand that I may participate in the claims process, described in the Settlement Agreement, which will determine the allocation of the Class Claims portion of the Settlement Fund.

7.  Class Counsel has informed me that the distribution of the Class Claims Portions of the Settlement Fund will be completed based on (1) an Earnings Regression

model and (2) a mathematical formula applied uniformly to responses on claim forms received from eligible class members. Although I do not yet know the details of the formula that will be used, I believe that a consistently and uniformly-applied formula is a fair, reasonable, and adequate way of distributing the monies in the Class Claims Portions of the Settlement Fund.

8.  I also understand that I am eligible to receive contribution credit from the Special Master for my participation in the prosecution of this litigation, which included filing an EEOC charge, becoming a named plaintiff, submitting documents and other information at my attorneys' requests, providing input regarding the programmatic relief portion of the settlement, and assisting with information gathering and referring other people with knowledge about the claims to my attorneys. I believe it is fair and reasonable to grant a contribution credit to those plaintiffs and claimants who contributed to the prosecution of this case.

9.  I further understand that I am eligible to receive credit from the Special Master for releasing any individual, non-class claims asserted in an EEOC charge filed before December 2006 that are not covered by the class-wide scope of the settlement. I believe it is fair and reasonable to grant credits to those plaintiffs who release individual, non-class claims not covered by the scope of the class settlement but asserted in an EEOC charge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

73815

Executed this 19 day of April, 2007 at Plymouth, Minnesota.

*[signature]*
Joanne Augst-Johnson