IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke | Case No. 1:06-cv-01142 (RWR) |
| On behalf of themselves and all others similarly situated, | CLASS ACTION |
| Plaintiffs, | JURY TRIAL DEMAND |
| v. | |
| Morgan Stanley & Co., Incorporated, f/k/a Morgan Stanley DW Inc., | |
| Defendant. | |

    I, Debra K. Shaw, a resident of Hayden, Colorado, am a 58-year-old female. I make this declaration freely and truthfully. I have first-hand, personal knowledge of the facts I describe and could testify to these facts. I hereby declare that the following is true and accurate:

    1.    I understand that a class action lawsuit alleging employment discrimination has been filed against Morgan Stanley & Co., Incorporated, formerly known as Morgan Stanley DW Inc. ("Morgan Stanley") and that this Declaration may be used by the plaintiffs in connection with this case.

    2.    I have been in the financial advising business since joining Merrill Lynch as a financial advisor in 1981 in Sacramento, California. I moved to E.F. Hutton in Denver, Colorado in 1985. I remained there until 1991 when I joined Dean Witter, in Denver, Colorado. Dean Witter merged with Morgan Stanley and became Morgan

73782

Stanley DW Inc., the name formerly used by the defendant listed above. I remained a financial advisor with Morgan Stanley until January 7, 2005 when I was forced to leave Morgan Stanley due to intolerable working conditions. At the time I left Morgan Stanley, I was a First Vice-President, a position earned only through distinctive service and high levels of production as a financial advisor at Morgan Stanley.

3. In August 2005, I filed an EEOC charge against Morgan Stanley asserting individual age discrimination and retaliation claims. I amended that charge in December 2005 when I filed an amended charge asserting class-wide gender discrimination and individual age discrimination and retaliation claims. I requested a Notice of Right to Sue from the EEOC and became a named plaintiff in the original complaint in this case filed with the Court on June 22, 2006.

4. I believe that Morgan Stanley discriminated against me because of my sex and age in compensation, promotions, business opportunities and other terms and conditions of my employment. I also believe that Morgan Stanley discriminated against me on the basis of my sex and age and retaliated against me for complaining about that discrimination and unfair treatment.

5. I understand that Class Counsel is moving for approval of a proposed settlement which would require defendant Morgan Stanley to make certain changes to its policies and practices and to pay forty-six million dollars ($46,000,000) into an interest bearing Settlement Fund within ten days of preliminary approval. After final approval, Morgan Stanley will also be required to fund additional payments for the employer's share of payroll taxes on the Settlement funds distributed to class members. The money in the Settlement Fund will be distributed to the named plaintiffs, eligible class members

73782

4/19/07

and Class Counsel for attorneys' fees and costs, and costs for the claims administration process.

6. I have read the Settlement Agreement and I approve of the proposed settlement. I believe the proposed settlement provides a fair resolution of the claims involved in this matter. I understand that I may participate in the claims process, described in the Settlement Agreement, which will determine the allocation of the Class Claims portion of the Settlement Fund.

7. Class Counsel has informed me that the distribution of the Class Claims Portions of the Settlement Fund will be completed based on (1) an Earnings Regression model and (2) a mathematical formula applied uniformly to responses on claim forms received from eligible class members. Although I do not yet know the details of the formula that will be used, I believe that a consistently and uniformly-applied formula is a fair, reasonable, and adequate way of distributing the monies in the Class Claims Portions of the Settlement Fund.

8. I also understand that I am eligible to receive contribution credit from the Special Master for my participation in the prosecution of this litigation, which included filing an EEOC charge, becoming a named plaintiff, submitting documents and other information at my attorneys' requests, providing input regarding the programmatic relief portion of the settlement, and assisting with information gathering and referring other people with knowledge about the claims to my attorneys. I believe it is fair and reasonable to grant a contribution credit to those plaintiffs and claimants who contributed to the prosecution of this case.

9.  I further understand that I am eligible to receive credit from the Special Master for releasing any individual, non-class claims asserted in an EEOC charge filed before December 2006 that are not covered by the class-wide scope of the settlement. I believe it is fair and reasonable to grant credits to those plaintiffs who release individual, non-class claims not covered by the scope of the class settlement but asserted in an EEOC charge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 19 day of April, 2007 at Hayden, Colorado.

_____
Debra K. Shaw