IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke | Case No. 1:06-cv-01142 (RWR) |
| On behalf of themselves and all others similarly situated, | CLASS ACTION |
| Plaintiffs, | JURY TRIAL DEMAND |
| v. | |
| Morgan Stanley & Co., Incorporated, f/k/a Morgan Stanley DW Inc., | |
| Defendant. | |

I, Jan Tyler, a resident of Denver, Colorado, am a 56-year-old woman and make this declaration freely and truthfully. I have first-hand, personal knowledge of the facts I describe and could testify to these facts. I hereby declare that the following is true and accurate:

1. I understand that a class action lawsuit alleging employment discrimination has been filed against Morgan Stanley & Co., Incorporated, formerly known as Morgan Stanley DW Inc., ("Morgan Stanley") and that this Declaration may be used by the plaintiffs in connection with this case.

2. I was a financial advisor at Morgan Stanley from October 1996 though August 2005 when I was terminated as part of a reduction in force initiated by Morgan Stanley. At the time of my termination, I held the titles of Associate Vice President, Retirement Planning Specialist and Financial Advisor.

73778

3. I filed an EEOC charge against Morgan Stanley in April 2005 and amended that charge in February 2006 asserting class-wide sex discrimination claims and individual age discrimination and retaliation claims. I requested a Notice of Right to Sue from the EEOC and became a named plaintiff in the original complaint in this case filed with the Court on June 22, 2006.

4. I believe that Morgan Stanley discriminated against me because of my sex and age in compensation, promotions, business opportunities and other terms and conditions of my employment. I also believe that Morgan Stanley discriminated against me on the basis of my sex and age and retaliated against me for filing an EEOC charge in April 2005 when I was terminated in August 2005 as part of the reduction in force.

5. I understand that Class Counsel is moving for approval of a proposed settlement which would require defendant Morgan Stanley to make certain changes to its policies and practices and to pay forty-six million dollars ($46,000,000) into an interest bearing Settlement Fund within ten days of preliminary approval. After final approval, Morgan Stanley will also be required to fund additional payments for the employer's share of payroll taxes on the Settlement funds distributed to class members. The money in the Settlement Fund will be distributed to the named plaintiffs, eligible class members and Class Counsel for attorneys' fees and costs, and costs for the claims administration process.

6. I have read the Settlement Agreement and I approve of the proposed settlement. I believe the proposed settlement provides a fair resolution of the claims involved in this matter. I understand that I may participate in the claims process,

described in the Settlement Agreement, which will determine the allocation of the Class Claims portion of the Settlement Fund.

7. Class Counsel has informed me that the distribution of the Class Claims Portions of the Settlement Fund will be completed based on (1) an Earnings Regression model and (2) a mathematical formula applied uniformly to responses on claim forms received from eligible class members. Although I do not yet know the details of the formula that will be used, I believe that a consistently and uniformly-applied formula is a fair, reasonable, and adequate way of distributing the monies in the Class Claims Portions of the Settlement Fund.

8. I also understand that I am eligible to receive contribution credit from the Special Master for my participation in the prosecution of this litigation, which included filing an EEOC charge, becoming a named plaintiff, submitting documents and other information at my attorneys' requests, providing input regarding the programmatic relief portion of the settlement, and assisting with information gathering and referring other people with knowledge about the claims to my attorneys. I believe it is fair and reasonable to grant a contribution credit to those plaintiffs and claimants who contributed to the prosecution of this case.

9. I further understand that I am eligible to receive credit from the Special Master for releasing any individual, non-class claims asserted in an EEOC charge filed before December 2006 that are not covered by the class-wide scope of the settlement. I believe it is fair and reasonable to grant credits to those plaintiffs who release individual, non-class claims not covered by the scope of the class settlement but asserted in an EEOC charge.

73778

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 17 day of April, 2007 at Denver, Colorado.

_____
Jan Tyler

73778