IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke, <br><br> On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc., <br><br> Defendant. | Case No. 1:06-cv-01142 (RWR) <br><br> CLASS ACTION <br><br> JURY TRIAL DEMAND |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Upon consideration of the Joint Motion for Preliminary Approval of Class Action Settlement Agreement, and separate supporting memoranda and materials filed by the parties, including the proposed Settlement Agreement, it is hereby ordered that the Motion be, and it is, **GRANTED**.

The Court further makes the following findings and rulings:

1. **Jurisdiction.** This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Settlement Class as defined below.

2. **No Determination.** This Court hereby decrees that neither the Settlement Agreement, nor this preliminary approval order, nor the fact of a settlement, are an admission or concession by the Defendant of any liability or wrongdoing whatsoever.

2019445

3.     **Proposed Settlement**.  The Court finds preliminarily that the parties' proposed Settlement Agreement is fair, adequate and reasonable, and, therefore, warrants submission to members of the Settlement Class for their consideration and a formal fairness hearing under Fed. R. Civ. P. 23(e).

4.     **Settlement Class Certification.**  The Court provisionally finds that the requirements of Fed. R. Civ. P. 23(a) have been satisfied, and that the class-wide claims asserted in the Amended Complaint may be certified pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3). The Settlement Class shall consist of:

> All women who were employed as Financial Advisers or Registered Financial Advisor Trainees in the Global Wealth Management Group of Morgan Stanley & Co. Incorporated, or its predecessor(s), at any time between August 5, 2003 and the date of this Order.

This Court's certification of the Settlement Class is for purposes of the Settlement Agreement and is provisional pending final approval of the Settlement Agreement.  If the Settlement Agreement is not approved, this certification will be null and void.

5.     **Appointment of Class Representatives and Class Counsel**.  The Court finds that Plaintiffs and their counsel are adequate representatives of the Settlement Class. Accordingly, the Court appoints Plaintiffs Augst-Johnson, Reeves, Shaw, Tyler, Giustiniano, Blackburn, Tarantino and Reinke as Class Representatives, and Cyrus Mehri, Steven A. Skalet, Sandi Farrell and Lisa M. Bornstein of Mehri & Skalet, PLLC; Steven M. Sprenger and Mara R. Thompson of Sprenger + Lang, PLLC; and Chris Moody and Whitney Warner of Moody & Warner, P.C., as Class Counsel.  The Court further designates Cyrus Mehri and Steven M. Sprenger to serve as Lead Class Counsel.

6. **Special Master**. The Court appoints Tommy Warren of Settlement Services Inc. to serve as the Special Master, whose duties are set forth in Section VIII of the Settlement Agreement.

7. **Notice and Claim Form**. The attached Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing ("Notice") and Claim Form are hereby approved as reasonable, adopted and incorporated herein. The parties are directed to serve the Notice and Claim Form on class members as set forth in the Section IV.C of the Settlement Agreement.

8. **Requests for Exclusion**. The Notice sets forth the procedures pursuant to which members of the Settlement Class may exclude themselves ("opt-out") from the monetary benefits of the Settlement Agreement. The deadline for Class Members to serve any request for exclusion shall be _____ ____, 2007.

9. **Objections to the Proposed Settlement**. The Notice sets forth the procedures pursuant to which members of the Settlement Class may object to the terms of the Settlement Agreement. The deadline for Class Members to serve any objection to the proposed Settlement shall be _____ ____, 2007.

10. **Claim Forms/Participation in the Proposed Settlement.** The Notice sets forth procedures pursuant to which members of the Settlement Class may participate in the monetary portion of the proposed Settlement Agreement. The postmark deadline for Class Members to submit a Claim Form shall be _____ ____, 2007.

11. **Motion for Final Approval.** The deadline for the parties to file motions for final approval of their proposed class action settlement and to address any objections to the Settlement Agreement, including Class Counsel's motion for an award of attorneys' fees and non-taxable costs, shall be _____ ____, 2007.

2019445

12. **Settlement Hearing**. A hearing shall be held in Courtroom ____, United States Courthouse, 333 Constitution Ave., N.W., Washington, D.C., at 10:30 a.m. on July 27, 2007 to consider motions for final approval of the proposed Settlement Agreement and Class Counsel's motion for an award of attorneys' fees and non-taxable costs ("Settlement Hearing"). The procedures for members of the Settlement Class to object to the Settlement Agreement and to appear at the Settlement Hearing are set forth in the Notice.

13. **Confidentiality**. The Court hereby enjoins disclosure to third parties of the documents and information discussed or exchanged during the parties' confidential settlement negotiations and mediation to any third party not specified in the parties' confidentiality agreements..

14. **Other Cases Enjoined**. The Court hereby preliminarily enjoins: (a) each member of the Settlement Class from commencing, prosecuting, or maintaining any claim which is subsumed within the proposed Settlement Agreement unless and until such time as the Class Member makes an irrevocable election to exclude herself from the Settlement Class; and (b) each member of the Settlement Class, including any member who makes an irrevocable election to exclude herself from the Settlement Class, from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Settlement Agreement.

So **ORDERED** this ____ day of _____, 2007.

_____
Richard W. Roberts
United States District Judge

2019445

**Copies to:**

Cyrus Mehri, Esq.
Steven A. Skalet, Esq.
Sandi Farrell, Esq.
Lisa Bornstein, Esq.
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, N.W.  Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

Christopher Moody, Esq.
Whitney Warner, Esq.
MOODY & WARNER, P.C.
4169 Montgomery NE
Albuquerque, NM 87109
Telephone: (505) 944-0033

Steven M. Sprenger, Esq.
SPRENGER + LANG, PLLC
1400 Eye Street, N.W. Suite 500
Washington, DC 20005
Telephone: (202) 265-8010
Facsimile: (202) 332-6652

Mara R. Thompson, Esq.
SPRENGER + LANG, PLLC
310 Fourth Avenue South, Suite 600
Minneapolis, MN 55415
Telephone: (612) 871-8910
Facsimile: (612) 871-9270

*Attorneys for Plaintiffs and the Class*

Mark S. Dichter, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5291
Facsimile: (215) 963-5299

*Attorneys for Defendant*
*Morgan Stanley & Co. Incorporated,*
  *formerly known as Morgan Stanley DW Inc.*

2019445