IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, and Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke, <br><br> On behalf of themselves and all others similarly situated, <br><br>      Plaintiffs, <br><br> v. <br> Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc., <br><br>      Defendant. | Case No. 1:06-cv-01142 (RWR) <br><br> CLASS ACTION <br><br> JURY TRIAL DEMAND |

**JOINT MOTION FOR LEAVE TO FILE APPENDICES 1 AND 2 TO THE SETTLEMENT AGREEMENT UNDER SEAL AND MEMORANDUM IN SUPPORT**

After approximately two years of negotiations, the parties reached a proposed class action settlement (the "Settlement Agreement") in this matter. After finalizing the terms of the Settlement Agreement, the parties filed a joint motion for preliminary approval of the Settlement Agreement on April 24, 2007. The parties' agreement, however, requires that Appendices 1 and 2 to the Settlement Agreement be filed with the Court under seal. Appendix 1 is a document that details the specific numbers of opt outs that would allow Defendant Morgan Stanley to terminate the Settlement Agreement and Appendix 2 is a document that details the confidential and proprietary formula developed by Morgan Stanley for account distribution. The parties, therefore, hereby jointly move the Court, pursuant to Local Civil Rule 5.1(j), for leave to file Appendices 1 and 2 to the Settlement Agreement under seal.

I. **ARGUMENT**

    A. **This Court Has Discretion To Permit The Filing Of Documents Under Seal.**

The decision to permit documents to be filed under seal "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). In making this decision, a district court should consider six factors: (1) the need for public access to the documents, (2) the extent to which the public had access to the documents before the sealing order, (3) the fact that a party has objected to disclosure and the identity of that party, (4) the strength of the property and privacy interests involved, (5) the possibility of prejudice to those opposing disclosure, and (6) the purposes for which the documents were introduced. *Id.* at 1277 n.14 (citing *U.S. v. Hubbard*, 650 F.2d 293, 315-322 (D.C. Cir. 1980)). As discussed in detail below, and in light of these factors, the Court should grant the parties' joint motion for leave to file Appendices 1 and 2 under seal.

    B. **The Court Should Permit Appendix 1 To Be Filed Under Seal Because The Public Has No Legitimate Use For The Information, And Its Disclosure Could Jeopardize This Settlement And Prejudice The Parties.**

The Court should allow Appendix 1 to be filed under seal because the public has no legitimate need for the information, and its disclosure could jeopardize this settlement and prejudice the parties' interests. As noted above, the Settlement Agreement in this Action is the result of nearly two years of extensive negotiations between the parties. As a result of these negotiations, the parties have entered into a Settlement Agreement that they believe will significantly benefit the proposed class. To protect Defendant from the need to defend a multitude of separate actions if a significant number of putative class members opt out, the Settlement Agreement contains a provision that gives Defendant the right to withdraw from and terminate the Settlement Agreement if a specified number of putative class members opt out.

Appendix 1 to the Settlement Agreement specifies the number of opt outs that trigger this right.

There is no legitimate public use for the information contained in Appendix 1. Indeed, the only conceivable use of this information would be for improper purposes. For example, unscrupulous counsel who have not been involved in the settlement negotiations might use the information to solicit a sufficient number of class members to opt out of the settlement in order to extort money from the parties by threatening to derail the Settlement Agreement. There is no reason to facilitate such improper activities by disclosing Appendix 1 to the public.

In addition, the D.C. Circuit's six factor test supports the sealing of Appendix 1: (1) as discussed above, the public has no legitimate need or use for this information; (2) the public has never before had access to the information; (3) the parties to this agreement object to the information's disclosure; (4) the parties have a strong privacy interest in the information to prevent its use as a tool to facilitate the intentional disruption of this Settlement; (5) two years of negotiations and a Settlement Agreement providing significant value to the putative class could be jeopardized if the information is disclosed; and (6) the information has been used solely to allow this Court to assess the fairness of the proposed Settlement Agreement. *See Johnson*, 951 F.2d at 1277 n. 14. The parties, therefore, respectfully request that the Court permit them to file Appendix 1 to the Settlement Agreement under seal.

### C. The Court Should Permit Appendix 2 To Be Filed Under Seal Because It Contains Proprietary, Confidential Business Information.

The Court should permit the parties to file Appendix 2 under seal because it contains proprietary, confidential business information. Plaintiffs in this case are or were Financial Advisors or Registered Financial Advisor Trainees employed by Defendant. Among other things, Plaintiffs' Amended Complaint challenged Defendant's policies and practices concerning the manner in which Defendant reassigned the accounts of departing Financial Advisors to the

3

remaining Financial Advisors in a given branch. When a Financial Advisor departs, Defendant must reassign the departing Financial Advisor's clients to the remaining Financial Advisors in the branch so that those accounts can continue to be serviced by Defendant. To formalize and streamline the reassignment process, Defendant developed a proprietary, confidential formula that generates a monthly ranking of the Financial Advisors in each branch (the "Power Rankings"). These monthly Power Rankings are used to quickly and objectively reassign the accounts of departing Financial Advisors to remaining branch Financial Advisors.

As a result of the parties' extensive settlement negotiations, Defendant has agreed to make changes to the Power Ranking system and its formula. Appendix 2 to the Settlement Agreement details the revised Power Ranking system formula, including the specific methodology and factors by which Power Rankings will be determined. This Power Ranking methodology reflects confidential business information created and utilized by Defendant in its business operations. Defendant has developed the proprietary Power Ranking formula at significant time and expense as a means of efficiently and objectively reassigning accounts to its Financial Advisors. Defendant would be at a competitive disadvantage if its competitors in the financial services industry were able to access the Power Ranking formula and to use the formula for their own competitive advantage. Because this information is highly confidential and proprietary to Defendant, an order granting the parties leave to file Appendix 2 of the Settlement Agreement under seal is warranted.

It is widely accepted that a court may permit documents containing confidential business information to be filed under seal. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 588, 598 (1978) ("the common-law right of inspection has bowed before the power of a court to insure that its records are not [used] . . . as sources of business information that might harm a litigant's

competitive standing"); *S.E.C. v. Bilzerian*, No. 89-1854, 2003 WL 23997328 (D.D.C. July 16, 2003) (noting that the court permitted an exhibit to a settlement agreement containing confidential business information to be filed under seal); *Campbell v. Ethex Corp.*, 464 F. Supp. 2d 559, 561 (W.D. Va. 2006) (permitting the filing of settlement documents under seal where defendant could suffer competitive harm by their disclosure); *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner J.) (permitting portions of settlement agreement to be filed under seal where their disclosure could give competitors an "unearned competitive advantage").

Furthermore, the D.C. Circuit's six-factor test strongly supports permitting Appendix 2 to be filed under seal: (1) The public has no legitimate need for access to Defendant's proprietary, confidential account distribution system; (2) the public has never had access to the revised Power Rankings formula contained in Appendix 2; (3) the parties to this lawsuit object to the disclosure of Appendix 2; (4) Defendant has an undivided property interest in its proprietary Power Rankings formula, as well as a strong privacy interest in maintaining its confidentiality; (5) Defendant would suffer a significant competitive disadvantage if its Power Rankings formula is disclosed to the public, including its competitors; and (6) Appendix 2 is being introduced solely to allow the Court to assess the fairness of the parties' Settlement Agreement in this Action. *See Johnson*, 951 F.2d at 1277 n. 14. Further, even if Appendix 2 is filed under seal, current employee class members will be provided access to the revised Power Ranking formula by Defendant under the terms of the proposed Settlement Agreement. These current employee class members, as is true of the existing Power Ranking formula, will have an obligation to maintain the confidentiality of the revised Power Ranking formula.

Thus, the parties respectfully request that the Court grant the parties' joint motion for

leave to file Appendix 2 under seal.

## II. CONCLUSION

For the reasons stated above, the parties' respectfully request that the Court grant their joint motion for leave to file Appendices 1 and 2 to the Settlement Agreement under seal.

Dated: May 2, 2007

RESPECTFULLY SUBMITTED,

_____/s/_____
Cyrus Mehri, Esq.
Email:  cmehri@findjustice.com
Steven A. Skalet, Esq.
Lisa M. Bornstein, Esq.
Sandi Farrell, Esq.
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, N.W. – Suite 300
Washington, DC 20036
Telephone:  (202) 822-5100
Facsimile:    (202) 822-4997

Steven M. Sprenger, Esq.
SPRENGER & LANG, PLLC
Email: ssprenger@sprengerlang.com
1400 Eye Street, N.W. Suite 500
Washington, DC 20005
Telephone: (202) 265-8010
Facsimile: (202) 332-6652

Mara R. Thompson, Esq.
SPRENGER & LANG, PLLC
Email: mthompson@sprengerlang.com
310 Fourth Avenue South, Suite 600
Minneapolis, MS 55415
Telephone:  (612) 486-1820
Facsimile:  (612) 871-9270

Christopher Moody, Esq.
Email:  moody@nmlaborlaw.com
Whitney Warner, Esq.
MOODY & WARNER, P.C.
4169 Montgomery NE
Albuquerque, NM 87109
Telephone:  (505) 944-0033

*Attorneys for Plaintiffs*
*Joanne Augst-Johnson, Nancy Reeves, Debra K. Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Beth Reinke*


                          /s/
Grace E. Speights, Esq.
Mark S. Dichter, Esq.
Kenneth J. Turnbull, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone:  (202) 739-3000
Facsimile:   (202) 739-3001
gspeights@morganlewis.com


*Attorneys for Defendant*
*Morgan Stanley & Co. Incorporated*