```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
JOANNE AUGST-JOHNSON et al.,  )
                              )
        Plaintiffs,           )
                              )
        v.                    )   Civil Action No. 06-1142 (RWR)
                              )
MORGAN STANLEY & CO. INC.,    )
                              )
        Defendant.            )
_____)
```

### MEMORANDUM ORDER

The parties have filed a joint motion seeking leave to file two appendices under seal. One appendix discloses the certain number of opt-outs that would, by agreement of the parties, allow defendant Morgan Stanley & Co. Inc. ("Morgan Stanley") to withdraw entirely from the proposed settlement or elect to avail itself of opt-out credits on a pro-rata basis. The other appendix contains confidential and proprietary business information that Morgan Stanley developed to use in assigning accounts to individual account managers.

Any decision to limit the public's access to judicial proceedings and determinations, including the documents on which judicial determinations are based, should be weighed against this nation's firmly entrenched tradition of permitting such access. Johnson v. Greater Se. Comm'ty Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991). A decision to seal a document should be made only after considering the following factors: "(1) the need for

-2-

public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to the disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced." Id. at 1277 n.14 (citing United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

The documents the parties wish to file under seal contain information critical to the terms of the settlement agreement and process negotiated by the parties.  This information has never been available to the public and the public has no need for this confidential and proprietary information.  No party objects to sealing these documents, and neither party will be prejudiced by permitting them to be sealed.  Both parties have a strong property interest in seeing the settlement consummated, and thus, in not disclosing the precise number of opt-outs that could potentially derail the settlement.  No benefit could be derived from providing public access to this number, and potential harm could result.  Morgan Stanley has a strong property interest in maintaining the confidentiality of its proprietary business information.  In short, no Hubbard factor weighs against granting the parties' joint motion to seal.  Accordingly, it is hereby

-3-

ORDERED that the parties' joint motion to seal appendices 1 and 2 to the settlement agreement be, and hereby is, GRANTED. The parties shall file the documents in accord with the provisions of the Local Civil Rules for filing documents under seal.

SIGNED this 6th day of July, 2007.

                                                /s/
                                     RICHARD W. ROBERTS
                                     United States District Judge