UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke, ) ) ) ) ) | ) Case No. 1:06-cv-01142 (RWR) |
| On behalf of themselves and all others similarly situated, ) ) ) | ) CLASS ACTION ) |
| Plaintiffs, ) ) | ) JURY TRIAL DEMAND ) |
| v. ) ) | ) |
| Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc., ) ) ) | ) ) |
| Defendant. ) | |

**NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT AGREEMENT, AND SETTLEMENT HEARING**

**IF YOU ARE A WOMAN AND WERE EMPLOYED AS A FINANCIAL ADVISOR OR REGISTERED FINANCIAL ADVISOR TRAINEE IN THE GLOBAL WEALTH MANAGEMENT GROUP OF MORGAN STANLEY & CO. INCORPORATED OR ITS PREDECESSOR(S) AT ANY TIME FROM AUGUST 5, 2003 THROUGH JUNE 30, 2007, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*A federal court has authorized this Notice.*
*This is not a solicitation from a lawyer.*

Please read this Notice carefully and fully.  This Notice describes a proposed settlement and related matters, including the procedures for seeking monies from a Settlement.

This Notice is intended to inform you about the terms of a proposed settlement (the "Settlement") of a pending legal action and your rights in connection with this Settlement.  This Notice describes the steps you must take to be eligible to receive Settlement monies if this Settlement is finally approved by the Court.  If you do not wish to be part of the class, this Notice details the steps you must take to be excluded from the class.

**General Overview**

- Eight women ("Plaintiffs"), on behalf of themselves and all other current and former Morgan Stanley women Financial Advisors and Registered Financial Advisor Trainees, have sued Morgan Stanley for sex discrimination. After extensive discussions over more than two years, the Plaintiffs and the Company have agreed on the terms of a Settlement.

- Morgan Stanley denies that it has done anything wrong, and the Court did not make a determination on that issue. However, the Company has agreed to be bound by the terms of this Settlement.

- The Court has reviewed the Settlement and has given it preliminary approval. Before deciding whether to grant final approval to the Settlement, the Court wishes to inform you of the general terms of the Settlement, what actions you need to take to participate in the monetary provisions of the Settlement, and of your rights to opt-out of the monetary relief portion of the Settlement or to object to the Settlement, if you would like to do so.

- The Court has allowed the following Class to assert claims for monetary relief:

    All women who were employed as Financial Advisors or Registered Financial Advisor Trainees in the Global Wealth Management Group of Morgan Stanley & Co. Incorporated or its predecessor(s) at any time from August 5, 2003 through June 30, 2007.

- If you fit the above definition, then you are a Class Member. This Notice will explain the terms of the Settlement to be presented to the Court for final approval.

- If the Court grants final approval to the Settlement, the changes to be made to the Company's policies and practices, known as "programmatic relief," will apply to all women who are currently employed by Morgan Stanley as Financial Advisors or Registered Financial Advisor Trainees, including Class Members who opt-out of the monetary relief portion of the Settlement. It is not possible to opt-out of the programmatic relief portion of the Settlement.

- If, after reviewing the terms of the Settlement you would like to participate in the Settlement by making a claim for monetary relief, then you must fill out the attached Claim Form.

- If you want to opt-out of the monetary relief provisions of the Settlement and not receive any monetary relief through this Settlement, or you want to object to the Settlement before the Court, this Notice will describe the procedures to do so.

- The Court will hold a Settlement Hearing to consider whether the Settlement is fair, reasonable, and adequate, and to decide whether to give final approval to this Settlement. The hearing will be held at 10:30 a.m. on October 11, 2007, in the courtroom of the Honorable Richard W. Roberts at the United States District Court for the District of Columbia, Courtroom 9, U.S. Courthouse, 333 Constitution Avenue, N.W., Washington, DC 20001. If the Settlement is granted final approval by the Court after the Settlement Hearing, the Court's judgment will be final and binding.

- You are not required to appear at the hearing.  If you are a Class Member you will be represented by attorneys for the Class at no cost to you.  If you wish to opt-out of the monetary relief provisions of the Settlement, you must submit a request to opt-out in writing, but you do not need to appear at the hearing.  If you wish to object to the Settlement, you must submit a written objection.  Those who wish to object to the Settlement may present their objection in writing only, or may, in addition to a written objection, appear and be heard by the Court, either by yourself or, at your own expense, with an attorney of your choice.

  - If you wish to remain a Class Member and to have an opportunity to receive a share of the monetary relief, you must return the attached Claim Form postmarked no later than September 24, 2007.

  - If you wish to opt-out and exclude yourself from the monetary relief, your opt out request must be received by September 10, 2007.

  - If you wish to object to the Settlement, your objection must be received by September 10, 2007.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **Submit a Claim Form** | The only way to be eligible to receive money from the Settlement. |
| **Do Nothing** | **Stay in this lawsuit.  Receive no money from the Settlement.  Give Up Certain Rights.**<br>By doing nothing, you will not receive any money from the Settlement, and you give up any right to pursue claims against Morgan Stanley separately about the sex discrimination claims covered by the Settlement. |
| **Ask to Be Excluded (Opt Out)** | **Opt out of the monetary provisions of this lawsuit (opt out).  Receive no money from the Settlement.  Keep any rights you might have to pursue monetary claims against Morgan Stanley separately.**<br>If you ask to be excluded, you will not be eligible to receive any money from the Settlement, but you keep any rights you might have to pursue claims against Morgan Stanley separately about the legal claims covered by this Settlement. |
| **Object** | **Write to the Court about why you don't think the settlement is fair to the class.**  Unless you opt out, you may object to the Settlement whether or not you submit a Claim Form |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the settlement. |

- For additional information, you may visit www.findjustice.com/cases/rights-discrimination/morgan-stanley/ or www.morganstanleygendercase.com.

**WHAT THIS NOTICE CONTAINS**

Purpose of this Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background:  About the Lawsuit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Class Definition—You are Part of the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Do I Have to Be Part of this Lawsuit? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary Of Settlement Terms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

What Are the Terms of the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

The Settlement Fund . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

What Does Morgan Stanley Have to Do Under the Settlement? . . . . . . . . . . . . . . . . . . . 3

Settlement Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Do I have to come to the Settlement Hearing? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

How to Proceed:  Your Options . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Option A:  Remain a Class Member . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Option B: Opt-Out: How Do I Exclude Myself from the Settlement? . . . . . . . . . . . . . . . 7

Option C: Object to the Settlement and/or Speak at the Hearing . . . . . . . . . . . . . . . . . . . 8

How Will My Settlement Award Be Calculated? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Are There Tax Consequences For Any Money I Might Get? . . . . . . . . . . . . . . . . . . . . .10

The Lawyers Representing You And The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Getting More Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**BASIC INFORMATION**

1. **Purpose of this Notice**

The purpose of this Notice is to inform you about this litigation, the certification of a class (the "Class"), the terms of a proposed settlement (the "Settlement"), and your rights in connection with a hearing to be held before the Court on October 11, 2007, to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class members, the steps necessary to seek a share in the distribution of the Settlement in the event the Settlement is approved by the Court.

2. **Background: About the Lawsuit**

In early 2005, Joanne Augst-Johnson contacted the law firm of Mehri & Skalet, PLLC because she believed that she had suffered sex discrimination as a Financial Advisor at Morgan Stanley. After an initial investigation of Ms. Augst-Johnson's claims by Mehri & Skalet, two other law firms, Sprenger + Lang and Moody & Warner joined Mehri & Skalet in the investigation and prosecution of these claims. During a two year period, the firms interviewed over 200 women from over 35 states who were working as or had worked as Financial Advisors or Registered Financial Advisor Trainees at Morgan Stanley in over 35 states. During that time, seven other women joined Ms. Augst-Johnson as Named Plaintiffs in order to prosecute these claims and help bring about change in the treatment of women Financial Advisors and Registered Financial Advisor Trainees at Morgan Stanley. These women are Nancy Reeves, Debra K. Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino and Elizabeth Reinke.

As a result of this investigation, on June 22, 2006, this group of current and former women Financial Advisors and Registered Financial Advisor Trainees sued Morgan Stanley for sex discrimination in the United States District Court in Washington, D.C. The lawsuit is known as Augst-Johnson, et al., v. Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc., Case No.1:06-cv-01142 (RWR). Because these women brought this action on behalf of a group, or "class" of women who have similar claims, they filed the case as a "class action," and are referred to as "Named Plaintiffs."

In this lawsuit, the Named Plaintiffs claim that women Financial Advisors and Registered Financial Advisor Trainees at Morgan Stanley received less compensation than similarly situated men as a result of account distributions, partnerships, acquisition of the books of business of retiring Financial Advisors, and other opportunities which were not afforded to women in a manner equal to their male counterparts. The Named Plaintiffs also claim that Morgan Stanley denied them equal opportunities to acquire branch management positions, denied them equal terms and conditions of employment, and terminated them on the basis of sex. Some of the Named Plaintiffs assert other individual, non-class claims, such as age discrimination. You can read all of the plaintiffs' claims in the Named Plaintiffs' Amended Complaint, which can be found at http://www.morganstanleygendercase.com or
http://www.findjustice.com/cases/rights-discrimination/morgan-stanley/

Morgan Stanley denies that it discriminated against women or that it otherwise did anything wrong. The Company maintains that women were compensated based solely on their production, just as

1

similarly situated men were. Morgan Stanley also maintains that opportunities for movement from Registered Financial Advisor Trainee into Financial Advisor positions, and movement from Financial Advisor into branch management positions, were equally available to women and men, and that women were not denied equal terms and conditions of employment or terminated on the basis of their sex. Morgan Stanley maintains that it does not allow or condone discrimination against women and that it is an equal opportunity employer. By entering into the proposed Settlement, Morgan Stanley does not admit any wrongdoing.

The Court has not made and will not make any determination regarding whether or not Morgan Stanley discriminated against women. This Notice should not be regarded as an expression of any opinion by the Court on the merits of any claims or defenses of the Parties. No trial has occurred. There has been no finding or determination by the Court that Morgan Stanley has violated any law or obligation, or that, in the event that the Settlement does not become effective, a recovery could or could not be made by the Named Plaintiffs or other members of the Class. Because the Named Plaintiffs and the Company together came to the Court to ask that the Court approve the Settlement that the two sides agreed to, the Court will simply examine the Settlement Agreement to determine whether or not it is fair, adequate and reasonable.

The Settlement resolves claims of sex discrimination in compensation, promotions to branch management positions, terms and conditions of employment, and termination brought under Title VII of the Civil Rights Act of 1964 or any state or local anti-discrimination law. The Settlement also resolves any and all individual, non-class claims the Named Plaintiffs made in the Complaint and Amended Complaint.

The Court has reviewed the Settlement and has preliminarily approved it as being fair, adequate and reasonable. Before deciding whether to give the Settlement final approval, the Court wishes to inform you of the general terms of the Settlement and of your right to comment on the Settlement, if you so desire, as well as your right to opt-out, or be excluded, from participating in the monetary portion of the Settlement.

**3.        Class Definition—You are Part of the Class**

You are a member of the Class affected by the Settlement if you fit within this definition:

> All women who were employed as Financial Advisors or Registered Financial Advisor Trainees in the Global Wealth Management Group of Morgan Stanley & Co. Incorporated or its predecessor(s) at any time from August 5, 2003 through June 30, 2007.

If you received this Notice in a mailing addressed to you, then Morgan Stanley's records show that you are currently employed, or were previously employed, by Morgan Stanley as a Financial Advisor or Registered Financial Advisor Trainee at some time from August 5, 2003 through June 30, 2007. Therefore, you are considered a Class Member. You have legal rights and options that you may exercise before the Court finally approves the Settlement.

**Do I Have to Be Part of this Lawsuit?**

You may exclude yourself from, or "opt-out" of, the monetary provisions of this lawsuit. If you do so, you will not be required to give up any legal rights that you would otherwise have to sue Morgan Stanley individually, and you will not be permitted to share in the monetary portion of the Settlement. Information about how to opt-out is included below.

4.      **Summary Of Settlement Terms**

**What Are the Terms of the Settlement?**

The Settlement requires Morgan Stanley to establish a Settlement Fund and for its Global Wealth Management Group ("GWMG" or "MS-GWMG") to implement changes to its policies and practices. The programmatic portions of the Settlement will last for five years.

**The Settlement Fund**

Under the Settlement, Morgan Stanley will pay forty-six million dollars ($46,000,000) into a an interest bearing Settlement Fund. The Settlement Fund is expected to earn in excess of one million dollars in interest. A portion of the Settlement Fund will be used to reimburse costs and expenses of the litigation, pay Class Counsel's fees as awarded by the Court, and pay for the administration of the settlement process. The remainder of the Settlement Fund will be distributed to the eligible Named Plaintiffs and Class Members who submit a Claim Form to compensate them for the asserted claims.

**What Does Morgan Stanley Have to Do Under the Settlement?**

Morgan Stanley's Global Wealth Management Group has agreed to implement various revisions to its policies and practices. These revisions are intended to further enhance opportunities for employment, earnings and advancement of women Financial Advisors and Registered Financial Advisor Trainees, and to provide a workplace that promotes fairness for all employees.

The parties anticipate that Morgan Stanley's Global Wealth Management Group will spend approximately seven and one-half million dollars ($7,500,000) on diversity efforts during the period of this Settlement Agreement. Furthermore, the parties anticipate that, as a result of actions to be taken by the Global Wealth Management Group pursuant to the Settlement, the earnings of women Financial Advisors will increase by at least sixteen million dollars ($16,000,000) over the five-year term of the Settlement.

Under the Settlement, Morgan Stanley's Global Wealth Management Group will make the following revisions to its policies and practices, or perform the following tasks, during the five-year term of the Settlement Agreement:

>   A.      Revise the calculations used to determine account distributions, known as the Power Rankings, to ensure equitable and fair account distribution without regard to sex. The methodology for calculating a Financial Advisor's Power Ranking will be provided to each Financial Advisor, including an explanation of each factor and how each factor is weighted;

B. Implement account distribution policies covering the distribution of accounts of departing Financial Advisors, retiring Financial Advisors, departing Financial Advisor partners, and leads, call-ins and walk-ins. The policy statement will be issued via e-mail to all field employees and will be posted on the Global Wealth Management Group's intra-net site. Morgan Stanley's Global Wealth Management Group will also train all Branch Managers on the account distribution policy;

C. Computer-automate the account distribution process;

D. Require that the accounts held by (a) a retiring Financial Advisor, (b) a departing partner in a Financial Advisor partnership, or (c) a manager transferred to a non-producing manager position will be distributed through the Power Ranking account distribution process described above, unless a Joint Production Agreement has been in effect for twenty-four (24) months or longer;

E. Implement a "Financial Advisor of the Day" Program to handle leads, call-ins and walk-ins in each branch office equitably and without regard to sex;

F. Maintain the Branch Management Mobility project which includes posting all branch management positions on the Global Wealth Management Group's Internal Job Bank for a minimum of 5 business days. The positions to be posted currently include: Branch Manager; Financial Advisor in Charge; Sales Manager; and Assistant Branch Manager;

G. Develop and implement a comprehensive management assessment and development program to provide candidates a path to assessment and selection as branch managers;

H. Provide all management-level field personnel with diversity training no less than every other year. Branch Manager compensation will also have a diversity component designed to measure and reward efforts at recruiting, training, and retaining women Financial Advisors;

I. Appoint two external, independent expert Industrial Psychologists whose tasks will be to:

  i. Develop innovative, meaningful, novel, state of the art programs and make recommendations for developing workplace initiatives designed to attract and retain women to Morgan Stanley's Global Wealth Management Group and to retain them and enhance their success, including targeted mentoring and training;

  ii. Develop programs and make recommendations for increasing participation of women Financial Advisors in the receipt of retiring Financial Advisors' accounts;

4

    iii.    Develop programs and make recommendations for increasing participation of women Financial Advisors in partnerships;

    iv.    Develop programs and make recommendations concerning policies and practices regarding training, development and mentoring that will enhance opportunities for women Financial Advisors and Financial Advisor trainees; and

    v.    Review how the revised account distribution process has been operating and provide the Diversity Monitor with findings of any deviations for the account distribution system.

J.    Appoint an external, independent Diversity Monitor whose tasks will be to:

    i.    Review account distribution data, exception reports and complaints, and inform Morgan Stanley's Global Wealth Management Group and Lead Class Counsel of any potential non-compliance;

    ii.    Review monthly reports regarding complaints of Financial Advisors and Registered Financial Advisor Trainees alleging sex discrimination and the resolution of investigations of such complaints through the Morgan Stanley's CARE program or otherwise;

    iii.    Monitor annual training of management on EEO policies, and policies against discrimination and retaliation, and ensure that the training agreed to is implemented;

    iv.    Review how Human Resources handles investigations and the resolution process for inquiries and complaints;

    v.    Provide reports to Class Counsel and Morgan Stanley's Global Wealth Management Group at least twice per year regarding all the items monitored, including the analysis of the account distribution system;

    vi.    Maintain records for the five-year term of the Settlement Agreement.

K.    Provide Human Resources staff supporting Financial Advisors and Registered Financial Advisor Trainees with appropriate training regarding best practices for complaint investigation and resolution, compliance with state, federal, and local EEO laws; the Global Wealth Management Group's anti-discrimination and harassment policies; and the proposed Settlement Agreement;

L.    Collect data regarding (a) compensation of Financial Advisors, (b) account distributions, (c) partnerships between active Financial Advisors or partnerships between active and retiring Financial Advisors, (d) any other areas agreed upon by Morgan Stanley's Global Wealth Management Group and Class Counsel;

    M.    Meet with Class Counsel at least once every six (6) months regarding compliance; and

    N.    With input from the Industrial Psychologists and consent from Lead Class Counsel, create and implement a system of monitoring compliance with each policy described the Settlement Agreement, including, without limitation, the account distribution policy using the Power Ranking methodology.

**5.    Settlement Hearing**

The Court will decide whether or not to give final approval to this Settlement after the Settlement Hearing to be held at 10:30 a.m. on October 11, 2007, before the Honorable Richard W. Roberts at the United States District Court for the District of Columbia, Courtroom 9, U.S. Courthouse, 333 Constitution Avenue, N.W., Washington, DC 20001. At this hearing, the Court will determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved. The Court will also consider whether the motion of the Plaintiffs' attorneys, or "Class Counsel," for an award of attorneys' fees and expenses should be approved, and whether, in accordance with the Settlement, an order and judgment should be entered bringing the litigation to a conclusion.

**Do I Have To Come To The Settlement Hearing?**

You are not required to appear at the hearing. Attorneys representing the Class will appear at the hearing on behalf of all Class Members at no cost to you. However, if you would like to comment on or object to the Settlement, you may appear and be heard at the Settlement Hearing, either by yourself or, at your own expense, with an attorney of your choice. Information about how to comment on or object to the Settlement is included below. If the Court gives final approval to this Settlement, the Court's judgment will be final and binding on all Class Members who have not opted out.

**6.    How to Proceed: Your Options**

After reviewing the terms of the Settlement set forth in this Notice, you have three options. You must decide at this stage whether you want to A) remain a Class Member with respect to the monetary relief portion of the Settlement and retain an opportunity to share in the distribution of the Settlement; B) opt-out and exclude yourself from sharing in the monetary relief portion of the Settlement; or C) object to the Settlement at the Settlement Hearing.

**Option A: Remain a Class Member**

If you do not request to be excluded, you will remain a part of the Class. The Court will hold the Settlement Hearing and you, as a Class Member, will be represented by Class Counsel at no cost to you. In order to be eligible to receive a share of the Settlement, you must fill out the Claim Form and Form W-9 attached to this Notice and return them to the Claims Administrator postmarked by no later than September 24, 2007. If you are a Class Member and you file a timely Claim Form, you may be eligible to obtain money from this Settlement. The Claim Form asks for information about your employment with Morgan Stanley, and the share of money that you will receive, if any, if the Settlement is finalized, will be determined partly based on your answers to the questions on this Claim

6

Form. Additionally, once your Claim Form has been received, you will receive an Employment Verification Form which you must review for accuracy. If there are any corrections to be made to that Form, you must return a corrected version of that Form to the Claims Administrator. After completing a Claim Form and correcting for errors in the Employment Verification Form, you will not have a right to present any further information concerning your particular situation, nor any right to challenge the final allocation and distribution proposed by the Special Master that is based upon a rationale and methodology approved by the Court.

Each Class Member, including each Named Plaintiff, who is eligible to receive a monetary award from the Settlement will be required to sign a "release" before receiving the settlement award. This release will terminate any sex discrimination claims you have or could have brought against Morgan Stanley arising out of your employment, or termination of employment, with the Company through June 30, 2007. In the case of the Named Plaintiffs, the Named Plaintiff Release will terminate any and all claims you have or could have brought against Morgan Stanley in addition to sex discrimination claims. If you are a Class Member but have already signed a document that releases claims against Morgan Stanley, it is possible that you may have lost your right to recover any money under the Settlement for the claims you released.

Whether or not you submit a Claim Form, unless you opt out, all sex discrimination claims that you may have up through June 30, 2007, arising out of your employment, or termination of employment, with Morgan Stanley, will be barred by this Settlement. Unless you opt out, you remain eligible to object to the Settlement pursuant to Option C, below, whether or not you submit a Claim Form.

**Option B: Opt-Out: How Do I Exclude Myself from the Settlement?**

You may request to opt-out, or be excluded, from the monetary relief provisions of this case. If you opt out, you will not be eligible for any monetary award as part of this Settlement. Any Class Member who wishes to opt out must mail a written, signed statement that she is opting out of the monetary portion of the Settlement to each of the following addresses:

|  |  |
|---|---|
| Cyrus Mehri, Esq.<br>Mehri & Skalet, PLLC<br>1250 Connecticut Avenue, NW, Suite 300<br>Washington, DC 20036 | Steven M. Sprenger, Esq.<br>Sprenger + Lang, PLLC<br>1400 Eye Street, N.W., Suite 500<br>Washington, DC 20005 |
| AND | Mark S. Dichter, Esq.<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103-2921 |

To be effective, this opt out statement must be received by the above counsel on or before September 10, 2007, and must contain each of the following:

7

(a) your name, social security number, current address and telephone number;

(b) the name and number of this case (Augst-Johnson, et al. v. Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc., No. 1:06-cv-01142);

(c) a statement that you wish to be excluded from the monetary relief provisions of the Settlement, including the following language, which must be contained in your request:

> "I understand that, by this request to be excluded from the monetary settlement in this case, I am foregoing all monetary benefits from this Settlement and will receive no money from the Morgan Stanley Financial Advisor Sex Discrimination Settlement Fund. I understand that I may bring a separate legal action seeking damages, but might receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case. I also understand that I may not seek exclusion from the class for injunctive relief and that I am bound by the injunctive provisions of the Settlement Agreement."

If you choose to opt-out, and submit the necessary information to do so, but later decide to re-join the Class, you may rescind your opt-out request. To be effective, such a rescission must be in writing and signed, and must be received on or before September 24, 2007 by any one of the following:

| | |
|---|---|
| Cyrus Mehri, Esq.<br>Mehri & Skalet, PLLC<br>1250 Connecticut Avenue, NW, Suite 300<br>Washington, DC 20036<br>OR | Steven M. Sprenger, Esq.<br>Sprenger + Lang, PLLC<br>1400 Eye Street, N.W., Suite 500<br>Washington, DC 20005<br>OR |
| Claims Administrator<br>Morgan Stanley Gender Litigation<br>P.O. Box 10646<br>Tallahasee, FL 32302-2646 | Mark S. Dichter, Esq.<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103-2921 |

Please note that Class Members who submit timely and valid requests for exclusion will have no right to object to the Settlement in court and will no longer be represented by Class Counsel.

**Option C: Object to the Settlement**

The Court must assess the overall fairness and reasonableness of the Settlement to the Class. Class Members who have not opted out of the monetary relief portion of the Settlement may object to the Settlement. However, in order to speak at the hearing, or have your objection to the Settlement considered by the Court, you must submit a written objection to the Settlement prior to the Settlement Hearing. This statement must be signed, and must include the name and number of this case (Augst-Johnson, et al. v. Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc., No. 1:06-cv-01142) and a detailed description of the basis for the objection. This statement must be received by the Court on or before September 10, 2007 at:

Clerk of U.S. District Court
RE: Augst-Johnson, et al. v. Morgan Stanley & Co. Incorporated (No. 1:06-cv-01142)
P.O. Box 34782
Washington, DC 20043

You need not appear at the Settlement Hearing for your written comments or objections to be considered by the Court, but you may appear if you so desire. If you plan to comment on or object to the Settlement in person at the Settlement Hearing, you must file a written notice of appearance identifying yourself and any attorney you may retain at your own expense with your objection, which must be signed, include a detailed description of the basis for the objection, and be received by the Court on or before September 10, 2007, at the above address.

In order for your objection to be considered, copies must also be received by Lead Class Counsel and counsel for Morgan Stanley on or before September 10, 2007 at:

<div style="display:flex;">
<div>
Cyrus Mehri, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036

AND
</div>
<div>
Steven M. Sprenger, Esq.
Sprenger + Lang, PLLC
1400 Eye Street, N.W., Suite 500
Washington, DC 20005

Mark S. Dichter, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
</div>
</div>

Please note that no one may appear at the Settlement Hearing for the purpose of objecting to the Settlement without first having filed and served her objection(s) in writing within the time period described above.

**7.     How Will My Settlement Award Be Calculated?**

Class Members, including the Named Plaintiffs, who file a timely Claim Form will have their claim reviewed by a Special Master appointed by the Court. Class Members who submit a Claim Form will be eligible to receive monies based on a formula (the "Allocation Formula") which will have two components: (1) an Earnings Regression Component developed by Class Counsel's statistical expert and (2) a Claim Form Survey Component to be determined by the Special Master. Each of these two components will constitute fifty percent (50%) of the Allocation Formula. You will not have a right to challenge the allocation and distribution proposed by the Special Master that is based upon the rationale and methodology approved by the Court.

**Earnings Regression Component.** A Financial Advisor Class Member, including a Named Plaintiff, whose annual earnings in any year during the liability period fall below an annual earnings curve which is set at two standard deviations above the mean earnings curve for male Financial Advisors (controlling for registration date and branch/office location), shall be eligible to receive a monetary award from the earnings regression component for that year.

Once it is determined that a Claimant is eligible for a monetary award from the earnings regression component for a particular year, the calculation of the monetary award will take into account the Claimant's earnings during that year and shall control for the following variables: a) the Claimant's length of tenure at MS-GWMG as a Financial Advisor; b) the Claimant's registration date; and c) the Claimant's branch office location.

A separate, comparable earnings regression model will be conducted with respect to Registered Financial Advisor Trainees. The earnings regression component will be developed by Class Counsel's expert with input from MS-GWMG.

**Claim Form Survey Component.** The Special Master shall make allocations under the Claim Form survey component by taking into consideration: (1) information provided by Class Counsel and information contained in the Claim Form submitted to the Special Master concerning the Claimant's (i) individual contribution to the prosecution of this action; (ii) individual evidence of alleged sex discrimination presented on the Claimant's Claim Form; (iii) individual evidence supporting an award of compensatory damages; and (2) the release of individual claims that were filed in an EEOC charge on or before December 31, 2006 and that go beyond the scope of the settled class claims. Based on information provided by MS-GWMG, the Special Master may modify allocations to be made under the Allocation Formula based on any data or information specific to the Claimant's branch/office, including information regarding persons who previously signed a release that covered sex discrimination claims. Subject to Court approval of the rationale and methodology used by the Special Master, the Special Master will have sole and final authority as to the final distribution.

The information provided on the Claim Form may be verified for accuracy against Morgan Stanley's computerized personnel, payroll, commission, or account data, or documents provided by claimants. The claims of Claimants will then be determined by the Special Master, with 50% of the funds distributed based on a statistical analysis comparing the claimant's earnings with earnings of similarly situated men, and 50% of the funds distributed based on individual responses to questions on the Claim Form.

The Court will approve the rationale and methodology upon which the final distributions to Claimants are based. The final distributions will be filed with the Court under seal to protect Claimants' confidentiality. At this time, it is not possible to predict how much money a particular Claimant will receive. You will not be entitled to contest the amount of the award you receive under this process.

**Are There Tax Consequences For Any Money I Might Get?**

Any award you receive from the Settlement will have tax consequences for you. The Claims Administrator will be responsible for withholding, remitting and reporting each Claimant's share of payroll taxes from the Settlement Fund. Morgan Stanley will be responsible to pay for the employer's share of taxes and costs, including FICA, FUTA, SUTA and Medicare. The Claims Administrator will withhold the employee's share of taxes and costs, including any applicable FICA, FUTA, SUTA and/or Medicare, from Claimants' awards and remit those amounts to the appropriate taxing authorities. Class Counsel are not tax advisors and cannot give you advice on any tax matters. Class Counsel urge you to consult your tax advisor for answers to any questions you may have about the tax implications of any potential award.

8. **The Lawyers Representing You And The Class**

As a Class Member, you are represented in this litigation by Class Counsel, led by Cyrus Mehri of Mehri & Skalet and Steven M. Sprenger of Sprenger + Lang:

| | |
|---|---|
| **Mehri & Skalet, PLLC**<br>1250 Connecticut Avenue NW, Suite 300<br>Washington, DC 20036<br>Phone: (202) 822-5100<br>Facsimile: (202) 822-4997<br>Toll Free (866) 464-9097<br><br>**Moody & Warner, PC**<br>4169 Montgomery Blvd. N.E.<br>Albuquerque, NM 87109<br>Phone: (505) 944-0033<br>Facsimile: (505) 944-0034 | **Sprenger + Lang, PLLC**<br>1400 Eye Street, N.W., Suite 500<br>Washington, DC  20005<br>Phone:  (202) 265-8010<br>Facsimile:  (202) 332-6652<br><br>310 Fourth Avenue South, Suite 600<br>Minneapolis, MN  55415<br>Phone:  (612) 871-8910<br>Facsimile:  (612) 871-9270<br>Toll Free (800) 950-6231 |

Unless you elect to exclude yourself from the Settlement, you will continue to be represented by Class Counsel in connection with implementation and monitoring of the Settlement throughout the five-year duration of the terms of the Settlement at no cost to you. Although it is not necessary, you may, if you wish to do so, retain your own attorney at your own expense.

**How Will The Lawyers Be Paid?**

In connection with the Settlement, the Court will award Class Counsel reasonable attorneys' fees and expenses out of the Settlement. If you are a Class Member and receive an award from the Settlement , you will not owe any fees or expenses to the lawyers who have represented you as part of the Class. The attorneys' fees and expenses of Class Counsel, as awarded by the Court, will be paid only from the Settlement and only if and after the Settlement has been approved by the Court.

As is routine in class action cases, Class Counsel has filed a motion for an award of attorneys' fees and expenses already incurred as well as the fees and expenses that will be incurred during the five-year term of the Settlement. In its motion, Class Counsel have requested that the Court award them attorneys' fees and expenses in the amount of 26% of the proposed $46 million monetary settlement, plus $300,000 per year during the five-year term of the Settlement to cover future fees and expenses relating to monitoring and enforcing the Settlement, plus interest accruing on all fees and expenses from the date on which the Settlement is funded until such fees and expenses are disbursed to Class Counsel.

Class Counsel have pursued these claims on behalf of Plaintiffs and the Class without receiving any compensation for their services or reimbursement of their out-of-pocket expenses. Class Counsel have undertaken substantial risks in pursuing this matter. They have done so with the understanding that, if they obtained a recovery for the class, their expenses would be reimbursed and they would receive fees from the fund recovered.

**9.    Getting More Information**

If you have further questions or are still not sure whether you are included, you can get free help at www.findjustice.com/cases/rights-discrimination/morgan-stanley/ or www.morganstanleygendercase.com, or by calling or writing to Class Counsel in this case, at the following phone number or address:

<div style="text-align:center">

Cyrus Mehri, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 822-5100
Toll Free: 866-464-9097
E-mail: info@findjustice.com

</div>

This Notice contains only a summary of the terms of the Settlement, the provisions of the releases and related matters. For further information, the Settlement Agreement (which includes the complete terms of the Settlement), the Claim Form, the Release, and numerous other documents connected with the Settlement are available for review and/or downloading on the web at either: www.findjustice.com/cases/rights-discrimination/morgan-stanley/ or www.morganstanleygendercase.com or can be viewed in hard copy in the Office of the Clerk of the United States District Court, 333 Constitution Avenue, N.W., First Floor, Washington, DC 20001. Other orders that the Court may issue from time to time regarding the administration of the Consent Decree will also be on file with the Court and available on the web at

www.findjustice.com/cases/rights-discrimination/morgan-stanley/ and www.morganstanleygendercase.com.

PLEASE DO NOT CALL OR CONTACT THE COURT, THE OFFICE OF THE CLERK OF COURT, OR MORGAN STANLEY WITH QUESTIONS REGARDING THIS NOTICE.

Dated: July ____, 2007

_____
Richard W. Roberts
United States District Judge