# EXHIBIT B

How Employment Discrimination Cases Fare in the Federal Courts:
An Empirical Analysis

by
Stewart J. Schwab
Cornell Law School

October 1, 2007

I.    Request for this Report

I have prepared this report at the request of Mehri & Skalet, PLLC, class counsel in the case of *Augst-Johnson v. Morgan Stanley & Co.*, in connection with the fairness hearing for the proposed settlement scheduled for October 11, 2007 in the United States District Court for the District of Columbia.

II.   Background and Training

My training is in law and in economics. I received a J.D. from the University of Michigan in 1980, and a Ph.D. in Economics in 1981. I served as a law clerk for Judge J. Dickson Phillips, Jr., of the United States Court of Appeals for the Fourth Circuit, and for Justice Sandra Day O'Connor of the United States Supreme Court. Since 1983, I have been a Professor at Cornell Law School, where I teach employment law, law and economics, torts, corporations, and empirical studies, among other courses. Since January 2004 I have also been the Allan R. Tessler Dean of Cornell Law School. I have served as Chair of the Law and Economics Section of the American Association of Law Schools. I am a member of the American Economics Association, the American Law and Economics Association, and the American Arbitration Association. In 2001, I was appointed by the American Law Institute to be a Reporter on the First Restatement of Employment Law. I am a co-author of *Employment Law* (Lexis Law Publishing 4th ed. 2007) (with Willborn, Burton, and Lester) and *Foundations of Labor and Employment Law* (Foundation Press 2000) (with Estreicher).

Cornell Law School is the leading center for research on empirical legal studies and is the home of the Journal of Empirical Legal Studies. With my colleagues, I have published many articles in the fields of employment law, employment discrimination law, and law and economics. The articles most directly relevant for this report are Kevin M. Clermont and Stewart J. Schwab, How Employment Discrimination Plaintiffs Fare in Federal Court, 1 *Journal of Empirical Legal Studies* 429 (2004); and Kevin M. Clermont, Theodore Eisenberg, and Stewart J. Schwab, How Employment-Discrimination Plaintiffs Fare in the Federal Courts of Appeals, 7 *Employee Rights & Employment Policy Journal* 547 (2004).

III.  Summary of Report

In this report I describe the success rates of employment discrimination cases in federal court, using official data from the Administrative Office of the United States Courts. The Administrative Office collects data on every case in over 100 case categories, including employment discrimination cases. At every stage of litigation, plaintiffs have a more difficult time in employment discrimination cases than in virtually any other category of cases.

- In cases decided by **pretrial motion**, employment discrimination plaintiffs are **less successful** than plaintiffs in any other nonprisoner case category. They win only 3.4 percent of determinative pretrial motions, meaning they lose 96.6 percent of determinative pretrial motions. This compares to an 18.16 percent plaintiff pretrial-motion win rate in all case categories. See Tables 2 and 3. Over 60 percent of all employment-discrimination decisions are decided by pretrial motion in the employer's favor.
- At **trial**, employment discrimination plaintiffs are **less successful** than all but one nonprisoner case category. Employment discrimination plaintiffs win only 28.1 percent of trials, compared to 44.0 percent

- for plaintiffs overall. See Table 4.
- When a plaintiff wins at trial and the **defendant appeals** the judgment, the judgment is **MORE likely to be reversed** in an employment discrimination case than in any other category of case except category 440: Other Civil Rights cases. Trial judgments for employment discrimination plaintiffs are reversed in 42.19 percent of the appellate decisions, compared to 32.79 percent in all cases. See Table 5.
- When a defendant wins at trial and the **plaintiff appeals** the judgment, the judgment is **LESS likely to be reversed** in an employment discrimination case than in any other nonprisoner category of case. Trial judgments for employment discrimination defendants are reversed in only 6.87 percent of the cases, compared to 11.85 percent in all cases. See Table 6.
- The resulting **gap between reversal rates in employment cases is over six fold**. The 35.32 percentage-point gap is, except for other civil rights cases, **larger** for employment discrimination cases than any other nonprisoner category of cases. See Table 7.
- Considering the likelihood of losing a dispositive pretrial motion, the low win rate at trial, the high likelihood that defendants will appeal a plaintiff win at trial, the high rate of reversal of plaintiffs' trial wins on appeal, and the low median award, the **value of a typical employment discrimination case** is between $6,536 and $9,648.

IV.     The Administrative Office data

Whenever a case is filed in federal court, the plaintiff fills out a form of basic information about the case, including the category of claim. Again at the termination of each case, the court clerk sends a form to the Administrative Office containing information about the case. These forms are assembled by the Federal Judicial Center and disseminated by the Inter-University Consortium for Political and Social Research. All the data in this report come from the termination files of what is often called Administrative Office data. As the codebook for this data set explains, "The purpose of this data collection is to provide an official public record of the business of the federal courts." Federal Judicial Center, Federal Court Cases: Integrated Data Base, Codebook for Civil and Appellate Data, available at <http://www.icpsr.umich.edu/index.html> (ICPSR Project number 8429). Much of the Administrative Office data I have used for this report are available in convenient website form at http://empirical.law.cornell.edu, although that website only covers terminations through 2000.

The Administrative Office data include the "nature of suit" category for each terminated case. There are some 90 categories in all, although many of them contain few cases. One of the largest categories is Category 442, "Civil Rights: Jobs." Category 442 includes most employment discrimination cases in the federal courts, including race, sex, and other discrimination claims filed under Title VII of the Civil Rights Act of 1964, age discrimination claims filed under the Age Discrimination in Employment Act, and disability claims filed under the Americans with Disabilities Act. The period of study for this report is all terminated civil cases from 1987-2000, which is the most recent available data that link district court and appellate decisions. Until 1998 the data do not separate Title VII cases from other discrimination cases included in category 442, so this report uses all 442 cases and I will refer to Category 442 cases as "Employment Discrimination" cases. As shown in Kevin M. Clermont and Stewart J. Schwab, How Employment Discrimination Plaintiffs Fare in Federal Court, 1 *Journal of Empirical Legal Studies* 429, 434 Table 1 (2004), for the period 1998-2001 Title VII cases comprised nearly 70 percent of all 442 cases in the federal district courts.

V.      Success Rates Before Trial

Table 1 shows the variety of ways in which federal district courts dispose of discrimination cases. It shows that fewer than 6.2 percent of discrimination cases are decided by trial.[1] Indeed, nearly two-thirds are decided by the vague "other dismissal," which presumably includes settlements and withdrawn cases. We know very little

---

[1] Discrimination cases are not unusual in the small fraction that are decided by trials. Indeed, a comparison (not shown here) of category 442 discrimination cases with other case categories reveals that a slightly higher percentage of discrimination cases go to trial.

Schwab–How Employment Discrimination Cases Fare, Page 2

about these cases. In particular, the data do not say whether the parties settled and what, if anything, the plaintiffs received. The next most common disposition is by pretrial motion. Almost 17 percent of all employment discrimination cases are resolved by pretrial motion. If we take out other dismissals and consent judgments, leaving only "involuntary" court judgments, still only 20 percent of the court judgments are decided by trial.

We can say a bit more about cases decided by pretrial motion. Table 2 shows, for cases in which there is coded a winner, the plaintiff win rates for each method of disposition. Not every case has a clear winner (and thus the frequency is less in Table 2 than in Table 1 for every method of disposition), but this varies dramatically by method of disposition. The Administrative Office data do not reveal winners in "lack of prosecution" or "other dismissal" cases, so settlements are not included in Table 2. At the other extreme, Table 2 shows the winner in 6,970 jury verdicts, so just 247 jury verdicts did not code a winner. Of course, even when the plaintiff is recorded as "winning" a case, it does not mean that the plaintiff recovered a significant monetary judgment, or even enough to cover his or her costs.

Overall, as Table 2 shows, discrimination plaintiffs win less than 15 percent of all district court judgments, meaning they lose over 85 percent of all district court judgments. Obviously, win rates vary dramatically by method of disposition. Plaintiffs win 61 percent of the default judgments and almost 90 percent of the consent judgments, but these are relatively trivial categories (only 5 percent of the 53,246 dispositions with a known winner fall in these categories). The most common method of disposition is pretrial motions, and discrimination plaintiffs do abysmally here, winning only 3.4 percent and losing 96.6 percent. Indeed, of all 53,246 cases disposed of in district court for which the data show a winner or loser, 32,661 or 61 percent are dispositive employer judgments on pretrial motion.

A 96.6 losing rate in cases disposed of by pretrial motion is dramatic. More revealing is to compare this win/loss rate to other categories of cases. Table 3 does this. It looks at all district-court cases disposed of by pretrial motion by case category (for all categories with more than 1,000 pretrial dispositions with a stated winner). Looking at all cases disposed of by pretrial motion in all categories, plaintiffs win 18 percent of such cases (and therefore lose 82 percent). In some categories (such as Code 152: student loan defaults, and Code 220: real property foreclosure), plaintiffs do spectacularly well, winning over 90 percent of the cases decided by pretrial motion. As Table 3 shows, employment discrimination plaintiffs are at the other end of the spectrum, winning barely 3 percent of cases disposed of by pretrial motion. Indeed, they do worse than every other nonprisoner category.

VI.     Success Rates at Trial

Perhaps a more meaningful comparison is to look at success rates at trials. By the time of trial, most clearly non-meritorious lawsuits have been weeded out by the pretrial motion process. Tried cases are serious cases. Here again, though, discrimination plaintiffs do far worse than plaintiffs in other categories. Table 4 shows the results.

As Table 4 shows, over all case categories, the federal courts have held 151,563 trials in the period 1978-2000 for which there was a recorded winner. Plaintiffs won 44 percent of those trials. Employment discrimination plaintiffs have fared far worse in their 19,537 trials over this same period. They have won only 28 percent of their trials.[2] This success rate ranks 61st of 65 categories. Indeed, employment discrimination plaintiffs win a lower percentage of trials than any nonprisoner category except real property land condemnation trials.

---

[2]Table 4 reports success rates at trial that are slightly different than those that can be interpreted from Table 2. Table 2 reports that employment discrimination plaintiffs win 40.94 percent of cases disposed of by jury trial and 20.36 percent of cases disposed by nonjury trial) in the years 1987-2000. The weighted average of these figures from Table 2 gives an overall win rate at trial of 32.0 percent for this period. The database of all cases including those terminated without trial, from which the figures in Tables 1-3 were computed, are readily accessible only for the period 1987 through 2000. The 28.1 % trial win rate figure from Table 4 for employment discrimination plaintiffs covers the larger period of 1978-2000. It is not surprising that the trial win rate differs slightly in the two time periods. In the rest of this report I use the 28.1 percent trial win rate figure from the full time period.

Schwab–How Employment Discrimination Cases Fare, Page 3

VII.   Success Rates on Appeal

It is one thing to win at trial, it is another to hold the judgment on appeal. Tables 5-7 use a special data set that links district court cases with their appellate outcomes, created from Administrative Office data by my Cornell Law School colleagues Professors Kevin Clermont and Theodore Eisenberg and used by us in published work. The results are startling for 442 discrimination cases.

Table 5 reports all trials in which the plaintiff received a judgment, the defendant appealed, and the appellate court affirmed or reversed. It shows that trial judgments for plaintiffs are reversed more often in employment discrimination cases than in any other category of cases except category 440: Other Civil Rights. Employment discrimination plaintiffs who win at trial and whose cases are appealed are reversed 42.19 percent of the time. Even prisoner civil rights and habeas plaintiffs are better able to hold their trial judgments on appeal.

Table 6 reports the other side--when the defendant wins a trial, the plaintiff appeals, and the appellate court affirms or reverses. Employment discrimination plaintiffs are less successful at reversing adverse trial judgments on appeal than plaintiffs in all other case categories save one. Only 6.87 percent of trial judgments for defendants are reversed when plaintiffs appeal. Only the wardens in prisoner habeas corpus petitions and prisoner civil rights decisions are better able to hold their trial judgments on appeal than employers in discrimination cases.

The six-fold gap in reversal rates between discrimination plaintiffs and defendants in their trial judgments is astounding. As reported in Table 7, the gap between defendant and plaintiff success on appeal is larger in discrimination trials than in any other category of case except other civil rights cases and prisoner civil rights petitions.

VIII.  The Value of a Typical Employment Discrimination Case Going to Trial

In this section I estimate the value to a plaintiff of a typical employment discrimination case filed in district court and proceeding to court judgment. The median award after a trial is $68,000, but there are many pitfalls before and after trial that reduce the likelihood that a plaintiff will receive this award. As Table 2 shows, plaintiffs win only 14.96 percent of the judgments in district court (meaning they lose 85.04 percent of the district-court judgments). This includes a pretrial motion losing rate of 96.64 percent (see Table 3) and a trial losing rate of 71.9 percent (see Table 4). Discounting the median award of $68,000 by .1496 gives an ex ante value in District Court of $10,173.

The $10,173 ex ante district court value must be further reduced by the likelihood the judgment is reversed on appeal. Of those trials that employment discrimination plaintiffs win, defendants docket an appeal in 43.55 percent, and 12.35 percent go on to an appellate judgment.[3] As Table 5 shows, nearly half (42.19 percent) of those plaintiff-verdict trials with an appellate judgment are reversed.

The discounted value of the median judgment, then, considering both the probability of winning a judgment in district court and preserving it on appeal is

$$\text{Discounted Value of median 442 case filed in District Court}$$
$$= p \ (1\text{-}ar) \ J,$$
$$= .1496 * .9462 * \$68,000$$
$$= \$9,648 \ .$$

This $9,648 figure is an over-estimate because it assumes that the plaintiff gets a full judgment when the

---

[3] See Kevin M. Clermont and Stewart J. Schwab, How Employment Discrimination Plaintiffs Fare in Federal Court, 1 *Journal of Empirical Legal Studies* 429, 447 n.25 (2004).

<u>Schwab–How Employment Discrimination Cases Fare, Page 4</u>

plaintiff wins at trial and the employer files an appeal but no appellate judgment is rendered. More likely, the parties will settle after the appeal has been filed for on average between ¼ and ¾ of the trial-court judgment. Under those assumptions, the discounted value of the case would be reduced to somewhere between $6,536 and $8,854.

Respectfully submitted,

*[signature]*

_____

Stewart J. Schwab
Professor of Law
Cornell Law School

October 1, 2007

# Table 1
# Method of Disposition of
# Employment Discrimination Cases
# [Administrative Office Code 442]
### Federal District Court Civil Cases
### 1987-2000

| METHOD OF DISPOSITION | NUMBER OF CASES | PERCENT OF ALL DISPOSITIONS |
|---|---:|---:|
| Lack of Prosecution | 7,896 | 3.84% |
| Other Dismissal | 131,235 | 63.91% |
| Default Judgment | 646 | 0.31% |
| Consent Judgment | 3,136 | 1.53% |
| Pretrial Motion | 34,628 | 16.86% |
| Jury Verdict | 7,197 | 3.50% |
| Directed Verdict | 746 | 0.36% |
| Nonjury Trial | 5,480 | 2.67% |
| Other | 14,394 | 7.01% |
| Total | 205,358 | 100.00% |

Source: Administrative Office of the United States Courts, Federal District Court Cases, available at <http://empirical.law.cornell.edu>.

Dean Stewart J. Schwab
Cornell Law School
How Employment Discrimination Cases Fare in the Federal Courts: An Empirical Analysis
October 2007

Schwab–How Employment Discrimination Cases Fare, Page 6

# Table 2
## Plaintiff Win Rates by Method of Disposition
## Employment Discrimination Cases
## [Admin. Office Code 442]
### Federal District Court Civil Cases
### 1987-2000

| METHOD OF DISPOSITION | PLAINTIFF WIN RATE | NUMBER OF CASES |
|---|---:|---:|
| Default Judgment | 61.44% | 625 |
| Consent Judgment | 88.46% | 2,115 |
| Pretrial Motion | 3.36% | 33,797 |
| Jury Verdict | 40.94% | 6,950 |
| Directed Verdict | 8.14% | 725 |
| Nonjury Trial | 20.36% | 5,315 |
| Other | 15.81% | 3,719 |
| Total | 14.96% | 53,246 |

Source: Administrative Office of the United States Courts, Federal District Court Cases, available at <http://empirical.law.cornell.edu>.

Dean Stewart J. Schwab
Cornell Law School
How Employment Discrimination Cases Fare in the Federal Courts: An Empirical Analysis
October 2007

# Table 3
## Plaintiff Win Rates in Cases Decided by Pretrial Motion
## By Case Category
### Federal District Court Civil Cases
### 1987-2000

| RANK | CASE CATEGORY | PLAINTIFF WIN RATE | NUMBER OF CASES |
|---|---|---|---|
| 1 | 152 Contract Student Loan Defaults | 95.61% | 3,368 |
| 2 | 220 Real Property Foreclosure | 92.69% | 8,304 |
| 3 | 625 Drug Related Seizure of Property | 88.87% | 2,156 |
| 4 | 690 Forfeiture & Penalty other | 87.91% | 4,227 |
| 5 | 140 Contract Negotiable Instruments | 83.26% | 4,128 |
| 6 | 120 Contract Marine | 63.74% | 2,143 |
| 7 | 820 Property Rights Copyright | 63.16% | 2,345 |
| 8 | 840 Property Rights Trademark | 62.87% | 1,977 |
| 9 | 190 Contract other actions | 45.32% | 24,651 |
| 10 | 791 Labor Laws ERISA | 43.55% | 12,080 |
| 11 | 450 Interstate Commerce | 43.50% | 1,131 |
| 12 | 110 Contract Insurance | 36.40% | 13,338 |
| 13 | 430 Banks & Banking | 34.99% | 1,189 |
| 14 | 710 Labor Laws Fair Labor Standards Act | 38.07% | 1,811 |
| 15 | 850 Securities, Commodities, Exchange | 34.01% | 3,523 |
| 16 | 870 Tax Suits | 33.44% | 4,509 |
| 17 | 890 Other Statutory Actions | 33.09% | 14,698 |
| 18 | 290 Real Property other actions | 31.40% | 1,745 |
| 19 | 720 Labor Laws Labor/Mgt Relations Act | 28.58% | 6,242 |
| 20 | 893 Environmental Matters | 26.78% | 1,504 |
| 21 | 830 Property Rights Patent | 26.52% | 1,452 |
| 22 | 950 Constitutionality of State Statutes | 25.02% | 1,111 |
| 23 | 422 Bankruptcy Appeals Rule 801 | 23.12% | 4,659 |
| 24 | 350 Torts Motor vehicle | 22.08% | 2,835 |
| 25 | 790 Labor Laws other | 21.06% | 2,972 |
| 26 | 863 Social Security DIWC & DIWW | 20.77% | 30,541 |
| 27 | 370 Torts Other Fraud | 20.46% | 2,214 |
| 28 | 380 Torts other personal property damage | 19.70% | 1,716 |
| 29 | 865 Social Security RSI | 18.47% | 1,955 |
| 30 | 864 Social Security SSID Title XVI | 16.25% | 13,301 |
| 31 | 340 Torts Marine | 15.35% | 2,170 |
| 32 | 510 Prisoner Petitions Vacate sentence (2255) | 14.85% | 18,778 |
| 33 | 470 RICO | 14.76% | 1,775 |
| 34 | 410 Antitrust | 13.18% | 1,351 |

Schwab–How Employment Discrimination Cases Fare, Page 8

| 35 | 365 Torts Product Liability | 9.39% | 3,898 |
|---|---|---|---|
| 36 | 895 Freedom of Information Act | 9.20% | 2,044 |
| 37 | 360 Torts other personal injury | 8.33% | 10,537 |
| 38 | 362 Torts Medical Malpractice | 7.61% | 1,642 |
| 39 | 540 Prisoner Petitions Mandamus | 6.66% | 2,748 |
| 40 | 440 Civil Rights other | 5.68% | 36,438 |
| 41 | 320 Torts Assault, libel & slander | 4.90% | 1,634 |
| 42 | **442 Civil Rights Jobs [Employment Discrimination]** | **3.36%** | **33,797** |
| 43 | 530 Prisoner Petitions Habeas Corpus | 3.06% | 65,222 |
| 44 | 550 Prisoner Petitions Civil Rights | 1.44% | 100,643 |
|  |  |  |  |
|  | Total (including categories with < 1,000 dispositive pretrial motions) | 18.16% | 483,632 |

*Breakout includes all Administrative Office case categories with 1,000 or more cases decided by pretrial motion.

Source: Administrative Office of the United States Courts, Federal District Court Cases, available at <http://empirical.law.cornell.edu>.

Dean Stewart J. Schwab
Cornell Law School
How Employment Discrimination Cases Fare in the Federal Courts: An Empirical Analysis
October 2007

# Table 4
# Plaintiff Win Rates at Trial
# by Case Category*
Federal District Court Civil Trials
1978-2000

| RANK | CATEGORY | PLAINTIFF WIN RATE | NUMBER OF TRIALS |
|---|---|---|---|
| 1 | 910 Local Question Domestic relations | 95.1% | 246 |
| 2 | 871 IRS – Third Party Suits | 83.7% | 196 |
| 3 | 620 Forfeiture & Penalty Food & Drug Acts | 83.1% | 219 |
| 4 | 220 Real Property Foreclosure | 82.8% | 506 |
| 5 | 690 Forfeiture & Penalty other | 82.8% | 1,350 |
| 6 | 625 Drug Related Seizure of Property | 82.0% | 217 |
| 7 | 130 Contract Miller Act | 77.2% | 698 |
| 8 | 150 Contract Recovery overpayments | 76.4% | 195 |
| 9 | 140 Contract Negotiable Instruments | 75.8% | 1,208 |
| 10 | 820 Property Rights Copyright | 73.4% | 759 |
| 11 | 420 *Bankruptcy trustee | 70.2% | 121 |
| 12 | 330 Tort Federal Employers' Liability | 69.7% | 2,051 |
| 13 | 230 Real Property Rent, lease, ejectment | 68.8% | 215 |
| 14 | 120 Contract Marine | 67.5% | 2,057 |
| 15 | 840 Property Rights Trademark | 67.0% | 1,126 |
| 16 | 450 Interstate Commerce | 65.2% | 328 |
| 17 | 441 Civil Rights Voting | 64.8% | 429 |
| 18 | 190 Contract other actions | 64.7% | 15,512 |
| 19 | 368 Torts Asbestos | 64.2% | 615 |
| 20 | 350 Torts Motor vehicle | 62.3% | 7,936 |
| 21 | 370 Torts Other Fraud | 61.8% | 1,409 |
| 22 | 870 Tax Suits | 61.2% | 2,404 |
| 23 | 470 RICO | 60.6% | 249 |
| 24 | 893 Environmental Matters | 60.3% | 456 |
| 25 | 710 Labor Laws Fair Labor Standards Act | 60.2% | 1,546 |
| 26 | 380 Torts other personal property damage | 59.7% | 1,900 |
| 27 | 340 Torts Marine | 59.1% | 4,560 |
| 28 | 240 Real Property Torts to Land | 57.4% | 570 |
| 29 | 195 Contract product liability | 57.1% | 494 |
| 30 | 830 Property Rights Patent | 56.2% | 1,486 |
| 31 | 290 Real Property other actions | 55.9% | 880 |
| 32 | 850 Securities, Commodities, Exchange | 53.9% | 1,584 |
| 33 | 110 Contract Insurance | 52.8% | 6,739 |

Schwab–How Employment Discrimination Cases Fare, Page 10

| # | Category | % | Count |
|---|---|---|---|
| 34 | 430 Banks & Banking | 52.5% | 221 |
| 35 | 310 Torts Airplane | 51.9% | 905 |
| 36 | 890 Other Statutory Actions | 51.4% | 3,162 |
| 37 | 791 Labor Laws ERISA | 50.8% | 1,812 |
| 38 | 423 Withdrawal | 49.6% | 248 |
| 39 | 160 Contract Stockholders suits | 49.6% | 125 |
| 40 | 410 Antitrust | 48.1% | 945 |
| 41 | 345 Torts Marine-product liability | 48.1% | 108 |
| 42 | 720 Labor Laws Labor/Mgt Relations Act | 47.5% | 1,419 |
| 43 | 443 Civil Rights Accommodations | 46.8% | 575 |
| 44 | 360 Torts other personal injury | 46.0% | 11,126 |
| 45 | 320 Torts Assault, libel & slander | 45.9% | 964 |
| 46 | 730 Labor Laws Lab/Mgt Rptg & Disclosure Act | 45.5% | 233 |
| 47 | 950 Constitutionality of state statutes | 43.2% | 227 |
| 48 | 863 Social Security DIWC & DIWW | 43.1% | 144 |
| 49 | 385 Torts Property damage-product liability | 43.0% | 553 |
| 50 | 422 Bankruptcy Appeals Rule 801 | 41.4% | 584 |
| 51 | 790 Labor Laws other | 41.3% | 1,217 |
| 52 | 740 Labor Laws Railway Labor Act | 40.3% | 124 |
| 53 | 315 Torts Airplane product liability | 40.0% | 280 |
| 54 | 540 Prisoner Petitions Mandamus | 37.9% | 103 |
| 55 | 362 Torts Medical Malpractice | 36.4% | 2,686 |
| 56 | 891 Agricultural Acts | 36.2% | 31 |
| 57 | 245 Real Property Tort-product liability | 36.1% | 119 |
| 58 | 355 Torts Motor vehicle-product liability | 33.0% | 811 |
| 59 | 440 Civil Rights other | 32.2% | 14,307 |
| 60 | 365 Torts Product liability | 29.0% | 6,344 |
| 61 | **442 Civil Rights Jobs [Emp. Discrimination]** | **28.1%** | **19,537** |
| 62 | 510 Prisoner Petitions Vacate sentence (2255) | 24.6% | 207 |
| 63 | 530 Prisoner Petitions Habeas Corpus | 20.8% | 1,679 |
| 64 | 210 Real Property Land Condemnation | 19.4% | 5,332 |
| 65 | 550 Prisoner Petitions Civil Rights | 11.5% | 13,583 |
| | TOTAL (including categories with < 100 trials) | 44.0% | 151,563 |

*Includes all Administrative Office case categories with 100 or more recorded outcomes of trials.

Source: Administrative Office of the U.S. Courts, Federal District Court Civil Trials, available at http://empirical.law.cornell.edu>.

Dean Stewart J. Schwab
Cornell Law School
How Employment Discrimination Cases Fare in the Federal Courts: An Empirical Analysis
October 2007

# Table 5
# Reversal Rates When Defendants Appeal a Verdict After Trial
U.S. Courts of Appeals
1987-20000

| RANK | CASE CATEGORY | DEFENDANTS' REVERSAL RATE (%) | NUMBER OF DEFENDANT APPEALS |
|---|---|---|---|
| 1 | 440 Civil Rights Other | 50.33 | 302 |
| 2 | **442 Civil Rights Jobs [Employment Discrimination]** | **42.19** | **448** |
| 3 | 550 Prisoner Petitions Civil Rights | 42.05 | 88 |
| 4 | 850 Securities, Commodities & Exchange | 36.36 | 44 |
| 5 | 362 Torts Medical Malpractice | 36.11 | 36 |
| 6 | Product Liability* | 34.92 | 189 |
| 7 | 791 ERISA | 34.21 | 76 |
| 8 | 890 Other Statutory Actions | 33.68 | 95 |
| 9 | 710 Labor Laws Fair Labor Standards Act | 32.65 | 49 |
| 10 | 370 Fraud | 32.43 | 37 |
| 11 | 530 Habeas Corpus | 31.82 | 22 |
| 12 | 120 Marine Contracts | 31.82 | 44 |
| 13 | 110 Insurance Contracts | 28.43 | 204 |
| 14 | 360 Torts Other Personal Injury | 28.17 | 252 |
| 15 | Others | 26.96 | 382 |
| 16 | 350 Motor Vehicle Torts | 26.47 | 68 |
| 17 | 720 Labor/Management Relations Act | 26.32 | 38 |
| 18 | 190 General Contracts | 26.25 | 541 |
| 19 | 870 Tax Suits | 25.49 | 51 |
| 20 | 790 Other Labor Litigation | 25.00 | 40 |
| 21 | 340 Marine Torts | 25.00 | 60 |
| 22 | 840 Trademark | 24.49 | 49 |
| 23 | 140 Negotiable Instruments | 20.75 | 53 |
| 24 | 330 FELA | 20.59 | 34 |
|  | ALL TRIAL DECISIONS | 32.79 | 3,202 |

*This category combines the Administrative Office's eight product liability categories (## 195, 245, 315, 345, 355, 365, 368, & 385).

Source: Kevin M. Clermont, Theodore Eisenberg, and Stewart J. Schwab, How Employment-Discrimination Plaintiffs Fare in the Federal Courts of Appeals, 7 Employee Rights & Employment Policy Journal 547, 556 Display 4 (2004). (using linked database from Administrative Office district court and appellate court databases).

Dean Stewart J. Schwab
Cornell Law School
How Employment Discrimination Cases Fare in the Federal Courts: An Empirical Analysis
October 2007

Table 6

# Reversal Rates When Plaintiffs Appeal a Verdict After Trial
U.S. Courts of Appeals
1987-2000

| RANK | CASE CATEGORY | PLAINTIFFS' REVERSAL RATE (%) | NUMBER OF PLAINTIFF APPEALS |
|---|---|---|---|
| 1 | 140 Negotiable Instruments | 37.50 | 16 |
| 2 | 850 Securities, Commodities & Exchange | 26.67 | 60 |
| 3 | 370 Torts Fraud | 25.71 | 35 |
| 4 | 840 Property Rights Trademark | 24.39 | 41 |
| 5 | 890 Other Statutory Actions | 22.44 | 156 |
| 6 | 710 Fair Labor Standards Act | 20.37 | 54 |
| 7 | OTHERS | 19.07 | 535 |
| 8 | 120 Marine Contracts | 18.75 | 48 |
| 9 | 870 Tax Suits | 17.86 | 84 |
| 10 | 110 Insurance Contracts | 17.65 | 289 |
| 11 | 190 General Contracts | 17.37 | 426 |
| 12 | 791 ERISA | 15.62 | 128 |
| 13 | 790 Other Labor Litigation | 15.56 | 45 |
| 14 | 440 Other Civil Rights | 13.98 | 901 |
| 15 | 365 Torts Product Liability* | 12.68 | 339 |
| 16 | 340 Marine Torts | 12.50 | 128 |
| 17 | 330 FELA | 12.07 | 58 |
| 18 | 720 Labor Laws Labor/Mgt Relations Act | 11.90 | 42 |
| 19 | 360 Other Personal Injury | 11.14 | 359 |
| 20 | 362 Medical Malpractice | 10.49 | 143 |
| 21 | 350 Torts Motor Vehicle | 8.15 | 184 |
| 22 | **442 Civil Rights Jobs [Employment Discrimination]** | **6.87** | **1,382** |
| 23 | 530 Prisoner Petitions Habeas Corpus | 6.15 | 130 |
| 24 | 550 Prisoner Civil Rights | 5.75 | 1,201 |
|  | ALL TRIAL DECISIONS | 11.85 | 6,784 |

*This category includes the Administrative Office's seven other product liability categories (## 195, 245, 315, 345, 355, 368, & 385).

Source: Kevin M. Clermont, Theodore Eisenberg, and Stewart J. Schwab, How Employment-Discrimination Plaintiffs Fare in the Federal Courts of Appeals, 7 Employee Rights & Employment Policy Journal 547, 557 Display 5 (2004). (using linked database from Administrative Office district court and appellate court databases).

Dean Stewart J. Schwab
Cornell Law School
How Employment Discrimination Cases Fare in the Federal Courts: An Empirical Analysis
October 2007

Table 7
# Differences in Reversal Rates
# When Defendants Appeal and Plaintiffs Appeal a Trial Verdict
U.S. Courts of Appeals
1987-2000

| RANK | CASE CATEGORY | DEFENDANT-PLAINTIFF DIFFERENCE IN REVERSAL RATES |
|---|---|---|
| 1 | 440 Other Civil Rights | 36.35 |
| 2 | 550 Prisoner Petitions Civil Rights | 36.30 |
| 3 | **442 Civil Rights Jobs [Employment Discrimination]** | **35.32** |
| 4 | 530 Habeas Corpus | 25.67 |
| 5 | 362 Torts Medical Malpractice | 25.62 |
| 6 | 720 Labor Laws Labor/Mgt Relations Act | 24.42 |
| 7 | Product Liability* | 22.24 |
| 8 | 791 Labor Laws ERISA | 18.59 |
| 9 | 350 Torts Motor Vehicle | 18.32 |
| 10 | 360 Torts Other Personal Injury | 17.03 |
| 11 | 120 Marine Contracts | 13.07 |
| 12 | 340 Marine Torts | 12.50 |
| 13 | 710 Labor Laws Fair Labor Standards Act | 12.28 |
| 14 | 890 Other Statutory Actions | 11.24 |
| 15 | 110 Insurance Contracts | 10.78 |
| 16 | 850 Securities, Commodities & Exchange | 9.69 |
| 17 | 790 Other Labor Litigation | 9.44 |
| 18 | 190 General Contract | 8.88 |
| 19 | 330 FELA | 8.50 |
| 20 | OTHERS | 7.89 |
| 21 | 870 Tax Suits | 7.63 |
| 22 | 370 Fraud | 6.72 |
| 23 | 840 Trademark | 0.10 |
| 24 | 140 Negotiable Instruments | -16.75 |
|  | ALL TRIAL DECISIONS | 20.94 |

*This category includes the Administrative Office's seven other product liability categories (## 195, 245, 315, 345, 355, 368, & 385).

Source: Kevin M. Clermont, Theodore Eisenberg, and Stewart J. Schwab, How Employment-Discrimination Plaintiffs Fare in the Federal Courts of Appeals, 7 Employee Rights & Employment Policy Journal 547, 559 Display 6 (2004). (using linked database from Administrative Office district court and appellate court databases).

Dean Stewart J. Schwab
Cornell Law School
How Employment Discrimination Cases Fare in the Federal Courts: An Empirical Analysis
October 2007