IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Joanne Augst-Johnson, Nancy Reeves, | ) | |
| Debra Shaw, Jan Tyler, Cheryl Giustiniano, | ) | |
| Laurie Blackburn, Erna Tarantino, | ) | |
| and Elizabeth Reinke, | ) | Case No. 1:06-cv-01142 (RWR) |
| | ) | |
| On behalf of themselves and all others similarly | ) | |
| situated, | ) | CLASS ACTION |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Morgan Stanley & Co. Incorporated, formerly | ) | |
| known as Morgan Stanley DW Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

i

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND............................................................................................................ 2

III. THE FEE REQUEST IN THIS CASE IS REASONABLE, CONTEMPLATED BY
THE PARTIES, AND CONSISTENT WITH THE CASE LAW IN THIS CIRCUIT...... 4

IV. THE FACTORS TO BE CONSIDERED IN EVALUATING A FEE AWARD
SUPPORT CLASS COUNSEL'S FEE REQUEST ........................................................... 8

   A. THE SIZE OF THE SETTLEMENT FUND AND THE SUBSTANTIAL
   BENEFITS TO THE CLASS SUPPORT GRANTING THE REQUESTED
   ATTORNEYS' FEES ...................................................................................................... 9

   B. THERE ARE NO OBJECTIONS TO THE REQUESTED FEE............................. 10

   C. THE REQUESTED FEES FAIRLY COMPENSATE CLASS COUNSEL FOR
   THEIR EFFICIENCY AND SKILL IN LITIGATING THIS CASE .......................... 12

   D. THE COMPLEXITY AND DURATION OF THE INVESTIGATION,
   NEGOTIATIONS, AND LITIGATION FAVORS GRANTING THE REQUESTED
   ATTORNEYS' FEES .................................................................................................... 14

   E. THE REQUESTED FEES FAIRLY COMPENSATE CLASS COUNSEL............ 14

   F. THE REQUESTED ATTORNEYS' FEES ARE REASONABLE CONSIDERING
   THE SIGNIFICANT TIME CLASS COUNSEL DEVOTED TO THIS CASE.......... 15

   G. THE REQUESTED FEE IS CONSISTENT WITH ALL APPLICABLE
   PRECEDENT ................................................................................................................ 16

V. THE FUTURE ANTICIPATED COSTS FOR MONITORING MAKE THE FUTURE
ANNUAL ALLOCATIONS REASONABLE ................................................................. 17

VI. CONCLUSION........................................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Advocate Health Care v. Mylan Labs. Inc.* (*In re Lorazepam & Clorazepate Anittrust Litig.*), 2003 U.S. Dist. LEXIS 12344 (D.D.C. June 16, 2003) .............................. 10, 17

*Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980).................................................................. 5

*Bynum v. District of Columbia*, 2006 U.S. Dist. LEXIS 2435 (D.D.C. January 25, 2006)6, 7

*Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190 (3d Cir. 2000).................................. 16

*Hartman v. Duffey*, 973 F. Supp. 199 (D.D.C. 1997) ...................................................... 16

*In re Baan Co. Secs. Litig.*, 288 F. Supp. 2d 14 (D.D.C. 2003)................................. 10, 12

*In re Newbridge Networks Sec. Litig.*, 1998 U.S. Dist. LEXIS 23238 (D.D.C. 1998)... 5, 6

*In re Safety Components Int'l Inc.*, 166 F. Supp. 2d 72 (D.N.J. 2001)............................ 16

*In re Vitamins Antitrust Litig.,* 2001 U.S. Dist. LEXIS 25067 (D.D.C. July 13, 2001) .... 6, 11, 16

*Ingram v. The Coca-Cola Company,* No. 1-98-CV-3679 (RWS) (N.D. Ga. 2001) ... 15, 18

*Kosen v. American Express Financial Advisers, Inc.*, Civ. No. 1:02CV00082 (HHK) (D.D.C. June 16, 2002) ......................................................................................... passim

*Maley v. Del Global Tech. Corp.,* 186 F. Supp. 2d 358 (S.D.N.Y. 2002)........................ 16

*McLaurin v. National Railroad Passenger Corp*, 311 F. Supp. 2d 61 (D.D.C. 2004) . 7, 20

*McReynolds v. Sodexho Marriott Servs., Inc.,* No. 1:01-CV-00510 (ESH) (D.D.C. July 26, 2006) .................................................................................................................... 7

*Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400 (1968) ........................................ 8

*Roberts v. Texaco*, Inc. 979 F. Supp. 185 (S.D.N.Y. 1997)...................................... 8, 9, 15

*Swedish Hosp. Corp v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993) ............................ 4, 5, 6, 12

*Thornton v. National Railroad Passenger Corp.*, 16 F. Supp. 2d 5 (D.D.C. 1998) ..... 7, 20

**Rules**

Fed. R. Civ. P...................................................................................................................... 5

Fed. R. Civ. P. 23 .......................................................................................................... 2, 3

Fed. R. Civ. P. 54 ............................................................................................................. 2

# I. INTRODUCTION

Class Counsel achieved substantial results for female financial advisors and advisor trainees at Morgan Stanley & Co. Incorporated ("Morgan Stanley" or "the company"). Over 2,800 women are eligible for awards from the $46 million Settlement Fund, and thousands more women will benefit from the extensive, five-year injunctive relief that will be implemented to improve the fairness of the account distribution, partnership, and promotion systems at the company. The injunctive relief will include a Diversity Monitor to oversee the new account distribution system and the HR complaint process. In addition, two renowned Industrial Psychologists will develop innovative measures to increase retention and equal opportunity for female Financial Advisors.

The parties used pioneering efforts to achieve ground-breaking results through effective problem solving, without contentious litigation. The sweeping injunctive relief has the potential to influence the entire financial services industry. As mediator Hunter Hughes explained, the reforms instituted are "meaningful, novel and far-reaching." *See* Declaration of Cyrus Mehri in Support of Motion for Attorneys' Fees and Expenses (hereinafter "Mehri Fee Decl.") ¶52.

These impressive results warrant the award of attorneys' fees and costs requested by Class Counsel. The requested common fund award is well within the typical range of attorneys' fee award percentages granted in this District. Further, the payment of attorneys' fees and expenses is contemplated by the Settlement Agreement. The Fund from which these fees will be paid was created through the hard work and ingenuity of Class Counsel. There has been no objection by any Class Member, by any of the fifty Attorneys General, or by Morgan Stanley to the requested fee award.

1

Based on the remarkable results achieved, the extensive efforts of Class Counsel in the face of substantial risk, and the fact that there is no objection to the requested attorneys' fee award, Class Counsel respectfully request that this Court grant their Motion.

## II. <u>BACKGROUND</u>

Plaintiffs' Motion for attorneys' fees arises from the settlement of a nationwide class action commenced in this Court on June 22, 2006, alleging that Morgan Stanley discriminated against its female financial advisors and advisor trainees with respect to compensation, promotions, terminations, and terms and conditions of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*. After an extensive investigation and hard fought negotiations, the parties reached a settlement which includes substantial monetary and injunctive relief. The Settlement Agreement specifically contemplates that Class Counsel will be compensated for their time and expenses from the common fund.

Pursuant to Rules 23(h)(1) and 54(d)(2) of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 23(h)(1); Fed. R. Civ. P. 54(d)(2), Class Counsel sought an award of fees and related costs and expenses as part of their preliminary approval papers. The requested award includes compensation for all past and future time and costs. *See* Class Counsel's Motion for An Award of Attorneys' Fees and Expenses (Doc. 21); Plaintiffs' Memorandum In Support of Joint Motion for Preliminary Approval of Class Action Settlement and Class Counsel's Motion for Award of Attorneys' Fees and Expenses, (Doc. 21-2) (hereinafter "Pls Mem."). This Supplemental Memorandum is intended to provide further assistance to the Court in evaluating Class Counsel's Motion and to

inform the Court about the relevant factual developments since the Preliminary Approval Hearing on July 5, 2007.

In their prior briefing, Class Counsel requested combined attorneys' fees and costs in the amount of 26% of the proposed $46 million common fund, plus an annual payment of $300,000 during each of the five years of the term of the Settlement, plus interest earned on those amounts from the date on which the Settlement Fund was funded until the date(s) of disbursement to Class Counsel.

In compliance with Rule 23(h)(1) of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 23(h)(1),  notice of Class Counsel's fee request was included in the Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing (hereinafter "Notice"), attached as Exhibit A to Declaration of Mark Patton (hereinafter "Patton Decl.")(Doc. 33-11).  *See* Notice at 11.  The Claims Administrator sent this Notice to all class members on July 27, 2007.  *See* Patton Decl. ¶ 5.

Class Members had until September 10, 2007, to object to the Settlement.  *See* Notice at 8.  During the objection period, the parties received three objections to the settlement; two from Class Members and one from a non-class member.  None of these objections took issue with Class Counsel's request for attorneys' fees.  In fact, one of the objectors specifically acknowledged the work of Class Counsel and explicitly noted that she was not objecting to Class Counsel's Motion.  *See* Objection of Janice Grant at 3 (hereinafter "Grant Objection") (Doc. 33-8).

3

### III. THE FEE REQUEST IN THIS CASE IS REASONABLE, CONTEMPLATED BY THE PARTIES, AND CONSISTENT WITH THE CASE LAW IN THIS CIRCUIT

Class Counsel are entitled to an award of attorneys' fees and expenses in this action pursuant to the common fund doctrine, *see generally, Swedish Hosp. Corp v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993), and by agreement of the parties.  *See* Second Revised Settlement Agreement, July 17, 2007, (hereinafter "Settlement Agreement" or "S.A."), (Doc. 33-10) §§ VIII.A., XII.  Class Counsel's Motion should be granted because the fee request was contemplated by the parties and the mediator in their settlement negotiations, the fee request was disclosed to the Class Members in the Notice to the Class, as required by Rule 23(h)(1), and there are no objections to the requested fees.

The terms of the Settlement Agreement provide for attorneys' fees and expenses to be paid from the Settlement Fund.  The settlement negotiations were overseen by mediator Hunter Hughes.  *See* Mehri Fee Decl. ¶17.  Defendant does not contest the award requested by Class Counsel, nor does any Class Member or state attorney general. *See* Mehri Fee Decl. ¶¶ 28-29.  Under Section VIII.A of the Settlement Agreement, the Settlement Fund is intended to include "all attorneys' fees and costs awarded by the Court, including those in connection with securing court approval of the Settlement, the claims process, and monitoring the Settlement Agreement, other than fees and costs awarded in connection with any successful proceeding to enforce the terms of this Settlement Agreement." S.A. at §VIII.A.; s*ee also* §XII.

It is well-established that a "litigant or a lawyer who recovers a common fund for

4

the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).[1] In this Circuit, courts evaluate fee awards in common fund cases based on the "percentage-of-the-fund method." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1263 (D.C. Cir. 1993); *see also In re Newbridge Networks Sec. Litig.*, 1998 U.S. Dist. LEXIS 23238, at *10 (D.D.C. 1998) (*"Newbridge Networks"*). This is the method that "most closely approximates the manner in which attorneys are compensated in the marketplace for these types of cases," and is more efficient than the "lodestar" method. *Swedish Hosp. Corp.,* 1 F.3d at 1269.[2] The intent of this method is to "simulate awards that would otherwise prevail in the market." *Kosen v. American Express Financial Advisers, Inc.*, Civ. No. 1:02CV00082 (HHK), slip op. at 25 (D.D.C. June 16, 2002) (attached as Exhibit 4), citing *In re Vitamins Antitrust Litig.,* 2001 U.S. Dist. LEXIS 25067 at *68 (D.D.C. July 13, 2001) (*"Vitamins"*).

Attorney fee awards in class action cases in this Circuit range from 20-45% of the fund. *Kosen,* No. 1:02-CV-00082 , at 12 (35% for fees and expenses); *see Bynum v. District of Columbia*, 412 F.Supp.2d 73, 81 (D.D.C. 2006) (33.3% of Class Fund plus

---

[1] In 2003, Rule 23 of the Federal Rules of Civil Procedure was amended to require counsel to make a separate motion for an award of attorneys' fees and costs. As the Advisory Committee Notes explain, subdivision (h) "does not undertake to create new grounds for an award of attorney fees or nontaxable costs. Instead, it applies when such awards are authorized by law or by agreement of the parties." Committee Note to Rule 23(h), Fed. R. Civ. P., 2003 ("Cmte Notes"). The Committee Note to this subdivision reiterates the prevailing standard of "reasonable" attorneys' fees and costs. *Id.*

[2] Even if the Court were to use the lodestar multiplier methodology, the fee request reflects a multiplier of 3.08. *See* Mehri Fee Decl. ¶ 50. Multipliers in this range are commonly approved in many jurisdictions. *See, e.g., Kosen,* No. 1:02-CV-00082, at17 (requested fee award amounted to an award of approximately 2.27 times the lodestar); *In re Baan,* 288 F.Supp.2d at 19-20 (collecting cases with multipliers between 1.15 and 8.5).

costs), *In re Baan Co. Sec. Litig.* 288 F.Supp.2d 14 (D.D.C.2003) (28% of gross settlement fund), *Swedish Hosp. Corp.* 1 F.3d at 1272 (affirming fee award of 20%); *Newbridge Networks*, 1998 U.S. Dist. LEXIS 23238, at *12 (30% plus expenses); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 499 (D.D.C. 1981) (granting award of 45%, including expenses).

While the average class action fee in this district centers around 30%, fee awards in employment discrimination class actions tend to be higher, in the range of 30-37.5%, *see McReynolds v. Sodexho Marriott Servs., Inc.,* No. 1:01-CV-00510 (ESH) (D.D.C. July 26, 2006) (30.1% for fees and expenses); *Bynum v. District of Columbia*, 412 F.Supp.2d 73, 81 (D.D.C. 2006) (33.3% of Class Fund plus costs), *Kosen,* No. 1:02-CV-00082, at 12 (35% for fees and expenses); *Thornton v. National Railroad Passenger Corp.*, 16 F. Supp. 2d 5 (D.D.C. 1998) (37.5% for past and future fees and expenses); *McLaurin v. National Railroad Passenger Corp*, 311 F. Supp. 2d 61 (D.D.C. 2004) (37.5% for past and future fees and expenses).

Civil rights class actions generally are riskier and harder to prosecute than other class action cases. As the Special Master noted in *Roberts v. Texaco, Inc.,* a race discrimination class action which Mr. Mehri prosecuted:

> The risk of litigation was substantial, to say the least. Cases such as this have rarely produced significant recoveries and are fraught with problems of proof, being largely based on statistical data.

979 F. Supp. 185, 197 (S.D.N.Y. 1997). In addition to the challenges of quantifying and presenting proof, Class Counsel also faced the difficulties posed by the evolving legal standards in this area of the law. *See* Mehri Fee Decl. ¶25.

Further, the important public policy concerns advanced by civil rights cases dictate a fee award that reflects the important public interest in prosecuting civil rights cases.  As the Supreme Court noted in *Newman v. Piggie Park Enterprises, Inc.,* Plaintiffs should be encouraged to bring private actions to further the policies of the Civil Rights Act:

> When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law.  When a plaintiff . . . obtains an injunction, he does so not for himself alone but also as a "private attorney general," vindicating a policy that Congress considered of the highest priority.  If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees . . . to encourage individuals injured by racial discrimination to seek judicial relief under Title II.

*Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400, 402 (1968).

Echoing the sentiment in *Piggie Park*, the Special Master in the *Texaco* case noted that:

> [T]he result achieved was one that captured national attention and focused upon the importance of private attorneys general in enforcement of the proscriptions against racial discrimination in the workplace --  a class action concern that has not received the same focus as have, for example, securities and products liability class actions, though it implicates concerns of considerable public importance.

*Roberts*, 979 F. Supp. at 197.

The risks of litigation, as well as the important policy issues achieved by civil rights class action cases, have led courts in this District to award attorneys' fees at rates higher than the rates awarded in non-civil rights class actions.

Class Counsel have requested an initial fee and expense allocation of 26% of the

Settlement Fund plus interest which has accrued thereon to cover all fees and costs up to

and including final approval, which amounts to $11,960,000 plus interest accrued. In

addition, Class Counsel have requested five additional annual payments of $300,000 plus

interest to compensate them for future work associated with monitoring and enforcing the

Settlement.  The total amount, $13,460,000, plus interest, constitutes 28% of the $46

million Settlement Fund, a percentage lower than the range typical for class action

employment discrimination fee awards in this District.[3]

## IV. THE FACTORS TO BE CONSIDERED IN EVALUATING A FEE AWARD SUPPORT CLASS COUNSEL'S FEE REQUEST

Although the D.C. Circuit has not developed a formal list of factors to be

considered when approving fees in common fund cases such as this one, several courts in

this District have cited similar factors in evaluating a fee request.  In *Kosen*, the court

identified seven factors to use in evaluating a fee award: (1) the size of the fund created

and the number of persons benefited; (2) the presence or absence of substantial objections

by members of the class to the settlement and/or the requested fees; (3) skill and

efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5)

the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel;

and (7) the awards in similar cases.  *Kosen,* No. 1:02-CV-00082, at 26-28. Other courts in

---

[3] The *Kosen* Court explained that to properly compare a fee request in a civil rights class action with awards in other cases that involve little if any post-settlement work, it is necessary to subtract the projected fees and expenses for administration and monitoring and the actual expenses already incurred from the total amount requested in order to arrive at a rate that is comparable to a case with no post-settlement work. *Kosen*, No. 1:02-CV-00082, at 25.  Taking this approach, Class Counsel's fee request is 26 % of the total Settlement Fund, and is below or at the low end of the range usually awarded class counsel in employment discrimination cases in this District.

this District have used similar factors. *See Advocate Health Care v. Mylan Labs. Inc.* (*In re Lorazepam & Clorazepate Anittrust Litig.*), 2003 U.S. Dist. LEXIS 12344, at *27 (D.D.C. June 16, 2003) (same) (*"Lorazepam"*); *In re Baan Co. Secs. Litig.*, 288 F. Supp. 2d at 17.

Applying these factors in this case, Class Counsel's fee request is reasonable and should be approved by the Court.

###     A.     THE SIZE OF THE SETTLEMENT FUND AND THE SUBSTANTIAL BENEFITS TO THE CLASS SUPPORT GRANTING THE REQUESTED ATTORNEYS' FEES.

The *Kosen* Court explained that, where "exceptional benefits" are achieved, higher recoveries should be awarded to attorneys. *Kosen,* No. 1:02-CV-00082, at 26; *Vitamins*, 2001 U.S. Dist. LEXIS 25067, at *62. The evaluation of a settlement's benefits should include both the monetary and injunctive relief achieved.

Class Counsel achieved significant results for the Class. Morgan Stanley has agreed to settlement relief valued at approximately $70 million. The relief includes a substantial Settlement Fund of approximately $50 million dollars (including employer tax payments) and extensive injunctive relief.

Over 2,800 Class Members are eligible for relief from the Settlement Fund, and countless female financial analysts, both now and in the future, will benefit from the extensive programmatic changes that will take place as a result of the Settlement.

The programmatic relief agreed to in the Settlement consists of changes in company policies and practices that Plaintiffs alleged were the source of the sex discrimination that they and other women experienced. The provisions of the Settlement are described in detail in Plaintiffs' Preliminary Approval Memorandum at 5-8.

Support for this settlement is evident from the Class Member response to the Notice mailing. As of October 1, 2007, the Claims Administrator has received 907 Claim Forms from Class Members. *See* Patton Decl. ¶6. Further, the National Council for Women's Organizations has shown their support for this "significant" settlement, which "has the potential to influence the rest of the industry and to lead to improved outcomes for women far into the future." *See* Letter from NCWO, Exhibit A to Mehri Final Approval Decl. at 1 (Doc. 33-3).

Plaintiffs believe that such relief is more extensive than what could be obtained at trial. As the court noted in *Kosen*, "[s]ystemic changes like these go beyond the relief that typically is awarded by courts after trials in employment discrimination class cases and probably could have been obtained only through negotiations." *Kosen*, No. 1:02-CV-00082, at 8. The comprehensive injunctive relief agreed to in this case has the potential to influence the entire financial services industry. Class Counsel expect the impact of this Settlement to reverberate throughout the industry.

## B. THERE ARE NO OBJECTIONS TO THE FEE REQUEST.

In this District, the lack of objections by Class Members is relevant to the Court's determination of the reasonableness of the requested fee. *See Swedish Hosp. Corp.*, 1 F.3d at 1271; s*ee also In re Baan*, 288 F.Supp. 2d at 17 (noting that only one objection to counsel's application for attorneys' fees had been filed).

10

Consistent with the Settlement Agreement, *see* §IV.C.2., Notice was sent to all Class Members on July 27, 2007. *See* Patton Decl. ¶ 5. The Notice contained clear and full disclosure of the fee request made by Class Counsel.[4] *See* Notice at 11.

As explained above, while three objections to the Settlement were received, none objected to the fees requested by Class Counsel. *See* Mehri Fee Decl. ¶¶28,29. Neither Ms. Evans nor Ms. Cropper makes any mention of the fees in her objection. Ms. Grant specifically states that she does not object to the fees, explaining that "I do not doubt that Class Counsel expended significant time and effort in this matter. I also do not dispute

---

[4] The actual text of the Notice reads:

> In connection with the Settlement, the Court will award Class Counsel reasonable attorneys' fees and expenses out of the Settlement. If you are a Class Member and receive an award from the settlement, you will not owe any fees or expenses to the lawyers who have represented you as part of the Class. The attorneys' fees and expenses of Class Counsel, as awarded by the Court, will be paid only from the Settlement and only if and after the Settlement has been approved by the Court.

> As is routine in class action cases, Class Counsel has filed a motion for an award of attorneys' fees and expenses already incurred as well as the fees and expenses that will be incurred during the five-year term of the Settlement. In its motion, Class Counsel has requested that the Court award them attorneys' fees and expenses in the amount of 26% of the proposed $46 million monetary settlement, plus $300,000 per year during the five-year term of the Settlement to cover future fees and expenses relating to monitoring and enforcing the Settlement, plus interest accruing on all fees and expenses from the date on which the Settlement is funded until such fees and expenses are disbursed to Class Counsel.

> Class Counsel have pursued these claims on behalf of Plaintiffs and the Class without receiving any compensation for their services or reimbursement of their out-of-pocket expenses. Class Counsel have undertaken substantial risks in pursuing this matter. They have done so with the understanding that, if they obtained a recovery for the class, their expenses would be reimbursed and they would receive fees from the fund recovered.

*See* Notice at 11.

that Class Counsel are entitled to be paid or have any basis to challenge the amount of
their request." Grant Objection at 3.

The lack of objections to Class Counsel's fee request indicates that the Class
Members find the request to be reasonable and supports Class Counsel's fee request.

### C. THE REQUESTED FEES FAIRLY COMPENSATE CLASS COUNSEL FOR THEIR EFFICIENCY AND SKILL IN LITIGATING THIS CASE.

Class Counsel are highly experienced, skilled attorneys who have spent years
fighting for civil rights. *See* Mehri Fee Decl. ¶¶ 30-45. They have received praise for
their work in other cases.

As the *Kosen* Court noted, Sprenger & Lang:

> specializes in class action litigation on behalf of plaintiffs,
> generally employees, and has achieved many favorable
> results in this District and elsewhere. Among the highlights
> are settlement of age discrimination collective action
> lawsuits against First Union Corporation and Ceridian
> Corporation for $58.5 million and $28.5 million
> respectively, settlement of race discrimination lawsuits
> against PEPCO and Amtrak in this District for total
> amounts of over $62 million in cash plus sweeping
> injunctive relief, certification of the first hostile
> environment class action against women and then
> achievement of the first liability finding to the class in a
> hostile environment case, earning what Class Counsel
> believes is the largest settlement ever in a plant closing
> case, and settlement of a landmark ERISA case for $26
> million.

*Kosen*, 1:02-CV-00082, at 14.

Cyrus Mehri's skill has been acknowledged by courts in several jurisdictions. Mr.
Mehri and his colleagues were recognized for their work as class counsel in *Roberts v.
Texaco, Inc.,* a landmark class action settlement of race discrimination claims:

> This case involved extraordinary skill and effort on the part of

> plaintiffs' counsel, particularly in view of the relentless effort,
> vigor and skill employed by Texaco's experienced and able
> counsel in pursuing a defensive strategy that maximized burden
> and left no litigation tactic unexplored.  . . . And the ingenuity of
> counsel (and their respective clients) in framing an imaginative
> settlement, that may well have important ameliorative impact not
> only at Texaco but in the corporate context as a whole, likewise
> merit consideration.

*Roberts*, 979 F.Supp. at 197-98.

In their work on behalf of plaintiffs against The Coca-Cola Company, Mr. Mehri and his colleagues were again praised, as Judge Story observed: "As a judge, there's no greater pleasure than the opportunity to be involved in litigation with quality, professional class counsel..." *Ingram v. The Coca-Cola Company,* No. 1-98-CV-3679 (RWS) (N.D. Ga. 2001), Transcript of Fairness Hearing, May 29, 2001, at 220.

In addition to their noted skill, Class Counsel embarked on a settlement process in this case which serves as a model for the resolution of a complex case.  Class Counsel worked diligently to develop the case by conducting an extensive investigation lasting over two years, including in-depth interviews with over 200 Class Members.  Class Counsel worked hard to craft a strong Settlement with impressive monetary and injunctive relief.  As a result, Class Members will not face the risks of litigation and will obtain a prompt resolution of their claims.  Throughout the negotiations, Class Counsel worked carefully to solve problems and minimize contentious litigation.

In the context of employment discrimination class action cases, the parties were highly efficient in resolving the claims.  *See* Mehri Fee Decl. ¶26*; cf. Hartman v. Duffey*, 973 F. Supp. 199, 200 (D.D.C. 1997) (over 20 years to resolve).  Such efficiency has been recognized as contributing to the justification for the approval of a fee award.  *See Vitamins*, 2001 U.S. Dist. LEXIS 25067, at *33*; Gunter v. Ridgewood Energy Corp.,* 223

F.3d 190, 198 (3d Cir. 2000); *Maley v. Del Global Tech. Corp.,* 186 F. Supp. 2d 358, 368 (S.D.N.Y. 2002); *In re Safety Components Int'l Inc.*, 166 F. Supp. 2d 72 (D.N.J. 2001) (*"Safety Components"*).

### D.   THE COMPLEXITY AND DURATION OF THE INVESTIGATION, NEGOTIATIONS, AND LITIGATION FAVORS GRANTING THE REQUESTED ATTORNEYS' FEES.

The class claims were factually and legally complex, requiring Class Counsel to identify policies and practices that contributed to the alleged discrimination and develop evidence that those policies were administered in a discriminatory manner on a nationwide basis in offices across the country. These issues necessitated extensive investigation and evaluation of documents, statistical analysis by expert statisticians, hundreds of interviews with witnesses, and learning the complex practices and norms of the financial services industry. See Mehri Fee Decl. ¶23.

As in the *Kosen* case, counsel here faced the risk of attempting to certify a nationwide class of women affected by decisions of hundreds of managers in scores of facilities. *Kosen,* No. 1:02-CV-00082, at 16. The nationwide nature of the proposed class, and the nature of the damages sought would result in lengthy and risky litigation if this case did not settle. *See* Mehri Fee Decl. ¶26.

### E.   THE REQUESTED FEES FAIRLY COMPENSATE CLASS COUNSEL FOR THE RISK OF NONPAYMENT.

This District considers the risk of nonpayment in determining the amount of fees to award Class Counsel. *See Lorazepam,* 2003 U.S. Dist. LEXIS 12344, at *29. *See also* Pls Mem. at 23. Class Counsel took this case on a contingency basis, involving a risk that they would receive no compensation for their time or advanced expenses. Class

14

Counsel have received no compensation to date for their extensive work in this case. *See* Mehri Fee Decl. ¶22. Many law firms are unwilling to handle a major Title VII case, s*ee* Mehri Fee Decl. ¶25, and courts have remarked on the lack of competition among plaintiffs' lawyers to prosecute Title VII cases. *See, e.g. Kosen,* No. 1:02-CV-00082, at 13; *see also Ingram,* 200 F.R.D. at 696 (noting it is difficult for civil rights plaintiffs to obtain experienced, skilled representation because, "[h]istorically, claims alleging systemic employment discrimination are difficult to win.").[5]

Thus, Class Counsel faced a genuine risk of nonpayment when taking on this case.

### F.    THE REQUESTED ATTORNEYS' FEES ARE REASONABLE CONSIDERING THE SIGNIFICANT TIME CLASS COUNSEL DEVOTED TO THIS CASE.

Over the past two and a half years, Class Counsel have devoted a significant amount of time to investigating, litigating and negotiating the resolution of the parties' dispute. See Mehri Fee Decl. ¶46. Through September 30, 2007, Class Counsel have accrued over 8,511 hours of attorney and legal assistant time, a lodestar of $3,271,846, and have paid or incurred over $130,846 in expenses. *See* Exhibit 2, Declaration of Steven M. Sprenger in Support of Final Approval of the Proposed Class Settlement and Award of Attorneys' Fees and Expenses (hereinafter "Sprenger Fee Decl."); Exhibit 3, Declaration of Christopher M. Moody in Support of Final Approval of the Proposed Class Settlement and Award of Attorneys' Fees and Litigation Expenses (hereinafter

---

[5] In addition, employment discrimination class actions are risky because, unlike other class action fields, there is usually no government investigation to draw on in the Title VII context, thus extensive investigations, as was required in this case, are often necessary to obtain information that is not otherwise accessible. *See Kosen,* No. 1:02-CV-00082, at 16.

"Moody Fee Decl."); Mehri Fee Decl. ¶¶47-48.  Class Counsel ultimately expect the combined lodestar to be approximately $3,811,846, not including monitoring work, and combined expenses to be approximately $195,846.  *See* Mehri Fee Decl 49-50. ¶

To date, Class Counsel have reviewed substantial numbers of documents setting forth Morgan Stanley's relevant employment policies, created a database to retain and update factual information on an ongoing basis, compiled memoranda on various topics, conducted interviews of over 200 witnesses, prepared declarations of the Named Plaintiffs, worked with statistical experts to analyze earnings data, participated in numerous mediation sessions, drafted appropriate settlement documents, including motions for preliminary and final approval of the proposed Settlement, worked with the Claims Administrator to provide Notice to the Class, fielded hundreds of phone calls from Class Members regarding the Settlement, held regular meetings and conference calls with co-counsel, frequent meetings and conference calls with opposing counsel, and had extensive contact with the Named Plaintiffs.  *See* Mehri Fee Decl. ¶¶4-21.

### G.    THE REQUESTED FEE IS CONSISTENT WITH ALL APPLICABLE PRECEDENT.

Class Counsel request an initial allocation of twenty-six percent (26%) of the Settlement Fund to cover fees and costs incurred through final approval of the Settlement and the claims process, and additional annual payments for monitoring the implementation of and enforcing the Settlement during its five-year term.  As described above, *see supra* at 5-8, 26% is well within the range of attorney fee awards in this District, and is lower than the typical percentage of the fund award in employment discrimination class action cases.

In *Kosen*, the court referenced *McLaurin v. National Railroad Passenger Corp.* and *Thornton v. National Railroad Passenger Corp.* as similar cases because they involved early settlement discussions. *Kosen,* No. 1:02-CV-00082, at 17-18 *citing McLaurin*, 311 F. Supp. 2d 61; *Thornton*, 16 F. Supp. 2d 5. In each of these cases, as in the instant case, the award of fees encompassed both past and future work and expenses. *Id.* The fee awards in those cases were 37.5% and 35%. *Thornton*, 16 F. Supp. 2d 5 (37.5% for past and future fees and expenses); *McLaurin*, 311 F. Supp. 2d 61 (37.5% for past and future fees and expense); *Kosen,* No. 1:02-CV-00082, at 12 (35% for fees and expenses).

As the April 24, 2007 Declaration of Steven M. Sprenger, filed with Plaintiffs' preliminary approval papers explains, the results achieved in this case compare favorably with the relief obtained in *Kosen*, the most analogous case in this District.

> In *Kosen*, plaintiffs similarly alleged sex discrimination with respect to compensation, promotions and other business opportunities on behalf of a nationwide class of female financial advisors. In *Kosen*, the term of the settlement was four years whereas here it is five years. In *Kosen*, the class size was 4,411 and the monetary relief was $31 million dollars. Here, the class size of approximately 2,700 is considerably smaller and the monetary relief of $46 million is considerably greater. Finally, in *Kosen*, the Court awarded attorneys' fees and costs of 35% of the common fund whereas here class counsel is seeking attorneys' fees and costs of less than 30% of the common fund.

Declaration of Steven M. Sprenger, April 24, 2007, ¶12 (Doc. 20-7).

## V. THE FUTURE ANTICIPATED COSTS FOR MONITORING MAKE THE FUTURE ANNUAL ALLOCATIONS REASONABLE

In addition to the initial payment, Class Counsel request fees of $1,500,000 for time and expenses that will be incurred during the term of the Settlement. Class Counsel

has proposed that this amount be paid in 20% increments over the five-year term of the Settlement, resulting in five annual payments of $300,000, plus accrued interest, to be payable on each anniversary of the Settlement's final approval.  These future payments are amply justified, and indeed conservative, based on the work and expenses that will likely be devoted and incurred during the term of the Settlement. See Mehri Fee Decl. ¶ 49-51; Sprenger Fee Decl. ¶¶15-17.

Substantial future monitoring work will be required of Class Counsel under the Settlement.  Mehri Fee Decl. ¶51.  Class Counsel anticipate that Mehri & Skalet and Sprenger & Lang will each spend approximately $750,000 over the five-year term of the Settlement carrying out their responsibilities under the agreement, amounting to the $1,500,000 that Class Counsel request for their ongoing work.  By relying on these estimates, Class Counsel have accepted the risk that the value of the future work required may exceed the requested $300,000 annual payment.  Such future work is expected to include:

> (1)  Serving as representatives for thousands of clients and Class Members throughout the term of the Settlement.  In this capacity they will advise clients/Class Members, recommend and negotiate resolutions with Morgan Stanley, evaluate candidates for the Diversity Monitor position, work with the Special Master and Claims Administrator to get all determinations made and payments sent, work with the statistical expert in determining the Earnings Regression Analysis;
>
> (2)  Monitoring Morgan Stanley's compliance with all aspects of the Settlement and reviewing and analyzing Morgan Stanley's multi-faceted reporting to Class Counsel and semi-annual meetings with Class Counsel, make semi-annual reports to the Court about Morgan Stanley's compliance, and prosecute enforcement actions before the Court in the event any deficiencies in Morgan Stanley's performance are not cured by its agreement through a negotiation and mediation process; and

(3) Consulting with Morgan Stanley to assure proper development and implementation of the computerized record keeping and injunctive requirements of the Decree.

## VI. **CONCLUSION**

For the foregoing reasons and the reasons mentioned in their original memorandum, Class Counsel's Motion should be granted.

Dated: October 3, 2007.

Respectfully submitted,

/s/ Cyrus Mehri
Cyrus Mehri (DC No. 420970)
Steven A. Skalet (DC No. 359804)
Lisa M. Bornstein (DC No. 485933)
Anna M. Pohl (DC No. 489407)
MEHRI & SKALET, PLLC
1250 Connecticut Ave. NW
Suite 300
Washington, DC  20036
(202)822-5100

Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W.
Suite 500
Washington, DC 20005
(202) 265-8010

Mara R. Thompson (*Pro Hac Vice*)
SPRENGER & LANG, PLLC
310 Fourth Avenue S.
Suite 600
Minneapolis, MN 55415
(612) 871-8910

Christopher M. Moody (*Pro Hac Vice*)
Whitney Warner (*Pro Hac Vice*)
MOODY & WARNER, P.C.
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
(505)944-0033

19

*Attorneys for Plaintiffs and the Class*