# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino and Elizabeth Reinke, | ) ) ) ) ) | Civil No. 1:06-cv-01142 (RWR/DAR) |
| On behalf of themselves and all others similarly situated, | ) ) ) | CLASS ACTION |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Morgan Stanley & Co. Incorporated f/k/a Morgan Stanley DW Inc., | ) ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF STEVEN M. SPRENGER IN SUPPORT OF
FINAL APPROVAL OF THE PROPOSED CLASS SETTLEMENT
AND AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, Steven M. Sprenger, hereby declare and state, as follow:

Introduction

1.     I am over the age of eighteen years.  I have personal knowledge of the facts set forth herein, and am competent to testify thereto.

2.     I previously submitted a declaration dated April 24, 2007 in support of the parties' joint motion for preliminary approval of the proposed class settlement.

3.     I am making this declaration in connection with the parties' joint motion for final approval of the class settlement, and class counsel's motion for an award of attorneys' fees and expenses, including a "set aside" for future settlement monitoring work.

<u>Continuing Opinion that Settlement is Fair, Reasonable and Adequate</u>

4.      As expressed in my April 24, 2007 declaration, it is my opinion, shared by all class counsel, that the settlement is fair, reasonable and adequate in light of all of the facts and circumstances.  Moreover, it is my further opinion that the response to the class notice (that is, the number of Claim Forms received compared to the number of Objections and Opt-Out Statements received) strongly indicates that the vast majority of class members share my opinion.  Since the Court's preliminary approval of the settlement, I have spoken with many class members who have expressed their appreciation and congratulations on obtaining such a favorable settlement.

<u>Calculation of Sprenger & Lang, PLLC's Lodestar Attorneys' Fees</u>

4.      Sprenger & Lang, PLLC establishes two sets of hourly billing rates for all attorneys, law clerks, paralegals and legal assistants at the commencement of each calendar year using billing rate market data published in Altman Weil, Inc.'s annual <u>Survey of Law Firm Economics</u> and the International Paralegal Management Association's <u>Annual Compensation Survey for Paralegals/Legal Assistants and Managers</u>.  According to Altman Weil, its survey is "the most complete, accurate and up-to-date set of economic statistics and financial data available about the legal profession."  *See* Ex. A, Excerpt of <u>2006 Survey of Law Firm Economics</u> [hereafter "2006 Survey"], at p. 5.

5.      Sprenger & Lang, PLLC establishes one set of hourly rates known as "Rate 1" for class litigation brought in geographic locations where prevailing hourly rates for legal services are the highest – e.g., Washington, New York City, Los Angeles, Chicago and Philadelphia. Sprenger & Lang, PLLC establishes another set of hourly rates known as "Rate 2" for class

litigation brought in geographic locations where prevailing hourly rates for legal services are lower – e.g., Minneapolis and Kansas City.

6.      Sprenger & Lang, PLLC's "Rate 1" for attorneys[1] is generally set near the upper quartile of hourly billing rates (reported for the previous calendar year) by years of experience in the Washington, D.C. legal market, where the Firm maintains its principal office.  Sprenger & Lang, PLLC's "Rate 1" for legal assistants and paralegals is generally set near the upper quartile of hourly billing rates by position description (i.e., senior legal assistant/paralegal, legal assistant/paralegal, and legal assistant clerk/project assistant) in the Washington, D.C. legal market to the extent these descriptions are consistent with the roles filled by its legal assistants and paralegals.

7.      Sprenger & Lang, PLLC has applied its "Rate 1" for purposes of timekeeping in this litigation.

8.      Sprenger & Lang, PLLC's 2007 "Rate 1" for the attorneys, law clerks, paralegals, and legal assistants who worked on this litigation are as follows:

| Name | Title/Role | Years of Experience | Hourly Billing Rate |
|------|-----------|---------------------|---------------------|
| Steven M. Sprenger | Member-Partner/Co-Lead Counsel | 18 | $550.00 |
| Michael D. Lieder | Member-Partner | 22 | $575.00 |
| Susan M. Coler | Partner | 17 | $525.00 |
| Mara R. Thompson | Partner | 18 | $525.00 |
| Thomas J. Henderson | Partner | 29 | $525.00 |
| Deanna Dailey | Associate | 7 | $385.00 |
| Dan Bryden | Associate | 6 | $375.00 |
| Barbara Figari Bryt Whillhite Emily Rickaby Bonnie Wittenburg Ann Murray | Law Clerk | N/A | $195.00 |

---

[1]      Law clerk billing rates are set at approximately two-thirds of the average hourly billing rate for attorneys with less than two years of experience.

| Deborah Toms<br>Denise Adams<br>Carol Cesar Finck<br>Patty Jones Zellman<br>Jacqueline Olson | Senior Legal Assistant/Paralegal | 10+ | $220.00 |
|---|---|---|---|
| Leslie Rusnacko<br>Tiffiny McKinney | Paralegal/Legal Assistant | 5-9 | $155.00 |
| Brian Kasoro<br>Corrine Rucker<br>Kristin Berger<br>K. Christine Miller | Paralegal/Legal   Assistant/Project Assistant | 0-4 | $150.00 |

The above rates are consistent with the methodology explained above based on the most recent survey information from Altman Weil and IPMA. *See* Ex. A, 2006 Survey, at p. 94; Ex. B, Excerpt from 2006 IPMA Compensation Survey for Paralegals/Legal Assistants and Managers, at p. 659. Moreover, the methodology for setting our hourly billing rates has been previously approved by the Court. *See Kosen v. American Express Financial Advisors, et al.*, slip op. at p. 17, ¶ 68 (attached as Ex. A to April 24, 2007 Sprenger Decl.).

9. During the relevant time period, Sprenger & Lang, PLLC required all attorneys, law clerks, paralegals and legal assistants to record their time contemporaneously to the nearest one-tenth or one-quarter hour increment, and to input it into the Firm's computer system using its Timeslips® software program. A Morgan Stanley gender discrimination litigation billing account was established for recording time and expenses for this case.

10. In connection with class counsel's motion for an award of attorneys' fees and expenses, I asked the Firm's accountant/bookkeeper, Heidi Myers, to generate a detailed time report on the Morgan Stanley billing account from case inception through September 30, 2007. I then carefully reviewed the report to identify and eliminate: (a) all time entries reflecting administrative, clerical, secretarial and duplicative activity; (b) all time entries reflecting excessive time based on the activity described; (c) all time entries lacking sufficient detail to

4

determine whether activity was properly billable to the account; and, (d) all time entries incorrectly billed to the account. As a result of my "billing judgment" review, Sprenger & Lang, PLLC has written off more than 50 hours of time valued at approximately $11,500.

11.    The final time billing report is 96 pages long. I am prepared to provide it to the Court for *in camera* review upon request. A summary of the lodestar fee calculation for each timekeeper as well as the Firm's total lodestar through September 30, 2007 after the exercise of billing judgment is reflected in the table below:

| Name | Total Hours | Hourly Rate | Total Dollar Amount |
|---|---|---|---|
| Steven M. Sprenger | 680.90 | $550.00 | $374,495.00 |
| Michael D. Lieder | 32.70 | $575.00 | $18,802.50 |
| Mara R. Thompson | 1,654.95 | $525.00 | $868,848.75 |
| Bryt Willhite | 349.05 | $195.00 | $68,064.75 |
| Bonnie Wittenburg | 93.70 | $195.00 | $18,271.50 |
| Deborah Toms | 147.25 | $220.00 | $32,395.00 |
| Carol Cesar Finck | 118.00 | $220.00 | $25,960.00 |
| Denise Adams | 35.50 | $220.00 | $7,810.00 |
| Jacqueline Olson | 398.50 | $220.00 | $87,670.00 |
| Lynne Musil | 107.25 | $155.00 | $16,087.50 |
| Kristin Berger | 23.25 | $150.00 | $3,487.50 |
| Brian Kasoro | 24.75 | $150.00 | $3,712.50 |
| **GRAND TOTAL** | 3,665.80 | | $1,525,605.00 |

Thus, Sprenger & Lang, PLLC's lodestar as of September 30, 2007 is $1,525,605.00.

Litigation Expenses Advanced by Sprenger & Lang, PLLC

12.    In the course of representing the plaintiffs in this case, Sprenger & Lang, PLLC has advanced external and internal litigation related expenses. External expenses include, but are not limited to: court filing, electronic and computer-related research costs; expert and consultant fees, including private mediation fees and expert fees; overnight mail and messenger costs; external photocopying/scanning/OCR costs; special case supplies; and, travel costs (i.e., transportation fares, parking, lodging and meals). Certain of these expenses were paid directly

5

by Sprenger & Lang, PLLC while other expenses were paid through a litigation fund established by Mehri & Skalet, PLLC to pay case expenses for this case. Internal expenses include, but are not limited to: in-house photocopy and fax charges at 18 cents per page; postage charges; long distance telephone charges; electronic document storage costs[2]; and, interest expense charges at the Firm's actual borrowing rate. External expenses are generally entered into the Firm's Timeslips® program as they are paid; internal expenses are entered into Timeslips® as reports are generated from photocopying, fax and postage equipment.

13.    In connection with class counsel's motion for an award of attorneys' fees and expenses, I instructed the Firm's accountant/bookkeeper, Heidi Myers, to generate a detailed litigation expense report on the Morgan Stanley billing account from case inception through September 30, 2007. I then carefully reviewed the report to identify and eliminate (a) all expense entries lacking sufficient detail to determine whether the expense was properly billable to the account; (b) all expense entries incorrectly billed to the account; and, (c) all expense entries not generally chargeable to the clients under prevailing customs and practices.

14.    The final expense billing report is eight pages long. I am prepared to provide it to the Court for *in camera* review upon request. A summary of the expenses by category is reflected in the table below:

---

[2]     Most law firms "rent" storage space from third-party vendors like GlobalConect, XACT and Superiro/Glacial to store large volumes of electronically produced documents and transcripts, and pass the cost on to their clients as a case expense. The typical charge ranges from $30 to $85 per gigabyte per month plus set-up, loading, support and maintenance charges and licensing fees. In contrast, Sprenger & Lang, PLLC stores electronically produced documents and transcripts on its internal servers. The electronic documents, transcripts and other databases in this case measure several gigabytes and were stored over a 24 month period. Accordingly, a third-party vendor would have charged several thousand dollars for setting up and storing the electronic discovery materials in this case. Sprenger & Lang, PLLC is *not* seeking reimbursement in this case of its case-related electronic document storage expenses.

| Expense Category/Type | Dollar Amount |
|---|---|
| External – contributions to litigation expense fund established and maintained by Mehri & Skalet, PLLC | $25,000.00 |
| External – expert/consultant fees (i.e., mediators, experts, consultants and investigators) | $14,558.75 |
| External – overnight mail and messenger costs | $475.70 |
| External – photocopying/OCR scanning costs | $1,252.82 |
| External – electronic/computerized legal research | $6,547.91 |
| External – travel (e.g., parking, air fare, lodging and meals) | $12,743.56 |
| External – miscellaneous | $55.00 |
| Internal – photocopying and printing charges | $3,912.48 |
| Internal – fax charges | $21.06 |
| Internal – postage charges | $230.16 |
| Internal – long distance telephone charges | $2,639.48 |
| Internal – electronic document management and storage charges | No Charge |
| Internal – interest expense at Firm's adjusted 30-day LIBOR borrowing rate | $5,097.70 |
| **TOTAL** | $72,534.62 |

Thus, Sprenger & Lang, PLLC's out-of-pocket case expenses as of September 30, 2007 are $72,534.62. These expenses were reasonably necessary to represent the plaintiff class in this case.

<u>Future Attorneys' Fees & Expenses</u>

15.    I anticipate that lead class counsel will advance additional expenses in connection with the settlement.  These expenses will include costs related to the fairness hearing, class member communications (i.e., long distance and postage charges) and monitoring the settlement (i.e., travel costs) over a five year period. Based on my experience with other similar class settlements, I estimate that Sprenger & Lang, PLLC's portion of the above-described costs will likely exceed $25,000.

16.    I also anticipate that lead class counsel will perform additional legal work in connection with the settlement – most notably, preparing for and participating in the final

approval hearing, working with plaintiffs' expert to develop the earnings regression model for the claims process, interacting with the claims administrator and responding to class member inquiries. Based on my experience with other similar class settlements, I estimate that the value of Sprenger & Lang, PLLC's portion of the above-described future legal work will likely be approximately $250,000.

17.     More significantly, I anticipate that lead class counsel will perform substantial legal work monitoring the implementation of and enforcing compliance with the settlement. I anticipate that this work will include reviewing reports, investigating and responding to complaints of non-compliance by class members, and participating in numerous meetings with co-lead counsel, the experts hired to perform duties under the settlement and defense counsel. I estimate that the value of Sprenger & Lang, PLLC's portion of the above-described future monitoring and enforcement work will likely exceed $750,000. This estimate is based on our Firm's experience monitoring other similar class settlements.

* * *

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of October, 2007 in Washington, D.C.

/s/ Steven M. Sprenger
Steven M. Sprenger