UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke,<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Morgan Stanley & Co. Incorporated, formerly known as Morgan Stanley DW Inc.,<br><br>Defendant. | Case No. 1:06-cv-01142 (RWR)<br><br>CLASS ACTION |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## INTRODUCTION

Plaintiffs Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke (the "Named Plaintiffs" or "Class Representatives") file this supplemental memorandum in support of the parties' Joint Motion for Final Approval of their Class Action Settlement Agreement. On October 1, 2007, Plaintiffs filed their final approval brief, which described the proposed settlement reached by the parties ("Settlement"); the efforts of Class Counsel to provide notice of the Settlement to the members of the Settlement Class; and the responses of Class Counsel to the few objections to the Settlement received from Class Members. Class Counsel have now received one additional objection from a Class Member. This supplemental memorandum responds to that objection.

## OBJECTION OF MARIA J. SMITH

On October 9, 2007, Class Counsel received an objection from Maria J. Smith. Class Counsel did not receive the objection from Ms. Smith herself, but from the Claims Administrator in this case, Settlement Services, Inc. (Supplemental Declaration of Cyrus Mehri, attached hereto, (hereinafter "Mehri Suppl. Decl."), ¶ 3). Ms. Smith apparently sent her objection to the post office box address included in the Notice of Class Action, Proposed Settlement Agreement, and Settlement Hearing, filed on October 1, 2007 as Exhibit A to the Declaration of Mark Patton, Exhibit 3 to Plaintiffs' Memorandum in Support of Joint Motion for Final Approval of Class Action Settlement, Docket No. 33-12 (hereinafter "Notice"). Ms. Smith's objection was apparently returned as undeliverable and she forwarded her objection and a handwritten explanation of the mailing history to the Claims Administrator. (Mehri Suppl. Decl., ¶ 4). The Claims Administrator forwarded Ms. Smith's objection to Lead Class Counsel. (*Id.*).

At no point, however, does it appear that Ms. Smith sent her objection to Lead Class Counsel or counsel for Morgan Stanley, as required by the Notice. (Mehri Suppl. Decl., ¶ 5-8).

**ARGUMENT**

Because Ms. Smith did not provide her objection to Lead Class Counsel or counsel for Morgan Stanley by the deadline for submitting objections, her objection should be overruled for failing to comply with the procedure for making objections as described in the Notice. *See Bynum v. District of Columbia*, 412 F. Supp. 2d 73, 76-77 (D.D.C. 2006) (letters complaining about aspects of the settlement were not treated as objections because they did not comply with the instructions for making objections provided in the class notice).

Even Ms. Smith's objection is considered, it lacks merit. The fairness, reasonableness and adequacy of the Settlement has been extensively briefed in Plaintiffs' previously-filed Memorandum in Support of Joint Motion for Final Approval of Class Action Settlement (hereinafter "Final Approval Brief"). As discussed therein, the overwhelming number of Claim Forms received from Class Members compared to the small number of objections filed in response to the Settlement supports final approval. *See e.g. Bynum v. District of Columbia*, 412 F. Supp. 2d 73, 77 (D.D.C. 2006); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 378 (D.D.C. 2002). Nothing contained in Ms. Smith's objection provides sufficient reason to question the fairness, adequacy or reasonableness of the Settlement.

Ms. Smith does not challenge the Settlement reached in this case, but rather writes "to express my opposition to the above referenced Class Action Suit, unless absolute sex discrimination can be proven." (Objection of Maria J. Smith, attached as Exhibit A to Mehri Suppl. Decl.). Ms. Smith's objection is very similar to the objection of Jennifer Cropper, which is discussed at pages 23-24 in Plaintiffs' Final Approval Brief. If Ms. Smith does not believe she

faced discrimination at Morgan Stanley, she is not required to file a claim. Like Ms. Cropper, Ms. Smith has identified nothing in her objection that would make the proposed Settlement unfair, inadequate, or unreasonable for the Named Plaintiffs and Class Members who believe they have been discriminated against at Morgan Stanley.

Ms. Smith also specifically objects to any settlement funds being distributed to Named Plaintiff Laurie Blackburn. Ms. Smith's opinions on the strength or weakness of Ms. Blackburn's legal claims of discrimination are irrelevant. In fact, such testimony would not even be admissible at trial. Ms. Smith is not the fact-finder in this case and is not privy to all evidence that would prove or disprove Ms. Blackburn's claims. In addition, the question before this Court is whether to approve the Settlement as fair, reasonable, and adequate for the Class, not whether Ms. Blackburn's claims have merit.

In any event, Ms. Blackburn, along with the other Named Plaintiffs, agreed to the same distribution process for the monetary relief in the Settlement that applies to all Class Members. As described on page 6 in Plaintiffs' Final Approval Brief, the Special Master will review the claims submitted by Named Plaintiffs and Class Members and submit to this Court a Report and Recommendation with a proposed allocation and distribution plan. Like all other Class Members who file a claim, Ms. Blackburn's award will be based on an Earnings Regression component and the information submitted on her Claim Form, and she will not know the amount of her award until after the Court has approved the Special Master's Report and Recommendation. As discussed on pages 20-21 in Plaintiffs' Final Approval Brief, the allocation process is fair and reasonable even though the precise details of the formula are not spelled out in the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, the Court should overrule Ms. Smith's objection and grant the parties' Joint Motion for Final Approval of Class Action Settlement.

Dated: October 10, 2007

                          Respectfully submitted,

                          /s/ Cyrus Mehri
                          Cyrus Mehri (DC No. 420970)
                          Steven A. Skalet (DC No. 359804)
                          Lisa M. Bornstein (DC No. 485933)
                          Anna M. Pohl (DC No. 489407)
                          MEHRI & SKALET, PLLC
                          1250 Connecticut Ave. NW
                          Suite 300
                          Washington, DC  20036
                          (202)822-5100

                          Steven M. Sprenger (DC No. 418736)
                          SPRENGER & LANG, PLLC
                          1400 Eye Street, N.W.
                          Suite 500
                          Washington, DC 20005
                          (202) 265-8010

                          Mara R. Thompson (*Pro Hac Vice*)
                          SPRENGER & LANG, PLLC
                          310 Fourth Avenue S.
                          Suite 600
                          Minneapolis, MN 55415
                          (612) 871-8910

                          Christopher M. Moody (*Pro Hac Vice*)
                          Whitney Warner (*Pro Hac Vice*)
                          MOODY & WARNER, P.C.
                          4169 Montgomery Blvd. NE
                          Albuquerque, NM 87109
                          (505)944-0033

                          *Attorneys for Plaintiffs and the Class*