UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, and Elizabeth Reinke, <br><br>On behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>Morgan Stanley & Co. Incorporated, formerly known as Morgan Stanley DW Inc., <br><br>Defendant. | Case No. 1:06-cv-01142 (RWR) <br><br>CLASS ACTION |

### SUPPLEMENTAL DECLARATION OF CYRUS MEHRI IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Title 28 U.S.C. Section 1746, I, Cyrus Mehri, hereby declare and state, as follows:

1. I am over the age of eighteen years. I have personal knowledge of the facts set forth herein, and am competent to testify thereto.

2. I am a founding partner at Mehri & Skalet, PLLC ("M&S"), and co-lead counsel (along with Steven M. Sprenger of Sprenger + Lang, PLLC) for the plaintiffs in the above-referenced action.

### ADDITIONAL OBJECTION RECEIVED

3. On Tuesday, October 9, 2007, via email delivery, my office received an email from Loree Kovach, an employee of the Claims Administrator in this case, Settlement Services

Inc. Ms. Kovach's email attached a letter sent from Ms. Maria J. Smith.

4. The letter from Ms. Smith appears to be an objection to the settlement as it pertains to a particular Named Plaintiff. Ms. Smith apparently sent her letter to the post office box address included in the Notice in September. She received it back as undeliverable in early October. She then forwarded the letter, along with a handwritten explanation of the mailing history, to the Claims Administrator's office. The Claims Administrator subsequently forwarded it to my office.

5. Therefore, I was not aware of Ms. Smith's letter until yesterday, October 9, 2007.

6. I inquired of my co-counsel, Steven Sprenger and Mara Thompson, whether they had previously received the letter from Ms. Smith. They had not.

7. I inquired of counsel for the Defendant, Mark Dichter, whether he had previously received the letter from Ms. Smith. He had not.

8. It thus appears that neither Plaintiffs' Counsel nor counsel for the Defendant received this letter in a timely fashion.

9. Ms. Smith's letter to the Court and her handwritten letter to the Claims Administrator are attached to this Declaration as Exhibit A.

**SUPPLEMENTAL INFORMATION REGARDING JANICE GRANT'S OBJECTION**

10. Last week, Janice Grant, an objector in this case, filed a race-based class action lawsuit against Morgan Stanley in the Northern District of Illinois. A copy of that complaint is attached as Exhibit B.

11. Neither Ms. Grant nor any other Class Member releases race discrimination claims by participating in this case. The resolution of this action does not affect Ms. Grant's

race discrimination class action lawsuit.

12.     Ms. Grant's objection claims that the programmatic relief obtained in this case is not sufficient.  As Class Counsel explained in their previous Final Approval briefing, this settlement compares favorably to others in the industry.  For example, a comparison of the injunctive relief in *Cremin v. Merrill Lynch*, a settlement of another case in the industry, with the injunctive relief in this settlement underscores the remarkable results achieved by Plaintiffs in this case.  For the Court's convenience, a copy of the relevant portions of the *Cremin* settlement are attached as Exhibit C.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of October, 2007 in Washington, D.C.

_____
Cyrus Mehri