# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARYBETH CREMIN, NANCY THOMAS, ANNE KASPAR, SONIA INGRAM, ALICE MOSS, LINDA CONTI, ANNE MARIE KEARNEY and ANGELA COVO, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH INC. and JOSEPH GANNOTTI, <br><br> Defendants. | No. 96 C 3773 <br><br> Judge Castillo <br><br> Magistrate Judge Guzman |

**STIPULATION OF SETTLEMENT**

# TABLE OF CONTENTS

SECTION 1
    INTRODUCTION .................................................. 8

SECTION 2
    NATURE AND PURPOSES OF SETTLEMENT ............................ 13

SECTION 3
    JURISDICTION .................................................. 14

SECTION 4
    NO ADMISSION, NO DETERMINATION ............................... 15

SECTION 5
    DEFINITION OF SETTLEMENT CLASS ............................... 16

SECTION 6
    EFFECT OF SETTLEMENT ON ISSUES .............................. 17

SECTION 7
    CLAIM RESOLUTION PROCESS ..................................... 20
        7.1    Establishment of CRP ................................. 20
        7.2    Claims Eligible to Be Brought
               in the Claim Resolution Process ...................... 21
               7.2(1) Class Claims ................................. 21
               7.2(2) Interim Claims ............................... 23
               7.2(3) Retaliation Claims ........................... 23
               7.2(4) Mandatory Joinder Claims ..................... 24
               7.2(5) Joinder of CRP Claims and Claims in
                       EDR Program ................................. 24
               7.2(6) Statutes of Limitation ....................... 25
               7.2(7) Class Claims of Certain Non-Class Members ...... 26
        7.3    Exclusivity of Claim Resolution Process;
               the Firm as Sole Respondent .......................... 26
        7.4    Joinder of Claimants ................................. 26
        7.5    Firm Claims/Counterclaims ............................ 27
        7.6    Representation By Counsel in CRP ..................... 28
        7.7    Choice of Law Applicable to Non-Federal
               Gender-Based Claims .................................. 28
        7.8    CRP Administrator .................................... 28
        7.9    Claim Form Procedure and Requirement
               to Raise All Eligible Claims ......................... 29
               7.9(1) Claimant's Claim Form ........................ 29

|      |        |                                                                                       |      |
|------|--------|---------------------------------------------------------------------------------------|------|
|      | 7.9(2) | The Firm's Response                                                                   | 30   |
|      | 7.9(3) | Requirement to Raise All Eligible Claims;Non-Admissibility in Mediation or Third-Stage Hearing | 30   |
|      | 7.9(4) | Sole Exception to Requirement to Raise All Eligible Claims                            | 30   |
| 7.10 | Mediation                                                                                      | 31   |
|      | 7.10(1) Commencement of Mediation                                                              | 31   |
|      | 7.10(2) Mediation of Multiple Eligible Claims                                                  | 32   |
|      | 7.10(3) Mediator                                                                               | 32   |
|      | 7.10(4) Pre-Mediation Discovery                                                                | 32   |
|      | 7.10(5) Conduct of Mediation                                                                   | 33   |
|      | 7.10(6) Attorneys' Fees and Expenses                                                           | 34   |
|      | 7.10(7) Confidentiality of Mediation Process                                                   | 34   |
| 7.11 | Third-Stage Hearing                                                                            | 35   |
|      | 7.11(1) Commencement of a Third-Stage Hearing                                                  | 35   |
|      | 7.11(2) Third-Stage Hearing-Eligible Claims                                                    | 37   |
|      | 7.11(3) Neutral(s)                                                                             | 37   |
|      | 7.11(4) Authority of Neutral(s) to Grant Relief                                                | 38   |
|      | 7.11(5) Witnesses                                                                              | 39   |
|      | 7.11(6) Discovery                                                                              | 41   |
|      |        7.11(6)(a) Scope, Timing and Methods                                                    | 41   |
|      |        7.11(6)(b) Medical or Mental Health Evidence                                            | 41   |
|      |        7.11(6)(c) Medical Examinations and Psychological Tests                                 | 42   |
|      | 7.11(7) Scheduling and General Conduct of Third-Stage Hearing                                  | 43   |
|      | 7.11(8) Evidence                                                                               | 45   |
|      |        7.11(8)(c) Medical or Mental Health Evidence                                            | 46   |
|      |        7.11(8)(d) Statistics                                                                   | 46   |
|      |        7.11(8)(e) Burdens of Going Forward                                                     | 47   |
|      |        7.11(8)(f) All Arguments as to Relevance and Weight Preserved                           | 47   |
|      |        7.11(8)(g) Exclusion of Certain Evidence                                                | 47   |
|      | 7.11(9) Decisions and Awards of the Neutral(s)                                                 | 48   |
|      | 7.11(10) Review of Third-Stage Hearing Awards                                                  | 48   |
|      | 7.11(11) Attorneys' Fees And Costs                                                             | 50   |
| 7.12 | Administrative Costs                                                                           | 50   |
| 7.13 | Timing of Payment                                                                              | 51   |
|      | 7.13(1) Settlement                                                                             | 51   |
|      | 7.13(2) Third-Stage Hearing Awards                                                             | 51   |
| 7.14 | Merrill Lynch Liability For Claims Against Individuals                                         | 51   |
| 7.15 | Class-wide Statistical Evidence                                                                | 53   |
| 7.16 | Class-Wide Issues                                                                              | 56   |
| 7.17 | Modifications to CRP Procedures                                                                | 57   |

      7.18    Termination of Claim Resolution Process .................. 57
      7.19    Protective Orders for Medical Records and
                  Other Confidential Information ......................... 57

SECTION 8
    DIVERSITY PROGRAMS ............................................. 58

SECTION 9
    OTHER PROGRAMS AND INITIATIVES ................................. 59
      9.1    Account Distributions ................................. 59
      9.2    Leaves of Absence .................................... 59
      9.3    Complaint Procedures ................................. 59

SECTION 10
    EMPLOYMENT DISPUTE RESOLUTION PROGRAM ........................ 60

SECTION 11
    PROCEDURE FOR CLASS NOTICE AND COURT APPROVAL ................ 60
      11.1    Preliminary Approval Order ........................... 60
      11.2    Class Notice ......................................... 64
      11.3    Final Judgment ....................................... 65

SECTION 12
    CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS ..................... 68
      12.1    Attorneys' Fees ...................................... 68

SECTION 13
    FURTHER PROVISIONS RELATING TO CLASS REPRESENTATIVES AND NAMED
    PLAINTIFFS ..................................................... 73
      13.1    Prior Attorneys' Fees and Costs ...................... 73
      13.2    Payments to Class Representatives .................... 74

SECTION 14
    CONDITIONS .................................................... 75

SECTION 15
    TERMINATION OF THE SETTLEMENT STIPULATION ..................... 77

SECTION 16
    MISCELLANEOUS ................................................. 78

Neutral(s) has yet been appointed or is unavailable, the Special Master, and shall be enforceable by the District Court. Each party to the Mediation or Third-Stage Hearing shall have the right to designate as confidential information that will be subject to the Confidentiality Agreement and Protective Order any information concerning earnings of the Claimant or other current or former employees of the Firm, or confidential or proprietary information concerning the Firm or its customers, employees or products. Confidential designations of any other materials shall be subject to review and approval by the Neutral(s) or, if no Neutral(s) have yet been appointed, the Special Master. Any party may appeal to the Special Master any decision by the Neutral(s) rejecting the designation of any materials as confidential.

7.20  Class Counsel shall receive a copy of any settlement or award in the CRP.

## SECTION 8

### DIVERSITY PROGRAMS

A description of the Firm's Diversity Program is attached as Exhibit A. Incorporated into this Diversity Program are initiatives that were the subject of lengthy discussion between the Parties during their mediation sessions and negotiations leading up to this Settlement Stipulation. The Firm will provide Class Counsel with an annual report on the Diversity Program for three years. If Class Counsel is of the opinion that the Firm is not complying in good faith with the Diversity Program, Class Counsel shall so notify the Firm's Office of General Counsel in writing. The Firm and Class Counsel shall then confer as promptly as practicable in an effort to resolve any such issue. If they fail to resolve the issue within 30 days, Class Counsel may submit such issue to the District Court for resolution.

-58-

## SECTION 9

## OTHER PROGRAMS AND INITIATIVES

9.1     Account Distributions.

The Firm will adopt firm-wide standards for branch offices to follow governing the distribution of accounts of departing Financial Consultants, call-ins, walk-ins and referrals to ensure that such distributions are based on non-discriminatory standards designed to serve the interests of Firm customers. Each individual branch office will adopt its own policies consistent with those standards. The Firm's Office of Corporate Responsibility will review such guidelines and policies periodically to ensure that they are non-discriminatory. Copies of the firm-wide guidelines and branch office policies with respect to account distributions will be distributed to all Financial Consultants to whom they apply and written lists of all account distributions in each branch office will be made available to all Financial Consultants in the branch office.

9.2     Leaves of Absence.

Length of Service ("LOS") designations and production targets will be adjusted for leaves of absence, including maternity leave.

9.3     Complaint Procedures.

As the Firm contends is currently the practice, all complaints of discrimination or sexual harassment that are brought to the attention of a Human Resources Representative, the Office of General Counsel or a Human Resources Counsel under the Firm's Complaint Procedures shall be promptly addressed. Discrimination and sexual harassment complaints against an employee that are found to have merit will become a part of the

complained of employee's permanent employment record with the Firm and will remain a part of that record in the event the employee relocates to another office of the Firm.

## SECTION 10

### EMPLOYMENT DISPUTE RESOLUTION PROGRAM

10.1  A description of the Firm's new Employment Dispute Resolution Program ("EDR Program") is attached as Exhibit B. The EDR Program, which becomes effective on July 1, 1998, establishes a new process for resolving employment claims. It includes a one-day mandatory mediation and, after mediation, the option of pursuing statutory discrimination claims in court or pursuing any employment-related claim in a new arbitration process to be established by the Firm consistent with the Due Process Protocol for Mediation and Arbitration of Statutory Disputes Arising out of the Employment Relationship. This new arbitration process will be administered by one or more neutral, independent mediation and arbitration services. Employees will also have the option to pursue their claims in arbitration before a self-regulatory organization (e.g., the NASD and the NYSE arbitration forums) of which the Firm is a member if such claims are arbitrable under the rules of that self-regulatory organization.

## SECTION 11

### PROCEDURE FOR CLASS NOTICE AND COURT APPROVAL

11.1  **Preliminary Approval Order**.

11.1(1)  The Parties shall propose to the District Court an order preliminarily approving the Settlement and conditionally certifying a Class substantially in the form attached as Exhibit C (the "Preliminary Approval Order"). If the Settlement Stipulation is