# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOANNE AUGST-JOHNSON, NANCY REEVES, DEBRA SHAW, JAN TYLER, CHERYL GIUSTINIANO, LAURIE BLACKBURN, ERNA TARANTINO, and ELIZABETH REINKE,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MORGAN STANLEY & CO. INC., f/k/a MORGAN STANLEY DW INC.,**<br><br>**Defendant.** | **Civil Action No. 06-1142 (RWR)** |

## FINAL ORDER
### CERTIFYING CLASS, APPROVING SETTLEMENT AGREEMENT, APPROVING AWARD OF ATTORNEYS FEES AND COSTS, AND DISMISSING ACTION SUBJECT TO THE COURT'S CONTINUING JURISDICTION

After a hearing on July 5, 2007, at which the substance of the proposed settlement was addressed, including the injunctive relief, the size of the proposed monetary award, the means of determining an individual's monetary award and the ability of any individual in the proposed class to estimate her own award, an Order of Preliminary Approval was entered. The Order of Preliminary Approval appointed the Class Representatives, appointed Class Counsel and Lead Class Counsel, appointed a Special Master, approved the form and procedures for notifying the Class, established deadlines for submitting objections and opting out of the case, enjoined competing actions by Class Members who did not opt out, set a date for a final fairness hearing, provisionally certified the Class and provisionally approved the Second Revised Settlement

-2-

Agreement ("Settlement Agreement") filed in this case on July 17, 2007. Having considered the written submissions of the parties and all objections timely submitted by any Class Member, and having held a final fairness hearing, it is hereby ADJUDGED and ORDERED that:

1.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

2.      The proposed plaintiff Class, defined as "all women who were employed as Financial Advisors or Registered Financial Advisor Trainees in the Global Wealth Management Group of Morgan Stanley & Co. Incorporated ("Morgan Stanley") or its predecessor(s) at any time from August 5, 2003 through June 30, 2007," encompassed 2,867 potential Class Members, too many for joinder of all to be practicable. There are numerous factual and legal issues common to the Class, some of which are identified in paragraph 22 of the Amended Complaint. The claims of the Class Representatives are typical of the claims of other Class Members in that they arise from the same practices that give rise to the claims of the other Class Members. The Class Representatives were determined to be adequate representatives of the Class, see Preliminary Approval Order ¶ 5, and there is no evidence that Class Representatives have any interests antagonistic to those of the Class Members they represent. Accordingly, because the proposed Class meets the requirements of numerosity, commonality, typicality and adequacy, it is appropriate that this matter proceed as a class action. See Fed. R. Civ. P. 23(a).

3.      The proposed Class satisfies both the requirements of Fed. R. Civ. P. 23(b)(2) and 23(b)(3) and is hereby certified as a hybrid (b)(2) and (b)(3) class. The Class Representatives allege that Morgan Stanley management adopted personnel policies and practices with respect to account distributions, compensation, promotions, mentoring, training, investigation of complaints, diversity training and terminations that have been generally applicable to this Class

-3-

of Financial Advisors and Registered Financial Advisor Trainees, making final injunctive relief

appropriate with respect to the Class as a whole.  The negotiated injunctive relief predominates in

importance over monetary relief for the members of the Class, and a class action is superior to

other methods available for the fair and efficient adjudication of the controversy.  While common

issues concerning the nature of the relevant Morgan Stanley personnel policies and practices and

their impact on the Class Members predominate over solely individual issues affecting the claims

of Class Members, including liability issues, each Class Member's damages could be

substantially influenced by facts unique to an individual.  Thus, it is appropriate to allow Class

Members to opt-out to protect their rights and interests.  At their request, thirty-one Class

Members have been permitted to opt-out of the monetary portion of the Settlement Agreement

without releasing any of their claims.  See Appendix A to this Order.

4.    In accordance with the procedures approved in the Preliminary Approval Order,

the Class was provided with the Class Notice regarding the proposed Settlement Agreement and

the deadlines and procedures for opting out or objecting.  Over 99% of the Class appears to have

received notice.  Due to invalid addresses, not every Class Member received individual Notice,

or individual Notice by the notification deadline set in the Preliminary Approval Order.

However, notice was also published on three websites at www.morganstanleygendercase.com,

www.sprengerlang.com (Sprenger & Lang, PLLC), and www.nmlaborlaw.com (Moody &

Warner, P.C.).  The proposed settlement was also publicly reported through newspaper reports

and trade publications, including Bloomberg.  Every request to opt out, timely or late,  was

granted, in part to ensure that late notice was not prejudicial.  See Appendix A to this Order.

-4-

Only one Class Member submitted a timely objection contending that the Settlement Agreement was not fair, reasonable, and adequate for the Class Members.[1]

5.      Notice was sent to the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia on July 25, 2007.  No objections were received from any federal or state officials.

6.      This Order incorporates by reference the definitions and terms of the Settlement Agreement filed in this case on July 17, 2007.  The Settlement Agreement, revised after court review and a hearing on July 5, 2007, was the culmination of nearly two years of discussion and negotiation between the parties.  The discussions were informed by several months of prior investigation, including interviews with 200 Class Members.  The settlement terms were negotiated at arms' length with the assistance of an experienced, professional mediator.

7.      In accord with the Settlement Agreement and compliance with Administrative Order No. 1 entered July 17, 2007, Morgan Stanley transferred $46 million on July 27, 2007 to the Settlement Fund.

8.      A final fairness hearing was held, as noticed, on October 11, 2007, for the purpose of hearing and considering written objections previously submitted.  The sole objector was permitted to appear, but did not.  The grounds stated in her written objection fall into four general categories: (a) that the monetary relief is inadequate; (b) that the Class is too narrowly

---

[1]  Three other letters were received by the deadline.  Two of them did not allege or articulate any basis on which to conclude that the Settlement Agreement is not fair, adequate or reasonable with respect to Class Members.  The third letter was from a person who is not a Class Member and therefore is not entitled to comment or object.  In addition, one objection dated and received in chambers after the date of the final fairness hearing acknowledged that it was untimely and was not served as required upon counsel in this action.  That objection, thus, cannot be considered.

-5-

defined; (c) that the Notice was inadequate; and (d) that the injunctive relief is inadequate and discriminatory.[2]  The objection to the adequacy of the monetary awards reflects a misunderstanding of the potential size of an individual award and the means by which an individual's award will be determined.  It also attempts to measure the monetary award in this case against awards in cases that are not fairly comparable, and differ in critical ways as to facts, time periods, types and numbers of employees, claims, legal issues, and ease of proof.  The objection that the Class should include management personnel does not take account of the fact that including management personnel would present possible conflicts of interest with Class Members.  To the extent that the objection regarding the adequacy of the Notice to the Class has merit, the problem has been remedied by granting Class Members' late requests to opt-out.  The objector's contention that none of the proposed injunctive relief was studied for possible unfair disparate impact upon African-American employees is countered by Morgan Stanley's uncontradicted response that revised factors for account distributions were examined for such adverse impact and that no such adverse impact was shown.  In any event, there has been no showing that this concern cannot be raised in the race discrimination actions pending against Morgan Stanley.  Finally, contrary to the objector's fear, the Settlement Agreement does not bar a Class Member from pursuing in court any legal claim not released under the Settlement Agreement if she is otherwise entitled to do so.  These objections, considered in light of the responses submitted, do not demonstrate that the terms of the Settlement Agreement are not fair, adequate, or reasonable.

---

[2]  The portion of the objection that was submitted only to the court and not to counsel for the parties was not considered.

-6-

9.      Weighing the objections lodged, the responses to the objections, the matters discussed at the hearing held on July 5, 2007, and Class Counsel's thoughtful and credible assessment that the monetary and injunctive terms of the Settlement Agreement are decidedly advantageous in light of the difficulty and costs of proof in this matter, establishes that the Settlement Agreement is fair, adequate and reasonable.

10.     The proposed award of attorneys fees was set forth in the Settlement Agreement filed July 17, 2007, and the notices to Class Members and the 52 attorneys general.  No timely objection was received to the attorneys fees or to the expenses subsequently detailed in the supporting justifications and sworn statements filed in this case on October 3, 2007.  The proposed award of attorneys fees is within the range of attorneys fees awards made in comparable cases.  The actual and estimated expenses are sufficiently documented and reasonable.

11.     The Settlement Agreement is hereby approved and incorporated herein and shall become effective according to its terms when either the time for appeal has run without an appeal being filed or any appeal (including any requests for rehearing en banc, petitions for certiorari or appellate review) has been finally resolved.  The award of attorneys fees and expenses as set forth in the Settlement Agreement is hereby approved.

12.     This Order and the Settlement Agreement are binding on all members of the Class, other than those listed in Appendix A to this Order, except that Paragraph 13 below is binding on all Class Members, including those listed in Appendix A.  The Class Members identified in Appendix A to this Order have submitted opt-out requests and have excluded themselves from the monetary relief provisions in the Settlement Agreement.

-7-

13.    Each member of the Settlement Class, including any member who makes an irrevocable election to exclude herself from the monetary relief provisions of the Settlement Class, is permanently enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Settlement Agreement.  Each member of the Settlement Class except for those Class Members listed in Appendix A is permanently enjoined from commencing, prosecuting or maintaining, either directly, representatively or in any capacity, any claim that is subsumed within the Settlement Agreement including any and all sex discrimination claims against Morgan Stanley under federal, state and local laws, including claims related to sexual harassment and termination of employment, through June 30, 2007.

14.    Individual Class Members' monetary awards shall be determined in accord with the procedures set forth in the Settlement Agreement, and the Settlement Fund shall be allocated in accord with Administrative Order No. 2, which accompanies this Order.

15.    The Amended Complaint shall automatically be dismissed with prejudice ten business days after the Effective Date, as that term is defined in the Settlement Agreement, except that the Court shall retain continuing jurisdiction limited to enforcing the Settlement Agreement.

16.    Neither the Settlement Agreement, nor this Order, nor the certification of the Class, nor any communication or action by the parties in connection with the Settlement constitutes or shall be deemed to constitute an admission by Morgan Stanley of any liability or wrongdoing whatsoever, or to constitute a finding by this Court as to the merits of any claim or

-8-

defense asserted or that could have been asserted in this action, or as to any wrongdoing by

Morgan Stanley.  Neither the Settlement Agreement nor this Order is or shall be used or deemed

to be an admission in any action or proceeding of any fault, liability or wrongdoing by any person

or entity; and neither the Settlement Agreement, nor any negotiations or proceedings related

thereto, nor this Order, nor any related document or communication, shall be offered or received

in evidence against any person or entity in any action or proceeding as an admission, concession,

presumption or inference as to the merits of any claim or defense; however, the Settlement

Agreement or this Order may be received in evidence in any proceeding in this Court as may be

necessary to consummate or enforce the Settlement Agreement or this Order.

17.    Disclosure to third parties of the documents and information discussed or

exchanged during the parties' confidential settlement negotiations and mediation to any third

party not specified in the parties' confidentiality agreements is hereby enjoined.

18.    Without affecting the finality of this Order, this Court retains exclusive

jurisdiction over the consummation, performance, administration, effectuation and enforcement

of the Settlement Agreement, this Order and Administrative Order No. 2.  In addition, without

affecting the finality of this Order, this Court retains jurisdiction over the parties and each Class

Member for the purpose of issuing such further orders and directions as may be necessary or

appropriate for the construction, implementation and enforcement of the terms of the Settlement

Agreement, this Order and Administrative Order No. 2; however, Lead Class Counsel and

counsel for Morgan Stanley shall have the exclusive right to enforce the provisions of the

Settlement Agreement.  Morgan Stanley and every Class Member is hereby deemed to have

submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding

-9-

or dispute relating to this Order or the Settlement Agreement, except to the extent permitted by

the Settlement Agreement for resolution in a different forum.  Notwithstanding that this Court

retains jurisdiction to enforce and administer the terms of the Settlement Agreement, and any

matters that may arise therefrom, this Order is final.

SIGNED this 26th day of October, 2007.


_____
          /s/
RICHARD W. ROBERTS
United States District Judge

-10-

## APPENDIX A:  Class Members Opted Out

Sharon Abbey
Celie Althoff
Ellen Baker
Vickie Bartholomew
Karen Crovicz
Sarah Cugini
Kelsey Ann Davis
Deborah Jean Dodson
Nirvana Fahmy
Bonnie M. Gibbs
Alice I. Hughes
Jessica Kartzinel
Deborah Konigsberg
Louis E. Ladd
Rani Lau
Audrey Lohn
Daisy Theodora Madencis-Jaffe
Jane B. McMillan
Leigh-Ann McWherter
Linda C. Mills
Mary Horan Musso
Karen Perri
Karen R. Prebonick
Angelyn Russell
Melinda Sander
Chanie Schwartz
Norma Sepluveda
Anne Marie Slowik
Carol Smith
Bonnie Anne Stahlman
Barbara Jeane Zech