## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOANNE AUGST-JOHNSON, NANCY REEVES, DEBRA SHAW, JAN TYLER, CHERYL GIUSTINIANO, LAURIE BLACKBURN, ERNA TARANTINO AND ELIZABETH REINKE,** | **CIVIL ACTION NO.  1:06-cv-01142 (RWR/DAR)** |
| **Plaintiffs,** | |
| v. | **ELECTRONICALLY FILED** |
| **MORGAN STANLEY & CO. INCORPORATED F/K/A MORGAN STANLEY DW INC.** | |
| **Defendant.** | |

---

### DEFENDANT'S MOTION TO ENJOIN CLAIMS

---

Defendant Morgan Stanley & Co. Incorporated, f/k/a Morgan Stanley DW Inc. ("Morgan Stanley"), by and through its undersigned counsel, and pursuant to the Court's Final Order Certifying Class, Approving Settlement Agreement, Approving Award of Attorneys Fees and Costs and Dismissing Action Subject to the Court's Continuing Jurisdiction dated October 26, 2007 ("Final Order"), hereby respectfully moves this Court to enjoin Karen McCarthy ("Ms. McCarthy"), a female former Morgan Stanley Financial Advisor, from prosecuting and maintaining sex discrimination and related retaliation claims against Morgan Stanley.

As set forth more fully in the accompanying Memorandum of Points and Authorities, Ms. McCarthy is a class member who elected not to opt out of the class.  Pursuant to Paragraph 13 of the Final Order, Ms. McCarthy is barred from asserting claims against Morgan Stanley that are "subsumed within the Settlement Agreement including any and all sex discrimination claims against Morgan Stanley under federal, state and local laws, including claims related to sexual

harassment and termination of employment, through June 30, 2007." Ms. McCarthy, however, has filed a claim with FINRA Dispute Resolution alleging sex discrimination and related retaliation concerning her June 2005 termination. She maintains that she is not enjoined from prosecuting or maintaining these claims because she *partially* opted out of the class settlement, *i.e.*, she did not complete the "Termination" section of her Claim Form.

Because Ms. McCarthy's sex discrimination and related retaliation claims are expressly prohibited by the terms of the Final Order, Morgan Stanley respectfully requests that this Court issue an order enjoining Ms. McCarthy from prosecuting or maintaining those claims before FINRA Dispute Resolution.

Pursuant to LCvR 7(m), counsel for Morgan Stanley corresponded with Ms. McCarthy's counsel, David M. Marek, in an attempt to resolve this issue and/or to narrow the issues presented. Despite that correspondence, Morgan Stanley understands that this motion will be opposed by Ms. McCarthy.

Dated: November 15, 2007               Respectfully Submitted,


                                       _____/s Grace E. Speights_____
                                       Grace E. Speights (D.C. Bar # 392091)
                                       Mark S. Dichter, *Pro Hac Vice*
                                       Kenneth J. Turnbull, *Pro Hac Vice*
                                       Morgan, Lewis & Bockius LLP
                                       1111 Pennsylvania Ave., N.W.
                                       Washington, D.C. 20004
                                       202.739.3000

                                       Counsel for Defendant Morgan Stanley &
                                       Co. Incorporated, f/k/a Morgan Stanley DW Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JOANNE AUGST-JOHNSON, NANCY REEVES, DEBRA SHAW, JAN TYLER, CHERYL GIUSTINIANO, LAURIE BLACKBURN, ERNA TARANTINO AND ELIZABETH REINKE,** | **CIVIL ACTION NO.  1:06-cv-01142 (RWR/DAR)** |
| **Plaintiffs,** | **ELECTRONICALLY FILED** |
| v. | |
| **MORGAN STANLEY & CO. INCORPORATED F/K/A MORGAN STANLEY DW INC.** | |
| **Defendant.** | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO ENJOIN CLAIMS**

Defendant Morgan Stanley & Co. Incorporated, f/k/a Morgan Stanley DW Inc. ("Morgan Stanley"), by and through its undersigned counsel, hereby submits this memorandum of points and authorities in support of its Motion to Enjoin Claims.

**I.      INTRODUCTION AND STATEMENT OF FACTS**

Paragraph 13 of this Court's Final Order Certifying Class, Approving Settlement Agreement, Approving Award of Attorneys Fees and Costs and Dismissing Action Subject to the Court's Continuing Jurisdiction ("Final Order"), expressly prohibits class members from prosecuting or maintaining claims that are "subsumed within the Settlement Agreement including any and all sex discrimination claims against Morgan Stanley under federal, state and local laws, including claims related to sexual harassment and termination of employment, through June 30, 2007." (Final Order, Dkt. No. 43, at ¶ 13.)  Karen McCarthy ("Ms.

McCarthy"), a female former Morgan Stanley Financial Advisor and class member, refuses to abide by this clear and unequivocal injunction language.

Ms. McCarthy has commenced an action with FINRA Dispute Resolution alleging sex discrimination claims and related retaliation claims concerning her termination.  Morgan Stanley advised Ms. McCarthy of the Final Order, and explained that she was enjoined from maintaining her action before FINRA Dispute Resolution to the extent that the claims she asserted there were subsumed within the Settlement Agreement in this action.  Morgan Stanley further advised Ms. McCarthy's counsel that despite the vague pleading filed in the arbitration, it believed that Ms. McCarthy's Statement of Claim included claims of gender discrimination and related retaliation in connection with her termination that she was enjoined from maintaining.

In response, Ms. McCarthy's counsel, David Marek, has claimed that Ms. McCarthy "only joined the class action as it pertains to" claims relating to compensation, a failure to "receive training or mentoring opportunities" and "medical and/or psychological effects of discrimination," not her termination.  (See 11/7/07 (4:57 PM) E-Mail Correspondence from D. Marek to C. Kendrick, attached hereto as Ex. A).  According to her counsel, Ms. McCarthy opted out of the class settlement with respect to her termination by writing "N/A" on the Claim Form in the section dealing with "Termination."[1]  (Id.)  Ms. McCarthy's selective completion of the Claim Form, according to her counsel, leaves her free to maintain "a gender discrimination or retaliation claim under the applicable law stemming from Morgan Stanley's termination of her employment."[2]  (Id.)  Mr. Marek further explained: "Ms. McCarthy's limited participation in the

---

[1]  Ironically, while she is trying to avoid the applicable injunctive provision of the Final Order, Ms. McCarthy has submitted a Claim Form to the Special Master seeking a monetary award as part of the Settlement.

[2]  Implicit in Mr. Marek's words is the suggestion that, had Ms. McCarthy not "partially" opted-out of the settlement class as to claims relating to her termination, she would, in fact, be barred from maintaining those claims.  Because Ms. McCarthy did not and, in fact, cannot, "partially" opt out as Mr. Marek suggests, her termination-related sex discrimination and retaliation claims are barred.

class action does no [sic] impact her ability to pursue the arbitration claim pending at FINRA." (<u>Id</u>.; <u>see also</u> 11/8/07 (4:17 PM) E-Mail Correspondence from D. Marek to C. Kendrick, attached hereto as Ex. B (taking the position that Ms. McCarthy could proceed with her Statement of Claim because she "expressly opted out of the class action settlement for termination . . ..")) Mr. Marek thus concedes that Ms. McCarthy's Statement of Claim includes claims of sex discrimination and related retaliation in connection with her termination that would otherwise be barred by Paragraph 13 of the Final Order, but argues that Ms. McCarthy is not enjoined from maintaining those claims because she is only participating in the settlement on a "limited" basis that does not relate to her termination.

Ms. McCarthy's use of this "limited participation" argument as a means to circumvent the Final Order and continue to prosecute and maintain sex discrimination and related retaliation claims against Morgan Stanley is meritless and should be rejected. Under the terms of the approved Settlement Agreement, there is no such thing as a "partial" opt out. Class members had the choice to either opt out or not. Ms. McCarthy, like all class members, was given explicit notice of the steps she was required to take if she wanted to opt out of the settlement class. The Class Notice provided to Ms. McCarthy explained in specific detail the steps she was required to take to opt-out of the settlement class. (<u>See</u> Class Notice, Dkt. No. 30, at pp. 7-8.) The Class Notice also expressly notified her that "Whether or not you submit a Claim Form, unless you opt out, all sex discrimination claims that you may have up through June 30, 2007, arising out of your employment, or termination of employment, with Morgan Stanley, will be barred by this Settlement." (<u>Id</u>. at p. 7). Ms. McCarthy elected not to opt out. Because she failed to opt out of the settlement, Ms. McCarthy is not listed in Appendix A to the Final Order. Accordingly, Paragraph 13 of the Final Order applies with full force to her. She thus cannot continue to

prosecute and maintain the sex discrimination and related retaliation claims concerning her

termination that she has asserted in arbitration.[3]

## II.    ARGUMENT

### A.    Ms. McCarthy Is A Participating Class Member.

The settlement class in this action consists of "all women who were employed as

Financial Advisors or Registered Financial Advisor Trainees in the Global Wealth Management

Group of Morgan Stanley & Co. Incorporated [], or its predecessor(s) at any time from August 5,

2003 through June 30, 2007."  (Final Order at ¶ 2.)  Ms. McCarthy, a female former Financial

Advisor who was employed in Morgan Stanley's Durango, Colorado Branch Office from

approximately August 2000 until her termination in June 2005, is a member of the settlement

class.

Ms. McCarthy received Court-approved notice of the proposed settlement that provided

her with clear instructions as to her options.  On July 17, 2007, this Court approved issuance of a

Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing ("Class

Notice").  The Class Notice outlined options and provided a deadline by which individuals could

choose to opt out of the monetary relief aspect of the class.  Unless an individual requested to opt

out on or before September 10, 2007, the Class Notice explicitly advised that she would remain a

part of the Settlement Class.  The Notice further advised:

> **Whether or not you submit a Claim Form, unless you opt out,**
> **all sex discrimination claims that you may have up through**
> **June 30, 2007 arising out of your employment, or termination**

---

[3]  Morgan Stanley seeks the intervention of this Court pursuant to Paragraph 18 of the Final Order.  Paragraph 18 states that "this Court retains jurisdiction over the parties and each Class Member for the purpose of issuing such further orders and directions as may be necessary or appropriate for the construction, implementation and enforcement of the terms of the Settlement Agreement, this [Final] Order and Administrative Order No. 2."  In light of Ms. McCarthy's continued insistence on maintaining the sex discrimination and related retaliation claims asserted in her Statement of Claim, even in the face of Paragraph 13 of the Final Order, Morgan Stanley suggests that this is an appropriate situation for the Court to invoke the above-referenced jurisdiction.

**of employment, with Morgan Stanley, will be barred by this settlement.**

(See Class Notice at p. 7).  As such, Ms. McCarthy was on notice that unless she opted out, she would be prevented from bringing a separate sex discrimination claim against Morgan Stanley.

Subsequently, following the opt out period, this Court entered a Final Order certifying the class and approving the Settlement Agreement negotiated between the parties.  The Court specifically identified those individuals who opted out of the class in Appendix A to the Order. (See Final Order, at Appendix A).  Ms. McCarthy is not identified on Appendix A because she elected not to opt out of the class.

**B.    Ms. McCarthy Is Precluded From Prosecuting and Maintaining the Sex Discrimination and Related Retaliation Claims Asserted in Her Statement of Claim Because She Has Not Opted Out Of The Settlement Class.**

On August 27, 2007, Ms. McCarthy filed a Statement of Claim against Morgan Stanley with FINRA Dispute Resolution.  (See Statement of Claim dated August 27, 2007 attached hereto as Ex. C).  While the Statement of Claim does not explicitly refer to gender discrimination, a review of Ms. McCarthy's substantive allegations, and in particular, the exhibits attached to her Statement of Claim, reveals that her Statement of Claim includes thinly veiled sex discrimination and retaliation claims relating to her termination that are "subsumed within the Settlement Agreement."  (See, e.g., Exhibit B to Statement of Claim, Ex. C).  More importantly, the fact that the claims asserted in her Statement of Claim are sex discrimination and retaliation claims that are enjoined by the Final Order was made clear by the positions taken by Ms. McCarthy and her counsel regarding the basis for her purported ability to still maintain those claims.  As detailed above, Ms. McCarthy and her counsel claim that she is only partially participating in the class settlement.  Because she did not complete the portion of the Claim Form relating to "Termination," Ms. McCarthy claims that she "partially" opted-out of the

settlement class with respect to her termination claims, but is participating as to all other claims. According to Ms. McCarthy, her purported "partial" opt out means that she is not enjoined by the Final Order from maintaining "a gender discrimination or retaliation claim under the applicable law stemming from Morgan Stanley's termination of her employment." This argument is baseless.

As a member of the Settlement Class who did not opt out, Ms. McCarthy is expressly enjoined from prosecuting and maintaining the sex discrimination and related retaliation claims included in her Statement of Claim since those claims regard events that took place between June 2004 and her termination in June 2005 – during the class period applicable to this Settlement. Morgan Stanley respectfully requests that this Court issue an Order directly enjoining Ms. McCarthy from continuing to maintain those claims since, even when expressly advised of Paragraph 13 of the Final Order, Ms. McCarthy has continued to insist, through counsel, that she has the right to maintain and prosecute those claims.

Ms. McCarthy's contention that her partial completion of her Claim Form means that she only partially participated in the settlement class with respect to some facts that might provide a basis for a sex discrimination claim (*i.e.*, compensation, training) but not for others (*i.e.*, termination) is erroneous as a matter of law. In fact, even if Ms. McCarthy had not completed any portion of the Claim Form, she would still be bound by Paragraph 13 of the Order as a result of her decision to not opt out.[4]

---

[4] Ms. McCarthy's theory would render the class settlement ineffective because each and every class member would be permitted to pick and choose the factual basis for claims of sex discrimination she wanted covered by a class settlement and the factual basis for claims of sex discrimination she might wish to pursue in a separate action.

III.    **CONCLUSION**

Ms. McCarthy is enjoined from asserting the sex discrimination and related retaliation claims asserted in the Statement of Claim she filed with FINRA because she did not opt out (partially or otherwise).  Rather, she is a member of the settlement class.  Ironically, she is also a Claimant under the terms of the Settlement Agreement who is actively participating in the monetary relief portion of the settlement.  The Final Order prohibits her from taking the "second bite of the apple" she seeks through her FINRA action.  In order to stop Ms. McCarthy's continued violation of Paragraph 13 of the Final Order, Morgan Stanley respectfully requests that the Court issue an Order expressly enjoining her from prosecuting and maintaining the sex discrimination and related retaliation claims concerning her termination as asserted in her Statement of Claim.

Dated: November 15, 2007                    Respectfully Submitted,


                                        _____/s Grace E. Speights_____
                                        Grace E. Speights (D.C. Bar # 392091)
                                        Mark S. Dichter, *Pro Hac Vice*
                                        Kenneth J. Turnbull, *Pro Hac Vice*
                                        Morgan, Lewis & Bockius LLP
                                        1111 Pennsylvania Ave., N.W.
                                        Washington, D.C. 20004
                                        202.739.3000

                                        Counsel for Defendant Morgan Stanley &
                                        Co. Incorporated f/k/a Morgan Stanley DW Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2007, a true and correct copy of the foregoing Defendant's Motion to Enjoin Claims, and Memorandum of Points and Authorities in Support (with exhibits), was filed electronically and was served via e-mail and First-Class U.S. mail upon the following:

Cyrus Mehri
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
Email: cmehri@findjustice.com

Steven M. Sprenger
SPRENGER & LANG, PLLC
1400 I Street, NW
Suite 500
Washington, DC 20005
Email: ssprenger@sprengerlang.com

Mara R. Thompson
SPRENGER & LANG, PLLC
310 Fourth Avenue, South
Suite 600
Minneapolis, MN 55415
Email: mthompson@sprengerlang.com

Christopher M. Moody
and Whitney Warner
MOODY & WARNER, P.C.
4169 Montgomery Boulevard, NE
Albuquerque, NM 87109
Email: moody@nmlaborlaw.com; warner@nmlaborlaw.com

David M. Marek
Liddle & Robinson, LLP
800 Third Ave., 8th Floor
New York, NY 10022
Email: dmarek@liddlerobinson.com


                                        __s/ Richard W. Black_____
                                        Richard W. Black