*Jeremy W. Parham*

2400 Crestmoor Road
Nashville, TN 37215
Phone: (615) 386-7191
Fax: (615) 297-6005

November 19, 2007

**RECEIVED**

NOV 2 6 2007

Chambers of Judge Roberts

*VIA CERTIFIED MAIL*
Honorable Richard W. Roberts
U.S. District Judge
333 Constitution Avenue, NW
Washington, DC 20001

> **Re:**    **Augst-Johnson, et al. v. Morgan Stanley & Co. Inc. f/k/a**
> **Morgan Stanley DW Inc., No. 1:06-cv-01142**
> **Request to opt-out of class action**

Dear Judge Roberts:

As evidenced by the enclosed affidavits, I represent a former Morgan Stanley employee, Teresa Grubman, in a lawsuit against Morgan Stanley & Co. Inc. presently pending in the U.S. District Court for the Middle District of Tennessee (Case No. 3:06-cv-00705). Ms. Grubman was employed as a financial advisor in Morgan Stanley's Nashville, Tennessee office from March 7, 2005, until she was terminated on April 10, 2006.

Ms. Grubman filed a charge of sex and age discrimination against Morgan Stanley with the Nashville office of the Equal Employment Opportunity Commission on February 9, 2006. The EEOC issued Ms. Grubman a Notice of Suit Rights on May 31, 2006. I then filed the present lawsuit against Morgan Stanley alleging sex discrimination, age discrimination, violations of the Family Medical Leave Act and intentional infliction of emotional distress stemming from Ms. Grubman's employment with Morgan Stanley and subsequent termination.

Ms. Grubman's lawsuit has now been pending for over fourteen months. During that time, both parties have exchanged extensive written discovery and taken or defended approximately twenty hours of depositions, with hundreds of pages of resulting transcripts. Further, Ms. Grubman has incurred roughly $5,000.00 in costs and expenses to prosecute her case.

On November 12, 2007, I learned for the first time through a Motion for Summary Judgment filed by Morgan Stanley in our Nashville suit that Ms. Grubman had been identified as a class member in the Augst-Johnson action. After a brief investigation, I also learned that Ms. Grubman was required to submit written notice of her intent to opt-out of the class action on or before September 10, 2007 if she desired to maintain her lawsuit independent of the class action.

Ms. Grubman then advised that she did not file a written request to opt-out as required by the Notice of Class Action, Proposed Settlement Agreement, and Settlement Hearing (hereinafter "Notice") in this matter. Ms. Grubman further stated that she did not receive the aforementioned Notice until September 24, 2007, two weeks after the opt-out deadline.

Ms. Grubman explained that she had not previously provided my office with a complete copy of the Notice because she contacted Steven Sprenger, Plaintiff's counsel in the class action and verbally advised Mr. Sprenger that she did not wish to be included in this class action. Mr. Sprenger contacted Ms. Grubman on October 11, 2007, after she had tried repeatedly to contact counsel's office. Ms. Grubman was unaware of the written notice provision, and believed she had fulfilled any necessary obligation to exclude herself from the class action suit. Ms. Grubman further stated that Mr. Sprenger did not advise her that she was required to submit written notice if she wished to opt-out.

Pursuant to this Court's Final Order of October 26, 2007, all of Ms. Grubman sex discrimination claims against Morgan Stanley are subject to immediate dismissal. However, it is our position that Ms. Grubman should not be held to the September 10, 2007 deadline, given that she did not receive her Notice until September 2, 2007 and September 24, 2007 and Plaintiff's counsel failed to advise her that written notice was required during their October 11, 2007 conversation. Moreover, Morgan Stanley has been on notice of Ms. Grubman's claims since at least May 31, 2006, when she filed her lawsuit. Despite their notice, Morgan Stanley failed to raise any issue connected with the class action suit until filing for summary judgment on October 15, 2007.

In light of these factors, we respectfully request that Ms. Grubman now be allowed to opt-out of the monetary relief provisions of the <u>Augst-Johnson</u> settlement and continue to prosecute her action independent of the class action. In the alternative, if Ms. Grubman is not allowed to opt-out, we request that she be allowed to file a claim for a share of the class action settlement proceeds.

Please do not hesitate to contact my office if you require any additional information or a formal filing with the Court.

Best regards,

Jeremy W. Parham

Enclosures

cc:   Cyrus Mehri, Esq.
      Steven Sprenger, Esq.
      Mark S. Dichter
      Jonathan Harris, Esq. (Nashville counsel for Morgan Stanley)
      Teresa Grubman

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2007 a true and correct copy of the foregoing document and all accompanying enclosures (Affidavit of Teresa Grubman and Affidavit of Jeremy W. Parham) was served via U.S. mail, postage prepaid, as follows:

Cyrus Mehri, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036

Steven M. Sprenger, Esq.
Sprenger & Lang, PLLC
1400 Eye Street, N.W., Suite 500
Washington, DC 20005

Mark S. Dichter, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2921

Jonathan Harris, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart
424 Church Street, Suite 800
Nashville, TN 37219

_____
Jeremy W. Parham

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Joanne Augst-Johnson, Nancy Reeves,<br>Debra Shaw, Jan Tyler, Cheryl Giustiniano,<br>Laurie Blackburn, Erna Tarantino,<br>    & Elizabeth Reinke, | )<br>)<br>)<br>)<br>) | CIVIL NO. 1:06-cv-01142<br>(RWR)(DAR) |
| On behalf of themselves and all others similarly<br>situated, | )<br>)<br>) | CLASS ACTION<br><br>JURY TRIAL DEMAND |
|     Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| Morgan Stanley & Co. Incorporated, f/k/a<br>Morgan Stanley DW, Inc., | )<br>)<br>) | |
|     Defendant. | ) | |

### AFFIDAVIT OF TERESA GRUBMAN

I, Teresa Grubman, state the following:

1. I am over the age of eighteen and otherwise qualified to give testimony in the above action.

2. I was previously employed as a Financial Advisor in the Nashville, Tennessee branch office for Morgan Stanley DW, Inc. from March 7, 2005 until I was terminated on April 10, 2006.

3. I filed a charge of discrimination against Morgan Stanley with the Nashville office of the Equal Employment Opportunity Commission on February 9, 2006.

4. I cited various acts of sex discrimination and age discrimination in my EEOC charge against Morgan Stanley.

5. The EEOC issued a Notice of Suit Rights pursuant to my charge of discrimination against Morgan Stanley on May 31, 2006.

1

6. Through my attorney, Jeremy Parham, I filed a Complaint against Morgan Stanley and my former supervisor, Greg Davis, in the U.S. District Court for the Middle District of Tennessee on July 21, 2006, alleging sex discrimination, age discrimination, violations of the Family Medical Leave Act, intentional infliction of emotional distress and defamation.

7. I have incurred approximately $5,000.00 in court costs and expenses prosecuting my lawsuit against Morgan Stanley and Greg Davis over the course of the last fifteen months.

8. I did not receive a Notice of Class Action, Proposed Settlement and Settlement Hearing (hereinafter "Notice") in this matter until September 24, 2007.

9. I immediately attempted to contact Plaintiff's counsel in this matter, Sprenger and Lang, on several occasions after I received the Notice.

10. I received a return phone call from Steven Sprenger with Sprenger and Lang on October 11, 2007. I advised Mr. Sprenger at that time that I did not want to be included in the class action suit and wished to continue with my lawsuit, independent of the class action.

11. Mr. Sprenger never advised me that I was required to file written notification or taken any further action if I wished to be excluded from the class action suit.

12. It was my understanding from the Notice that I only had to submit a response if I wished to be included in the class action suit or any resulting settlement.

13. I respectfully request that this Court allow me to opt out of the class action suit and preserve my pending lawsuit against Morgan Stanley. As such, I have attached as Exhibit A to this affidavit written notice of my request to opt out of the class action as required by the Notice in this matter.

2

I hereby swear and affirm under penalty of perjury that the foregoing statements are true and correct.

Teresa Grubman

Date  11/17/07

Sworn to and subscribed before me
this the 17 day of November, 2007.

Notary Public
My commission expires: 1-28-09

YOLANDA GUTTIERREZ
Notary Public, State of Texas
My Commission Expires
January 28, 2009

3

# EXHIBIT A TO AFFIDAVIT OF TERESA GRUBMAN

4

Teresa Grubman
Soc. Sec. No. 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
5450 Rowley Road, Apt. 504
San Antonio, TX 78240
Phone: 210-516-5760

November 14, 2007

Cyrus Mehri, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036

Steven M. Sprenger, Esq.
Sprenger & Lang, PLLC
1400 Eye Street, N.W., Suite 500
Washington, DC 20005

Mark S. Dichter, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2921

Re:  Augst-Johnson v. Morgan Stanley et. al v. Morgan Stanley & Co.
     Incorporated f/k/a Morgan Stanley DW, Inc., No. 1:06-cv-01142

Dear Sirs:

I was previously identified as a potential class member in the above litigation. This letter shall serve as notice as required by the Notice of Class Action, Proposed Settlement, and Settlement Hearing that I hereby desire to opt-out of the monetary relief provisions of the class action suit.

I understand that, by this request to be excluded from the monetary relief settlement in this case, I am foregoing all monetary benefits from this Settlement and will receive no money from the Morgan Stanley Financial Advisor Sex Discrimination Settlement Fund. I understand that I may bring a separate legal action seeking damages, but might receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case. I also understand that I may not seek exclusion from the class for injunctive relief and that I am bound by the injunctive provisions of the Settlement Agreement.

Regards,

Teresa Grubman                                11/17/2007

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Giustiniano, Laurie Blackburn, Erna Tarantino, & Elizabeth Reinke, | **CIVIL NO. 1:06-cv-01142 (RWR)(DAR)** |
| On behalf of themselves and all others similarly situated, | **CLASS ACTION** |
| Plaintiffs, | **JURY TRIAL DEMAND** |
| v. | |
| Morgan Stanley & Co. Incorporated, f/k/a Morgan Stanley DW, Inc., | |
| Defendant. | |

**AFFIDAVIT OF JEREMY W. PARHAM**

I, Jeremy W. Parham, state the following:

1. I am over the age of eighteen and otherwise qualified to give testimony in the above action.

2. I am an attorney duly licensed to practice law in the State of Tennessee and the U.S. District Court for the Middle District of Tennessee.

3. On behalf of the plaintiff, Teresa Grubman, I filed a lawsuit against Morgan Stanley DW, Inc. and Greg Davis in the U.S. District Court for the Middle District of Tennessee, Case No. #:06-cv-00705, on July 21, 2006.

4. Ms. Grubman's Complaint against Morgan Stanley makes allegations of sexual discrimination, age discrimination, intentional infliction of emotional distress, violation of the Family Medical Leave Act ("FMLA") and defamation.

5. Ms. Grubman's Complaint has been pending for approximately fourteen months. During that time, both parties have exchanged extensive written discovery and

1

taken or defended five lengthy depositions over approximately twenty hours with hundreds of pages of transcripts.

6. To date, Ms. Grubman has expended approximately $5,000.00 in court costs and expenses to prosecute her case.

7. I learned for the first time on November 12, 2007, through Morgan Stanley's Motion for Summary Judgment, that Ms. Grubman was previously identified as a class member in the above captioned suit and that she was required to submit written notice of her intent to opt-out of the class action on or before September 10, 2007, if she wished to preserve her independent claim of sexual discrimination against defendant Morgan Stanley.

8. Ms. Grubman advised my office that she did not issue any written response to the class action notice and, further, that she did not even receive notice until September 24, 2007; two weeks after the September 10, 2007 opt-out deadline.

9. I immediately contacted Plaintiff's counsel in this action, Cyrus Mehri, and was advised that the Settlement Agreement in this matter was approved by the Court on October 26, 2007.

10. Without further action from this Court, a substantial portion of Ms. Grubman's suit will be immediately subject to dismissal pursuant to this Court's October 26, 2007 Final Order and she will have no further recourse for her pending claims.

I hereby swear and affirm under penalty of perjury that the foregoing statements are true and correct.

_____        11/19/07
Jeremy W. Parham                        Date

Sworn to and subscribed before me
this the 19 day of November, 2007.

_____
Notary Public
My commission expires: March 20, 2010

STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY
MONETTE REED BRYANT
My Commission Expires MAR. 20, 2010

2