IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOANNE AUGST-JOHNSON, NANCY REEVES, DEBRA SHAW, JAN TYLER, CHERYL GIUSTINIANO, LAURIE BLACKBURN, ERNA TARANTINO AND ELIZABETH REINKE,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MORGAN STANLEY & CO. INCORPORATED F/K/A MORGAN STANLEY DW INC.**<br><br>**Defendant.** | CIVIL ACTION NO. 1:06-cv-01142 (RWR/DAR)<br><br>ELECTRONICALLY FILED |

**DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER
REGARDING CLASS MEMBER TERESA GRUBMAN**

I. <u>INTRODUCTION</u>

Defendant Morgan Stanley & Co. Incorporated, f/k/a Morgan Stanley DW Inc. ("Morgan Stanley"), by and through its undersigned counsel, hereby responds to the Court's order dated December 4, 2007 requiring Morgan Stanley to show cause why the untimely request to opt out made by class member Teresa Grubman ("Grubman") should not be granted. According to her counsel, Grubman should be permitted to opt-out of the monetary provisions of the class settlement in this lawsuit despite the fact that, after receiving the Court-approved Notice Of Class Action, Proposed Settlement Agreement, And Settlement Hearing ("Class Notice"), she misread the notice, failed to notify Class Counsel of her desire to opt-out, and delayed until late November 2007 to seek to opt-out of the settlement – months after the opt-out deadline and several weeks after Final Approval of the settlement.

Grubman specifically argues that she should be permitted to opt-out because: (a) she received class notice after the opt-out deadline; (b) Morgan Stanley failed to notify her or her counsel of the proposed settlement outside of the Court-approved class notice procedure; and (c) her individual sex discrimination lawsuit against Morgan Stanley is at an advanced litigation stage. As described below, these arguments provide no basis for allowing Grubman to belatedly opt-out of the class.

First, Grubman's inexcusable delay in seeking to opt-out, even after Final Approval, is – by her own admission – the result of her own misreading of the clear language of the Court-approved Class Notice she received. That misreading does not constitute a legal basis on which to allow Grubman (who, as a Morgan Stanley Financial Advisor, was regularly called upon to review and understand legal notices and documents) to now opt-out of the class settlement and maintain her otherwise enjoined individual claims. Second, Morgan Stanley was not obligated to notify her or her counsel of the fact of the proposed settlement or the potential impact of the class settlement on her individual lawsuit outside of the Class Notice. Rather, pursuant to this Court's Preliminary Approval Order, Morgan Stanley, like Class Counsel, was obligated to see that the Court-approved Class Notice was sent to class members and publicized. This Court has already found that Morgan Stanley and Class Counsel met this obligation, and Grubman's wish that they had done more does not constitute a basis on which to excuse her neglect. Finally, the current procedural posture of Grubman's pending lawsuit is irrelevant to her opt-out request as a matter of law. This Court's Preliminary and Final Approval Orders unequivocally enjoin certain claims absent a timely opt-out, regardless of the extent to which those claims have been litigated or the procedural posture of her individual case.

For these reasons, Grubman's untimely request to opt-out of the class settlement at this late date should be denied.

## II. RELEVANT FACTS

Grubman, a former Morgan Stanley Financial Advisor, is a member of the settlement class in the instant case. As a class member, a Class Notice was mailed to Grubman by the Claims Administrator handling this settlement, Settlement Services, Inc. ("SSI"), to her last known address on or about July 27, 2007 in accordance with this Court's Preliminary Approval Order. That Class Notice sent to Grubman's last known address was returned to SSI as undeliverable via priority mail. This was one of 316 Class Notices returned to SSI as undeliverable. (*See* Declaration of Cyrus Mehri In Support of Joint Motion for Final Approval of Class Action Settlement, Ex. 1 to Dkt. No. 33, at ¶ 40.) On September 14, 2007, SSI re-mailed Class Notice to Grubman along with "a bright yellow insert instructing Class Members to contact Class Counsel if they anticipated any difficulty in meeting the deadlines specified in the [Class] Notice." (*Id*.) Class Counsel received approximately 25 calls from Class Members whose Class Notices were re-mailed and instructed each of those Class Members to include a letter or note with her submission of a claim form or opt-out request indicating that she received her notice too late to submit her claim form or opt-out request by the deadline. *(Id.)* The Court observed in its Final Approval Order that the notice process fully satisfied due process requirements. (*See* Final Approval Order, Dkt. No. 43 at ¶ 4.)

Despite receiving her re-mailed Class Notice in accordance with this process on or about September 24, 2007, Grubman first requested to opt-out of the settlement class in a letter to this Court dated November 19, 2007, approximately two months after she received Class Notice. The plain language of the Class Notice, approved by this Court, stated that "If you do not request to be excluded, you will remain a part of the class" and provided explicit instructions on how to

opt-out. (*See, e.g.,* Class Notice at 6.) Despite these directions, Grubman now claims she incorrectly understood "from the Notice that [she] only had to submit a response if [she] wished to be included in the class action suit or any resulting settlement." (*See* Amended Affidavit of Teresa Grubman ("Grubman Aff.") at ¶ 12.)

Between the time Grubman received Class Notice on or about September 24, 2007 and her submission to this Court on November 19, 2007, Grubman continued to prosecute a separate action alleging, *inter alia*, sex discrimination against Morgan Stanley in the United States District Court for the Middle District of Tennessee (*Grubman v. Morgan Stanley DW, Inc.*, et al., Civil Action No. 3:06-CV-00705 (M.D. Tenn.)). On October 15, 2007, Morgan Stanley filed a Motion for Summary Judgment seeking, among other things, an order *staying* Grubman's individual sex discrimination claim in accordance with the Preliminary Approval Order until this Court determined whether to grant final approval of the proposed settlement. Despite that filing and her receipt of Class Notice weeks earlier, Grubman waited more than a month, until November 19, 2007, to submit her untimely request to opt-out of the settlement class.

### III. ARGUMENT

#### A. Grubman Must Establish The Existence Of Excusable Neglect To Prevail On Her Untimely Opt-Out Request.

In accordance with Rules 6(b), 60(b) and 23(d) of the Federal Rules of Civil Procedure, Courts have used an excusable neglect standard to evaluate requests from individuals like Grubman to opt-out of a settlement class after the expiration of the opt-out period. *See In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003); *see also In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 164 F.R.D. 362, 368-369 (S.D.N.Y. 1996) (though a court retains power to grant late opt-out requests pursuant to Fed. R. Civ. P. 6(b)(2), 60(b), and 23(d), the standard for granting such relief is generally excusable neglect). Under this standard,

Grubman bears the burden of establishing excusable neglect. *See In re Nat'l Student Mktg. Litig.*, 530 F.2d 1012, 1014 (D.C. Cir. 1976) (citing *Manhattan-Ward Inc. v. Grinnell Corp.*, 490 F.2d 1183 (2d Cir. 1974)).

In the context of Grubman's request to opt-out of the class settlement long after the opt-out period has expired, the excusable neglect inquiry should focus on (1) the danger of prejudice to Morgan Stanley, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of Grubman, and (4) whether Grubman acted in good faith. *See Demint v. Nationsbank Corp.,* 208 F.R.D. 639, 642 (M.D. Fla. 2002) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Accordingly, Grubman must show both good faith and a reasonable basis for failing to act expeditiously in seeking to opt-out. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216, 237-238 (D.N.J. 1997) (no excusable neglect where, among other things: the dissemination of class notice complied with due process and Rule 23 even if individuals did not receive notice; opt-out procedures were clearly described in the class notice; Rule 23 and due process did not require that counsel for class members pursuing individual claims be notified; and the class notice was adequate where it could be understood by average members of the class even if certain members misunderstood that the class action encompassed their claims). Moreover, under an excusable neglect standard, the Court should consider the prejudice to the settling defendant. *See Georgine v. Amchem Prods., Inc.*, No. CIV. A. 93-0215, 1994 WL 637404, at *7-9 (E.D. Pa. Nov. 10, 1994) (request to extend opt-out period denied where deciding in the alternative would undermine the implementation of the settlement and the financial certainty defendants sought to achieve by entering into the settlement).

Here, Grubman's misreading of the clear Class Notice, her apparent failure to notify her own counsel of her receipt of the Class Notice, her failure to follow-up (after an initial call) with Class Counsel regarding the Class Notice, and her nearly two-month delay in requesting to opt-out (filed more than a month after Morgan Stanley sought an order staying her sex discrimination claim) establish that Grubman's actions were neither reasonable nor made in good faith. Morgan Stanley, having complied with its obligations to provide notice to the class (including Grubman) of the proposed settlement, will be prejudiced if, at this late date – more than three months after the opt-out period expired and nearly two months after this Court issued its Final Approval Order approving the settlement and identifying all class members who timely had opted-out – it is compelled to further litigate the individual sex discrimination claims of a class member who, due to her own inexcusable neglect, failed to take the clear steps required of her to opt-out. Not only does Grubman fail to establish excusable neglect, but, even if she could on her rather tenuous facts, Morgan Stanley's interest in finality deserves more weight.

### B. Grubman Cannot Establish Excusable Neglect Where Her Own Misreading Of The Class Notice Led To Her Failure To Opt-Out.

Grubman suggests, in the first instance, that she should be permitted to opt-out of the settlement class months after the deadline for doing so because she did not receive Class Notice until September 24, 2007 – two weeks after the formal opt-out deadline. However, Grubman's inability to opt-out at this late date is not attributable to her late receipt of the Class Notice,[1] but rather to her undue and inexcusable delay in seeking to opt-out even after receiving that Class

---

[1] Notably, federal courts have found that, even where class members receive late notice or never actually receive notice, their late opt-out requests may be denied, so long as the dissemination of the class notice comported with Rule 23 of the Federal Rules of Civil Procedure and due process. *See In re Prudential*, 177 F.R.D. at 238 (denying late opt-out request even where class members claimed they did not receive notice, received notice late, or where notices were mailed to the wrong address); *see also In re Prudential Sec.,* 164 F.R.D. at 369-370 (denying motions for extension of time where movants' alleged notice was mailed to an old address since "actual receipt of class notice is not necessary in order to bind an absent class member to a final judgment"). Here, Grubman did receive the Class Notice and had the opportunity to act, but did not.

Notice. By including in each re-mailed Class Notice the "bright yellow insert instructing Class Members to contact Class Counsel if they anticipated any difficulty in meeting the deadlines specified in the [Class] Notice," class members who received re-mailed Class Notices were clearly informed that they would still have an opportunity to submit a claim form or an opt-out request. And, in practice, they were permitted to opt-out. (*See* Final Approval Order, Dkt. No. 43 at ¶ 4) ("Every request to opt out, timely or late, was granted, in part to ensure that late notice was not prejudicial.") Despite this instruction, Grubman did not inform Class Counsel that she would have difficulty in meeting any deadlines.

Rather, according to her own affidavit, Grubman placed only one call to Class Counsel, made no other attempt to contact Class Counsel regarding her desire to either submit a claim form or request to opt-out, and, at no time before her November 19, 2007 letter to this Court, submitted *any* request to opt-out.[2] Grubman instead effectively asks this Court to now excuse her neglect in failing to submit a request to opt-out after receiving the Class Notice. Her neglect should not be so excused. *See Nat'l Student Mktg.*, 530 F.2d at 1014 (denying a late opt-out request where movants did not provide explanation why they only filed a motion seeking to opt-out two months after they were notified that the opt-out period had expired nearly a year before); *see also Demint*, 208 F.R.D. at 640-41 (refusing to permit class members who submitted their opt-out requests less than two weeks after the opt-out period expired where the class members failed to adequately explain their failure to submit a timely notice).

---

[2] Notably, the affidavit originally submitted by Grubman to this Court attested that she attempted to contact Class Counsel "on several occasions" and that, on October 11, 2007, she spoke to Steven Sprenger and informed him that she "did not want to be included in the class action suit and wished to continue with [her] lawsuit, independent of the class action." (*See* Original Affidavit of Teresa Grubman at ¶¶ 9-10). Grubman signed that affidavit under oath on November 17, 2007. On December 3, 2007, however, Grubman's counsel submitted an amended affidavit signed by Grubman that *materially* changed the facts originally claimed by Grubman in her original affidavit (and her counsel's letter to this Court dated November 19, 2007). In her amended affidavit, which superseded the original affidavit and is relied on by Morgan Stanley in this response, Grubman omits any reference to having tried to contact Class Counsel "on several occasions" or to having verbally notified Class Counsel of her desire to opt-out. (Grubman Aff. at ¶¶ 9-10).

Grubman claims that she misunderstood the Class Notice to require that she "only had to submit a response if [she] wished to be included in the class action or any resulting settlement." (Grubman Aff. at ¶ 12.)  Such a misunderstanding, where, as here, the relevant language of the Class Notice was clear, understandable and unequivocal, is an insufficient basis on which to grant Grubman's untimely opt-out request.  The Class Notice provided to Grubman was approved by this Court.  It clearly instructed class members that if they wished to "**Receive no money from the Settlement [and] [k]eep any rights you might have to pursue monetary claims against Morgan Stanley separately**," they were required to take action.  (*See* Class Notice at 3 (emphasis in original).  The Class Notice repeatedly advised class members of the need to take action to opt-out and retain the ability to pursue individual monetary relief from Morgan Stanley.  (*See, e.g., id.* at 6 ("If you do not request to be excluded, you will remain a part of the class"); *id* at 8 ("You may request to opt-out, or be excluded, from the monetary relief provisions of this case.  If you opt out, you will not be eligible for any monetary award as part of this Settlement.  Any Class Member who wishes to opt out must mail a written, signed statement that she is opting out of the monetary portion of the Settlement to each of the following addresses . . .")).

Where, as here, the language of the Class Notice is plain, clear, and places the average class member on notice of her responsibilities in connection with the proposed settlement, courts have routinely denied late requests to opt out and have held that such a "misunderstanding" does not constitute excusable neglect.  *See e.g., In re: Painewebber Ltd. P'ship Litig.*, 147 F.3d 132, 136 (2d. Cir. 1998) (finding no excusable neglect and denying class member's late opt-out request where the class notice was "clear and its meaning plain," despite the class member's claim that he could not understand the effect of the notice on his legal rights until he spoke to his

attorney); *In re Prudential-Bache Energy Income P'ship Sec. Litig.*, No. MDL 888, 1995 WL 263879, at *2-3 (E.D. La. May 4, 1995) (denying class members' motion to opt-out after the expiration of the opt-out period where the notice was "sufficient to place the average [class member] on notice of the time period in which the forms had to be completed, the address to which the forms must be sent, and the consequences of failing to opt out," despite class members' claim that they did not understand how to opt out or the consequences of their failure to do so). The fact that roughly a thousand class members who received the Class Notice in this case, including those who received re-mailed Class Notices that arrived after September 10, 2007, understood the plain language of the Class Notice and either filed a claim form or timely opted-out further supports the denial of Grubman's request. *See In re VMS Sec. Litig.*, No. 89 C 9448, 1992 WL 203832, at *4 (N.D. Ill. Aug. 3, 1992) (noting that "[a] claim by a small minority of class members that they misunderstood the notice does not constitute a sufficient excuse for failing to validly opt out" and that "notice is sufficient if it 'may be understood by the average class member'") (citation omitted). This is underscored by the fact that Grubman, unlike the typical class member in the cases cited above, was not a member of the general public called upon to review and understand a legal notice, but a former Morgan Stanley Financial Advisor who, in that position, was routinely called upon to review and understand legal notices and documents.

    The Class Notice approved by the Court in this action was unquestionably clear and plain in advising Grubman that she needed to take action if she wanted to opt-out of the monetary provisions of the class settlement and maintain the ability to prosecute her own sex discrimination claims against Morgan Stanley. Her failure to attempt to do so at any time before

November 19, 2007, even after receiving the Class Notice, does not constitute excusable neglect and her request should be denied.

    **C.    Grubman Cannot Establish Excusable Neglect For Her Failure To Opt-Out On The Grounds That Morgan Stanley Did Not Advise Her Of The Proposed Settlement Outside Of The Class Notice Procedure.**

Grubman further argues that her untimely opt-out should be allowed because Morgan Stanley did not independently notify her of the class settlement, or its potential impact on her pending sex discrimination claims, outside of the Class Notice. Morgan Stanley, however, had no such obligation to do so and Grubman cannot establish the requisite excusable neglect on the basis of such an argument.

In its Preliminary Approval Order dated July 17, 2007, this Court ordered the parties to deliver the Court-approved Class Notice to all class members. (*See* Preliminary Approval Order, Dkt. No. 30, at ¶ 7.) The parties, including Morgan Stanley, met this obligation through the designated claims administrator, SSI. As the Court observed in issuing its Final Approval Order:

> In accordance with the procedures approved in the Preliminary Approval Order, the Class was provided with the Class Notice regarding the proposed Settlement Agreement and the deadlines and procedures for opting out or objecting. Over 99% of the Class appears to have received notice. Due to invalid addresses, not every Class Member received individual Notice, or individual Notice by the notification deadline set in the Preliminary Approval Order. However, notice was also published on three websites at www.morganstanleygendercase.com, www.sprengerlang.com (Sprenger & Lang, PLLC), and www.nmlaborlaw.com (Moody & Warner, P.C.). The proposed settlement was also publicly reported through newspaper reports and trade publications, including Bloomberg.

(*See* Final Approval Order at ¶ 4.)

A defendant to a proposed class action settlement is not obligated to provide any additional notice of the proposed settlement to class members outside of the court-approved class notice. *See Nat'l Student Mktg.*, 530 F.2d at 1015 (noting that a defendant to a proposed class action settlement is not required to treat differently, with respect to class notice, class members

who had individual actions pending, and finding that such class members did not establish excusable neglect where they sought to opt-out after the expiration of the opt-out period); *see also In re Prudential Sec.*, 164 F.R.D. at 370 (rejecting late opt-out request of class members who separately maintained individual actions against the defendant and who argued that neither they nor their litigation counsel were given individual supplemental notice of the settlement because "initiation of separate litigation did not confer upon these Class Members a right to notice above and beyond that due other Class Members"); *In re VMS Sec. Litig.*, 1992 WL 203832, at *3 (no excusable neglect where "supplemental notice to individual counsel was not part of the notice procedure proposed by the parties and approved by the court."). Consistent with these holdings, nothing in this Court's Preliminary Approval Order required Morgan Stanley to take action over and above sending the Class Notice to notify class members engaged in pending litigation of the proposed settlement. Moreover, there is no dispute that Grubman received the Class Notice. (*See* Grubman Aff. at ¶ 8.)

The fact that Morgan Stanley did not provide *additional* or *supplemental* notice of the proposed class settlement to Grubman, and that Morgan Stanley first mentioned the effect of the proposed class settlement in connection with its summary judgment motion on Grubman's individual claims, simply does not support a finding of excusable neglect. Grubman received the Class Notice on September 24, 2007, *weeks before* Morgan Stanley moved for summary judgment on her individual claims, yet she did not notify her counsel in her individual action that she had been identified as a class member until November 12, 2007, *weeks after* Morgan Stanley's motion for summary judgment had been filed. (*See* November 19, 2007 Letter to The Honorable Richard W. Roberts from Jeremy W. Parham ("Parham Letter")). Grubman's complete neglect to act on the Class Notice sent to her, including her failure to even advise her

own counsel that she had received notice that she was a class member in another lawsuit, should not negate Morgan Stanley's right to finality, and does not constitute a basis on which her late opt-out request can or should be granted.

> **D.    Grubman Cannot Establish Excusable Neglect For Her Failure to Opt-Out Simply Because Her Individual Lawsuit Is At An Advanced Stage of Litigation.**

Grubman further argues that she should be permitted to opt-out late because her individual claims have been "pending for over fourteen months," during which time the parties have engaged in "extensive written discovery," taken or defended several depositions, and Grubman has incurred "approximately $5,000.00 in costs and expenses to prosecute her case." (*See* Parham Letter.)  This argument also fails.  The fact that Grubman was pursuing an individual sex discrimination claim against Morgan Stanley at the time she received Class Notice, regardless of the procedural posture of her pending lawsuit, provides no basis on which her failure to timely opt-out can be excused.[3]

In *Demint v. Nationsbank Corp.*, for example, class members sought to opt-out of a proposed class settlement approximately two weeks after the expiration of the opt-out period. The class members argued that they had effectively opted-out of the class action by virtue of the fact that they had already instituted and were "vigorously prosecuting an action in federal court." 208 F.R.D. at 641.  The district court rejected the late opt-out request on the grounds that "pertinent and sound reasoned authority prescribes that the pendency of a separate, individual action neither excuses a litigant from compliance with an applicable 'opt out' procedure in a related class action nor obligates any party or court to treat the litigant as unique or different in

---

[3]  Though the letter of Grubman's counsel to this Court implies that the denial of her late opt-out request would effectively end her individual litigation against Morgan Stanley, leaving her without an individual remedy as to her claims in that suit, that is not the case.  In addition to her sex discrimination claims, Grubman's individual lawsuit also includes claims of age discrimination, intentional infliction of emotional distress, and defamation against Morgan Stanley that would not be enjoined as a result of her inclusion in the settlement class.

any respect from other potential class members." *Id.* The district court further noted that several other courts had held that "the mere pendency and continued prosecution of a separate suit, which the litigant instituted *before* commencement of the 'opt-out' period in a related class action, neither registers nor preserves a litigant's election to 'opt out' of the related class action." *Id.*; *see also In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, MDL No. 1203, 2007 WL 4082994, at *4-5 (E.D. Pa. Nov. 15, 2007) (rejecting notion that a class member was excluded from the opt-out requirements of a proposed class settlement because he was vigorously prosecuting, and the defendant to the proposed class settlement was defending against, a pending lawsuit); *In re VMS Sec. Litig.*, 1992 WL 203832, at *3 ("[t]he pendency of an individual action does not excuse a class member from filing a valid request for exclusion" from the class).

Here, the fact that Grubman's pending lawsuit has been vigorously litigated by her (and by Morgan Stanley) simply does not supply a basis on which to excuse her failure to timely request to opt-out. Moreover, both the Preliminary Approval Order and the Final Approval Order issued by this Court contain language that unequivocally enjoins sex discrimination claims in existing lawsuits, like Grubman's, that are encompassed within the scope of the class sex discrimination claims settled in this action, without regard to how extensively those claims had been litigated when the Orders were issued. In relevant part, this Court's Preliminary Approval Order states:

> Effective as of September 10, 2007, the Court further enjoins any member of the Settlement Class who has not made an irrevocable election to exclude herself from the monetary relief provisions of the Settlement Class from commencing, prosecuting or maintaining, either directly, representatively or in any other capacity, any claim that is subsumed within the Settlement Agreement.

(Preliminary Approval Order, Dkt. No. 30, at ¶ 14.) Likewise, the Final Approval Order states:

> Each member of the Settlement Class except for those Class Members listed in Appendix A is permanently enjoined from commencing, prosecuting or maintaining, either directly, representatively or in any capacity, any claim that is subsumed within the Settlement Agreement including any and all sex discrimination claims against Morgan Stanley under federal, state and local laws, including claims related to sexual harassment and termination of employment, through June 30, 2007.

(Final Approval Order, Dkt. No. 43 at ¶ 13.) The plain language of these Orders thus requires that sex discrimination claims such as Grubman's are enjoined unless she made "an irrevocable election to exclude herself from the monetary relief provisions of the Settlement Class." Grubman was afforded the opportunity to make such an election, but did not. Her neglect in failing to do so should not now be excused.

### IV.    CONCLUSION

For the reasons stated above, Defendant Morgan Stanley & Co. Incorporated respectfully requests that Teresa Grubman's request to opt-out of the class settlement in this action be denied on the grounds that she has not established the excusable neglect required under such circumstances.

Dated: December 17, 2007                    Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　／s Grace E. Speights　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Grace E. Speights (D.C. Bar # 392091)
　　　　　　　　　　　　　　　　　　　　　　　Mark S. Dichter, *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　　　　Kenneth J. Turnbull, *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　　　　Morgan, Lewis & Bockius LLP
　　　　　　　　　　　　　　　　　　　　　　　1111 Pennsylvania Ave., N.W.
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　　　　　202.739.3000

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Morgan Stanley &*
　　　　　　　　　　　　　　　　　　　　　　　*Co. Incorporated f/k/a Morgan Stanley DW Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2007, a true and correct copy of the foregoing Defendant's Response To Show Cause Order Regarding Class Member Teresa Grubman was filed electronically and was served via e-mail and First-Class U.S. mail upon the following:

Cyrus Mehri
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
Email: cmehri@findjustice.com

Steven M. Sprenger
SPRENGER & LANG, PLLC
1400 I Street, NW
Suite 500
Washington, DC 20005
Email: ssprenger@sprengerlang.com

Mara R. Thompson
SPRENGER & LANG, PLLC
310 Fourth Avenue, South
Suite 600
Minneapolis, MN 55415
Email: mthompson@sprengerlang.com

Christopher M. Moody
and Whitney Warner
MOODY & WARNER, P.C.
4169 Montgomery Boulevard, NE
Albuquerque, NM 87109
Email: moody@nmlaborlaw.com; warner@nmlaborlaw.com

Jeremy W. Parham
2400 Crestmoor Road
Nashville, TN 37215
Email: jparham@parhamlawoffice.com

                                                              __ s/ Richard W. Black _____
                                                              Richard W. Black

1-NY/2256776.9