**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |
| JOANNE AUGST-JOHNSON et al., ) | |
| ) | |
|     Plaintiffs, ) | Civil Action No. 06-1142 (RWR) |
| ) | |
|     v. ) | |
| ) | |
| MORGAN STANLEY & CO. INC., ) | |
| ) | |
|     Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

**MEMORANDUM ORDER**

Plaintiff class member Teresa Grubman has made a request, opposed by the defendant, to opt out late from the class.  The opt-out deadline was September 10, 2007.  By letter dated November 14, 2007, Grubman notified the parties of her desire to opt out.

The uncontroverted facts in the record establish that notice of the proposed class settlement and the opt-out deadline was not mailed to Grubman's correct address until September 14, 2007, after the opt-out deadline had passed, that Grubman did not receive the notice until September 24, 2007, that Grubman immediately attempted to contact class counsel, that by no later than mid-October Grubman asked class counsel's office about her options, and that she never received a response from class counsel to her inquiry.  She argues that two additional circumstances entitle her to opt out now.  She claims that she was mistaken in her understanding of her notification obligations

-2-

regarding remaining or opting out as a class member.  She also
faults defendants' counsel for not raising sooner than mid-
October her failure to opt out.

A district court has discretion under Federal Rules of Civil
Procedure 6(b) and 60(b) to modify its order to allow a late opt-
out from a class action.  In re Vitamins Antitrust Class Actions,
327 F.3d 1207, 1209-10 (D.C. Cir. 2003).  Specifically,
"Rule 60(b) provides that '[o]n motion and upon such terms as are
just, the court may relieve a party or a party's legal
representative from a final judgment, order, or proceeding for
the following reasons: (1) mistake, inadvertence, surprise, or
excusable neglect, ... or (6) any other reason justifying relief
from the operation of the judgment.'  Fed. R. Civ. P. 60(b)."
Id. at 1209.

Defendant insists that Grubman must show excusable neglect
to justify a late opt-out.  The authority from this circuit cited
by defendant, however, does not stand for the proposition that a
late opt-out may be allowed only upon a showing of excusable
neglect.  Rather, one of the cases cited notes specifically that
relief may be granted "upon such terms as are just" for "any
other reason justifying relief from the operation of the
judgment".  Id.  The other case cited merely affirmed the lower
court's application of the excusable neglect standard, but did
not hold that it was the only basis for granting a late opt-out

-3-

request.  See In re Nat'l Student Marketing Litig., 530 F.2d
1012, 1014 (D.C. Cir. 1976) (stating that "appellants were
properly required to establish excusable neglect sufficient to
outweigh the interest in the finality and repose of judicial
orders").  Moreover, the cases from this circuit cited by
defendant are distinguishable on the issue of late notice to the
plaintiff.  Late notice was not a feature of the matter in In re
Vitamins Litigation, 327 F.3d at 1209, and was not established in
In re National Student Marketing Litigation.  530 F.2d at 1014-
15.  By contrast, late notice is a key feature of this matter and
not a matter in dispute.  With no neglect at all by Grubman, any
opt-out by Grubman would have been untimely due to late delivery
of class notice to her.

     The traditional excusable neglect standard would appear
inappropriate here, although late delivery of class notice does
not wholly absolve plaintiff of any obligation of due diligence.
Her claim that she misunderstood the plain language of the notice
requiring written notice to opt out is unpersuasive, but in any
event would be insufficient alone to have excused a wholesale
failure to opt out in writing.  Nor can imposing upon defense
counsel some burden they do not rightly carry of raising quickly
Grubman's failure to opt out timely entitle her to the relief she
seeks.  Under the circumstances, waiting until November 14, 2007
to opt out in writing may be near the outer limits of the

-4-

reasonable diligence required of her.  Nonetheless, since any opt-out notice by Grubman would have been untimely here through no fault of hers, Grubman tried to contact class counsel immediately after she received the class notice, class counsel did not provide the advice she sought, there is no showing that Grubman acted in bad faith or with intent to delay for tactical reasons, and there is no showing that defendant is prejudiced by the tardiness of the opt-out in a case where over 99% of the class members appear to have received the class notice, the relief Grubman seeks is warranted.  See Fed. R. Civ. P. 60(b)(1) and (6); Vitamins, 327 F.3d at 1209-10; Butler v. Fairbanks Capital, Civil Action No. 04-367 (RMU), 2005 WL 5108537, *5 (D.D.C. Jan. 3, 2005).  Accordingly, it is hereby

ORDERED that Grubman's request to opt out of the class be, and hereby is, GRANTED.  Appendix A to the Final Order dated October 26, 2007 is amended to add the name of Teresa Grubman.

SIGNED this 2nd day of January, 2008.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge